ROBERT R. MOORE (BAR NO. 113818)
MICHAEL J. BETZ (BAR NO. 196228)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: mbetz@allenmatkins.com

Attorneys for Plaintiff
Crystal Lei

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Demas Yan, Debtor | Bankruptcy Court Case No: 04-33526 TEC<br>Adversary Case No: 10-3149 |
| | |
| Crystal Lei,<br><br>        Plaintiff,<br><br>   vs.<br><br>DEMAS YAN, an individual;<br><br>        Defendant. | **DECLARATION OF MICHAEL J. BETZ, ESQ. IN SUPPORT OF PLAINTIFF CRYSTAL LEI'S MOTION FOR AN INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>Date:     October 15, 2010<br>Time:    9:30 a.m.<br>Ctrm:   23<br>Judge:  Hon. Thomas E. Carlson<br><br>Complaint Filed:  August 27, 2010 |

I, Michael J. Betz, Esq., declare:

1. I am an attorney at law, duly licensed to practice before all the Courts of the State of California. I am a partner at the law firm of Allen Matkins Leck Gamble, Mallory & Natsis, attorneys of record for Plaintiff Crystal Lei in this action. If called as a witness, I could and would testify competently to the matters set forth in this declaration, except for those matters stated upon information and belief, and as for those matters, I believe them to be true.

2. On August 7, 2008, Cheuk Tin Yan, Defendant Demas Yan's ("Defendant") father, initiated an action against Ms. Lei and Tony Fu in the San Francisco County Superior Court and recorded a lis pendens on Ms. Lei's property located at 337 28th Avenue, San Francisco, California (the "Property"). I attach to this Declaration as **Exhibit A** a true and correct copy of the Complaint in that matter.

3. On March 5, 2010, the honorable Charlotte Woolard of the San Francisco County Superior Court granted Ms. Lei's motion to expunge the lis pendens Defendant's father recorded in case number 478364. I attach hereto as **Exhibit B** a true and correct copy of Judge Woolard's order expunging the lis pendens.

4. On June 21, 2010, and July 23, 2010, Defendant filed another lis pendens against the Property in case number 467500. I attach hereto as **Exhibit C** true and correct copies of those lis pendens.

5. On August 24, 2010, Judge Woolard once again granted Ms. Lei's motion to expunge Defendant's lis pendens and awarded her attorneys' fees and costs. I attach hereto as **Exhibit D** a true and correct copy of the proposed order Ms. Lei delivered to Judge Woolard, which order conforms to the Court's tentative ruling. As of the preparation of this Declaration, Judge Woolard has not yet signed Ms. Lei's proposed order.

6. I attach hereto as **Exhibit E** true and correct copies of excerpts from the deposition of Cheuk Tin Yan.

1      7. I attach hereto as **Exhibit F** a true and correct copy of Defendant's Cross-
2  Complaint against Ms. Lei's minor son.

3      8. I attach hereto as **Exhibit G** a true and correct copy of this Court's ruling in
4  Adversary Case Number 07-3082.

5     I declare under penalty of perjury under the laws of the United States of America that the
6  foregoing is true and correct.

7     Executed this 8th day of September, 2010, at San Francisco, California.

8

9                      /s/ Michael J. Betz
10                      MICHAEL J. BETZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Caelo T. Marroquin (SB#245936)
The Law Office of Caelo T. Marroquin
PO Box 638
Alameda, California 94501
Phone (510) 381-4169
Fax (866) 332-3403
ctmarroquin@yahoo.com

Attorney for Plaintiff
Cheuk TinYan

CASE MANAGEMENT CONFERENCE SET

FILED
Superior Court of California
County of San Francisco

AUG 7 - 2008

JAN 9  2009 - 9:00 GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

DEPARTMENT 212

SUMMONS ISSUED

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
### COUNTY OF SAN FRANCISCO
### UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| CHEUK TIN YAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LI MING LEI aka CRYSTAL LEI, an individual, DONG XING FU aka TONY FU, an individual, and DOEs 1 to 10 inclusive <br><br> Defendants | Case No.: <br><br> COMPLAINT FOR: CGC 08 - 478364 <br><br> 1) FRAUD <br> 2) QUIET TITLE <br> 3) CONVERSION <br> 4) UNJUST ENRICHMENT <br><br><br> DEMAND FOR JURY TRIAL |

Plaintiff alleges:

## GENERAL ALLEGATIONS

1. Plaintiff is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

Case: 10-03149    Doc# 10    Filed: 09/08/10    Entered: 09/08/10 11:02:50    Page 5 of 51

2. Plaintiff is informed and believes that Defendants LI MING LEI (hereinafter "Lei") and DONG XING FU (hereinafter "Fu") are over 18 years old, and at all times relevant times were residents of the City and County of San Francisco, California.

3. Defendants Doe 1 through Doe 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint.

4. Plaintiff is informed, and believes and alleges that at all relevant times, Defendants were agents, servants, and employees of the codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of the codefendants.

5. Venue is proper in this court because the events that gave rise to this action and the transactions at issue occurred within the City and County of San Francisco, California.

6. Plaintiff has known Defendant Fu personally since the 1990's. Defendant Fu learned that Plaintiff Cheuk T. Yan and his son Dennis Yan were involved in real estate development and investing and had experience in that field. Defendant Fu offered to assist Plaintiff Yan in the location of properties for purchase, renovation and resale.

7. Plaintiff believes and alleges that Fu was a licensed general building contractor from 1993 until 2001, when Fu's license was suspended.

8. Plaintiff believes and alleges that Defendants Fu and Lei worked together as a husband and wife team. Plaintiff believes and alleges that Defendant Lei assisted Defendant Fu with the administration and management of Fu's general contracting business.

9. Plaintiff believes and alleges that Defendants Fu and Lei obtained a divorce from one another in 2000. Plaintiff further believes and alleges that the divorce was a ploy used to shield both Defendants joint assets from Fu's many creditors.

10. Plaintiff believes and herein alleges that at the time of their divorce Defendants jointly owned several real properties in San Francisco. Just prior to filing their divorce, Fu quitclaimed or transferred title in said properties to Lei.

YAN vs. LEI et al. / COMPLAINT
-2

11. On October 18, 2000, Plaintiff's Son, Dennis Yan, entered into a contract with Fu whereby Fu agreed to develop a real property owned by Plaintiff, 663 Chenery Street in San Francisco (hereinafter "Chenery") into an apartment. A true and correct copy of the contract is attached as **Exhibit A**. Plaintiff, Cheuk T. Yan, funded this business venture between his son and the defendants, and Defendants had actual knowledge of this fact.

12. Around August 2001, Plaintiff and Li Ming Lei (hereinafter "Lei") entered into a Principal Agency relationship. Defendant Lei searched for real estate properties with development potential. Defendant Lei would make Plaintiff aware of such properties and suggest that Plaintiff Yan purchase them and in exchange, Plaintiff Yan would contract with Defendant Fu for the construction work on said properties.

### FIRST CAUSE OF ACTION
#### (Against Li Ming Lei & Dong Xing Fu)
#### (Fraud and Deceit)

13. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

14. From June 2001 to February 2002, Fu requested that Yan deposit money into a Bank of America checking account (hereinafter the "Checking Account") for renovation of the Chenery property. Fu induced Yan to deposit a total of $236,000 into the checking account for the express purpose of holding construction funds for Chenery. Defendant additionally induced Yan to execute a check in the amount of $1000 also for renovation and repair of Chenery. Plaintiff executed and drafted the checks for deposit into this business account.

15. Defendant promised that the funds would be used for renovation and repair of Chenery. Plaintiff relied on that promise.

Case: 10-03149   Doc# 10   Filed: 09/08/10   Entered: 09/08/10 11:02:50   Page 7 of 51

16. Defendant's promise was fraudulent because the Defendant had no intention of actually repairing and renovating Chenery.

17. Plaintiff alleges that Defendant Fu intended to withdraw the funds in the Checking Account, and further intended to cash the check for $1,000 for his own personal use.

18. Plaintiff, based upon Defendant's representation made deposits in the amount of $236,000 into the Checking Account. In addition Plaintiff executed a check for $1000 to Fu.

19. Defendant Fu in fact only used $64,000 of the total money deposited, for repair and renovation of Chenery.

20. As a result of Plaintiff's reliance upon Defendant's fraudulent promises, Plaintiff has been damaged in the amount of $173,000.

21. Defendant's actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

22. The fraud and deceit of the defendant as herein alleged was not discovered by the plaintiff until on or about December 2004, a date within three years before the commencement of this action and before the expiration of the statute of limitations for such action pursuant to Code Civ. Proc § 337.

## SECOND CAUSE OF ACTION

### (Against Li Ming Lei)

### (Quiet Title)

23. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

24. An action to Quiet Title is an action to establish one's title against adverse claims to real or personal property or any interest therein. Cal. Civ. Proc. Code §760.020(a).

Case: 10-03149   Doc# 10   Filed: 09/08/10   Entered: 09/08/10 11:02:50   Page 8 of 51

25. On or about January 15, 2002 Defendant Lei purchased property located at 337 28th Avenue in the City of San Francisco, Assessor's Parcel Number 1405-053. (hereinafter the "Property").

26. Lei obtained the funds to purchase the Property from Defendant Fu.

27. Defendant Fu obtained the funds from the "Chenery" Checking Account. The funds in that account were paid for by Plaintiff on the behalf of his son, Demas Yan, for the purpose of renovating and repairing the Chenery Property.

28. Accordingly, Plaintiff is the owner in fact or joint-owner of the Property because either all of the purchase money or a substantial portion of the purchase money came from Plaintiff.

29. Plaintiff is informed and believes and on such information and belief alleges that Defendant Lei fraudulently holds legal title to the Property and claims an interest adverse to plaintiff in the Property.

30. Plaintiff is seeking to quiet title against the claims of defendants because Lei purchased the Property using either all or a substantial portion of Plaintiff's money as a down payment on the Property.

### THIRD CAUSE OF ACTION

#### (Against Li Ming Lei & Dong Xing Fu)

#### (Conversion)

31. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

32. Conversion is any act of dominion wrongfully exerted over another's personal property. There must exist and actual interference with one's ownership or right to possession. *Fischer v. Machado*, 50 Cal.App.4th 1069 (1996).

33. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or

Case: 10-03149   Doc# 10   Filed: 09/08/10   Entered: 09/08/10 11:02:50   Page 9 of 51

disposition of the property rights; and (3) damages resulting from the conversion. Conversion is a strict liability tort. *Burlesci v. Petersen*, 68 Cal.App.4th 1062 (1998).

34. From June 2001 to February 2002, Fu induced Dennis Yan and subsequently Cheuk T. Yan, to deposit a total of $236,000 into the Checking Account.

35. Plaintiff is, and at all times relevant herein was, the owner of, or entitled to immediately possess the following items of property:

    1. Cash in the amount of $236,000; and

    2. Check in the amount of $1,000.

36. Defendants wrongfully interfered with Plaintiff's interests in the above described property by undertaking the following acts:

    1. Fu refused to return the balance of the unused money;

    2. On or about October 14, 2002, Fu purchased a Toyota Truck from money withdrawn from the Chenery checking account holding Plaintiff's money.

    3. In or around January 2002, Defendant Lei purchased 337 28th Avenue in San Francisco California using money provided to her by Defendant Fu, who in turn withdrew the purchase money for said property from the Chenery Checking Account.

37. While Defendant Fu originally came into possession of the converted property legally, he then improperly retained it despite the demand by Plaintiff's son for return of the property.

38. Defendant retained the $173,000 for his own personal use.

39. As a result of Defendant's acts of conversion, Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory damages. Alternatively, Plaintiff is entitled to damages and repossession of the converted property and will seek its election of remedies at trial.

Case: 10-03149   Doc# 10   Filed: 09/08/10   Entered: 09/08/10 11:02:50   Page 10 of 51

## FOURTH CAUSE OF ACTION

### (Against Li Ming Lei & Dong Xing Fu)

### (Unjust Enrichment)

40. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

41. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. *California Federal Bank v. Matreyek*, 8 Cal. App. 4th 125 (1992).

42. The elements of unjust enrichment include; receipt of a benefit and unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723 (2000).

43. In committing the acts herein alleged, the Defendants have acted with oppression, fraud, malice, and have been unjustly enriched by their behavior. Plaintiff funded a bank account with $236,000 to be used for the renovation of a property in San Francisco. Defendant Fu obtained that money and put it to his personal use and advantage at the expense of Plaintiff Cheuk T. Yan and Dennis Yan.

44. Plaintiff is further entitled to the imposition of a constructive trust on any and all property which can be traced to the funds in the Chenery Property Bank Account.

45. Finally, Co-defendants conspired with one another to convert the above-listed property, so that the activities of one are attributable to all.

46. Accordingly, Defendants should be found to have been unjustly enriched by their actions and forced to disgorge the fruits of their wrong.

WHEREFORE, plaintiff prays judgment against defendants as follows:

YAN vs. LEI et al. / COMPLAINT
- 7 -

47. For a judgment that plaintiff is the owner or joint-owner in fee-simple of 337 28th Avenue in San Francisco California and that defendants have no interest in the property adverse to the plaintiff.

45. For the funds converted in the amount of $173,000;

46. For interest at the legal rate pursuant to §3336 of the Civil Code, from the dates of conversion;

47. For an order declaring that defendants hold the Toyota truck described above in trust for plaintiff;

48. For an order declaring plaintiff the owner of the Toyota truck, subject to any existing encumbrances thereon;

49. For an order compelling defendant to convey the Toyota Truck to plaintiff;

50. For an order declaring that defendants hold the real Property described above in trust for plaintiff;

51. For an order declaring plaintiff the owner of the real Property, subject to any existing encumbrances thereon;

52. For an order compelling defendant to convey the real Property to plaintiff;

53. For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct;

54. For costs of suit herein incurred; and

55. For such other and further relief as the court deems proper.

Date: _____

Caelo T. Marroquin
Attorney for Plaintiff Chouk Tin Yan

## VERIFICATION

I, Cheuk TinYan, declare:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 21, 2008

By: _____
CHEUK TIN YAN

# EXHIBIT B

ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
MICHAEL J. BETZ (BAR NO. 196228)
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: mbetz@allenmatkins.com

Attorneys for Defendants
Defendants Tony Fu and Crystal Lei

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CHEUK TIN YAN, an individual, | Case No. CGC-08-478364 |
| Plaintiff, | Date: January 26, 2010 |
| vs. | Time: 9:30 a.m. |
| | Dept: 302 |
| CRYSTAL LEI, an individual; TONY FU, an individual, | Judge: Hon. Charlotte Woolard |
| Defendants. | [PROPOSED] ORDER GRANTING MS. LEI'S MOTION TO EXPUNGE LIS PENDENS |
| | Complaint Filed: August 7, 2008 |
| | Trial Date: None |

**BY FAX**

FEB
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

776175.01/SF

Case No. CGC-08-478364
[PROPOSED] ORDER

On January 26, 2010, at 9:30 a.m. Defendant Crystal Lei's motion to expunge the Lis Pendens Plaintiff Cheuk Tin Yan ("Plaintiff") recorded on her property located at 337 28th Avenue, San Francisco, California was heard in Department 302 of the San Francisco County Superior Court.

After full consideration of the moving papers and oral arguments of counsel,

IT IS HEREBY ORDERED THAT:

1. Defendant Crystal Lei's motion to expunge the lis pendens is GRANTED. Plaintiff has failed to demonstrate the "probable validity" of his claim.

2. Defendant Crystal Lei's request for attorneys' fees and costs is DENIED because Plaintiff had substantial justification for recording the lis pendens.

Dated: ~~January 26, 2010~~
MAR 0 5 2010

_____
CHARLOTTE WOOLARD
JUDGE OF THE SUPERIOR COURT

Approved as to form:

By: _____        Dated: _____
Demas Yan
Attorney for Plaintiff

SEE EXHIBIT "A" RE
COMPLIANCE WITH CRC 3.1312

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

776175

[PROPOSED] ORDER


# Allen Matkins

**Allen Matkins Leck Gamble Mallory & Natsis LLP**
Attorneys at Law
Three Embarcadero Center, 12th Floor | San Francisco, CA 94111-4074
Telephone: 415.837.1515 | Facsimile: 415.837.1516
www.allenmatkins.com

E-mail: bhawkins@allenmatkins.com
Direct Dial: 415.273.7453   File Number: 120713-00020/SF739834.01

<u>**Via Messenger**</u>



February 3, 2010

The Honorable Charlotte Woolard
San Francisco County Superior Court
Department 302
400 McAllister Street
San Francisco, CA 94102

**Re:**   **Cheuk Tin Yan v. Lei, et al. Case No. CGC-08-478364**

**Demas Yan v. Lei, et al. Case No. CGC-07-467500**

Dear Judge Woolard:

    I enclose Defendants Crystal Lei and Tony Fu's proposed Orders concerning this Court's January 26, 2010, rulings on their respective demurrers, anti-SLAPP motions, and motion to expunge.  On January 28, 2010, I submitted these proposed Orders to Plaintiff pursuant to California Rules of Court rule 3.1312.  Plaintiff, however, has failed to submit any comments concerning the proposed Orders.  As such, pursuant to Rule 3.1312, Plaintiff has accepted the proposed Orders.

    I respectfully request that the Court sign the proposed Orders and send them back to me in the enclosed self-addressed envelope.

    Thank you for your attention to this matter.

Very truly yours,   **BY FAX**

Bryan L. Hawkins

Enclosures
cc: Demas Yan (via fax only)

**EXHIBIT "A"**

Los Angeles | Orange County | San Diego | Century City | San Francisco | Del Mar Heights | Walnut Creek

# EXHIBIT C

Recording requested by:
SHANNON DEAN, ESQ.

When recorded mail to:

Dennis Yan
595 Market Street, Suite 1350
San Francisco, CA 94105



San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC- 2010-I985823-00
Tuesday, JUN 22, 2010 08:01:12
Ttl Pd $23.00          Rcpt # 0003923681
REEL K169  IMAGE 0169
                        okc/KC/1-6

6 ab

# NOTICE OF PENDENCY OF ACTION

(SEPARATE PAGE PURSUANT TO GOV'T CODE 27361.6



F I L E D
Superior Court of California
County of San Francisco

JUN 21 2010

CLERK OF THE COURT
BY: _____
Deputy Clerk

Law Office of Shannon P Dean
Shannon P Dean (SBN 269515)
132 Mill St Ste 207
Healdsburg, CA 95448
Phone (707) 536-5939
Attorney for PLAINTIFF

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**
**UNLIMITED CIVIL JURISDICTION**

| | |
|---|---|
| DEMAS YAN, an individual, | Case No.: CGC-08-467500 |
| Plaintiff, | NOTICE OF PENDENCY OF ACTION AFFECTING TITLE TO REAL PROPERTY |
| v. | |
| LI MING LEI aka CRYSTAL LEI, an individual, DONG XING FU aka TONY FU, an individual, and DOES 1 to 10 inclusive, | [LIS PENDENS] |
| Defendants. | |



NOTICE IS GIVEN that the above-captioned action was commenced in the above-captioned court by DEMAS YAN, plaintiff, against LI MING LEI aka CRYSTAL LEI, an individual, DONG XING FU aka TONY FU, an individual, defendants; the action is now pending in the above court.

The above-captioned action alleges a real property claim affecting certain real property that is situated in SAN FRANCISCO County, California, and that is described as follows:

337 28TH Avenue, San Francisco, CA 94121

Assessor's Identification Number: 1405-053

THE ANNEXED INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE.
ATTEST: CERTIFIED

JUN 21 2010

CLERK OF THE COURT
BY: _____

See Exhibit ONE attached hereto setting forth the legal description.

Date: June 18, 2010

_____

SHANNON DEAN, ESQ.

Attorney for PLAINTIFF



DEMAS YAN

PLAINTIFF

Case: 10-03149    Doc# 10    Filed: 09/08/10    Entered: 09/08/10 11:02:50    Page 21 of 51

# CALIFORNIA JURAT WITH AFFIANT STATEMENT



☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_Dennis Yan_
Signature of Document Signer No. 1

_____
Signature of Document Signer No. 2 (if any)

State of California

County of __CONTRA COSTA__

Subscribed and sworn to (or affirmed) before me on this
__21__ day of __JUNE__, 20 __10__, by
Date        Month              Year

(1)____Dennis Yan____
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (.)

(and

(2)_____
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
Signature of Notary Public

Place Notary Seal Above

--- **OPTIONAL** ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT OF SIGNER #2
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402• www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

# PROOF OF SERVICE

I declare that I am a resident of the State of California, over the age of 18 years, and not a party to this action. My address is 595 Market Street, Suite 1350, San Francisco, California 94105.

On this date, I served the following document(s):

**Case No.: CGC-08-467500**
NOTICE OF PENDANCY OF ACTION
AFFECTING TITLE TO REAL PROPERTY
[LIS PENDENS]

on the following parties by <u>certified mail with return receipt</u>:

MOORE, ROBERT RORY
THREE EMBARCADERO CENTER
12TH FLOOR
SAN FRANCISCO, CA 94111

LI MING LEI
337 28TH Avenue
San Francisco, CA 94121

TONY FU
5813 Geary Blvd., PMB 188
San Francisco, CA 94121

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June  18 , 2010

Jennifer Soto

DESCRIPTION:

COMMENCING AT A POINT ON THE WESTERLY LINE OF 28TH AVENUE
DISTANT THEREON TWO HUNDRED TWENTY FIVE (225) FEET SOUTHERLY
FROM THE SOUTHERLY LINE OF CALIFORNIA STREET; RUNNING THENCE
SOUTHERLY AND ALONG SAID LINE OF 28TH AVENUE FIFTY (50) FEET;
THENCE AT A RIGHT ANGLE WESTERLY ONE HUNDRED TWENTY (120)
FEET; THENCE AT A RIGHT ANGLE NORTHERLY FIFTY (50) FEET; THENCE
AT A RIGHT ANGLE EASTERLY ONE HUNDRED TWENTY (120) FEET TO THE
POINT OF COMMENCEMENT.



EXHIBIT ONE

Recording requested by:
SHANNON DEAN, ESQ.

When recorded mail to:

Dennis Yan
595 Market Street, Suite 1350
San Francisco, CA 94105

San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC- 2010-J003275-00
Friday, JUL 23, 2010 13:09:02
Ttl Pd $23.00        Rcpt # 0003943691
REEL K192 IMAGE 0365
                              ota/ER/1-6

# NOTICE OF PENDENCY OF ACTION

## (SEPARATE PAGE PURSUANT TO GOV'T CODE 27361.6

FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2010 JUL 23 PM 12: 54

CLERK OF THE COURT
BY: _____
DEPUTY CLERK
M.A. MORAN

1  Law Office of Shannon P Dean
   Shannon P Dean (SBN 269515)
2  132 Mill St Ste 207
   Healdsburg, CA 95448
3  Phone (707) 536-5039
   Attorney for PLAINTIFF
4

5          SUPERIOR COURT OF CALIFORNIA
           COUNTY OF ALAMEDA SAN FRANCISCO
6          UNLIMITED CIVIL JURISDICTION

7  DEMAS YAN, an individual,              Case No.: CGC-08-467500

8       Plaintiff,                        AMENDED NOTICE OF PENDANCY OF
                                          ACTION AFFECTING TITLE TO REAL
9            v.                           PROPERTY

10  LI MING LEI aka CRYSTAL LEI, an       [LIS PENDENS]
    individual, DONG XING FU aka TONY
11  FU, an individual, and DOES 1 to 10
    inclusive,
12       Defendants.
13

14

15  **NOTICE IS GIVEN** that the above-captioned action was commenced in the above-

16  captioned court by DEMAS YAN, plaintiff, against LI MING LEI aka CRYSTAL LEI, an

17  individual, DONG XING FU aka TONY FU, an individual, defendants; the action is now

18  pending in the above court.

19

20

21

22

23  The above-captioned action alleges a real property claim affecting certain real property that is

24  situated in SAN FRANCISCO County, California, and that is described as follows:

25

26

27  337 28th Avenue, San Francisco, CA 94121

28  Assessor's Identification Number: 1405-053

THE ANNEXED INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
ON FILE IN MY OFFICE
ATTEST CERTIFIED

JUL 2 3 2010

CLERK OF THE COURT
Superior Court of California, County of San Francisco
_____
DEPUTY CLERK
M.A. MORAN

                    LIS PENDENS - 1

CLERK OF THE COURT

See Exhibit ONE attached hereto setting forth the legal description.

Date: July 13, 2010

SHANNON DEAN, ESQ.

Attorney for PLAINTIFF

DEMAS YAN

PLAINTIFF



Case: 10-03149    Doc# 10    Filed: 09/08/10    Entered: 09/08/10 11:02:50    Page 27 of 51

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of CONTRA COSTA }

On 7/10/10 ____ before me, G JOANS
        Date                              Here Insert Name and Title of the Officer

personally appeared DOUAS YAN
                                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                        Signature of Notary Public

Place Notary Seal Above

──────────── **OPTIONAL** ────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

**DESCRIPTION:**

COMMENCING AT A POINT ON THE WESTERLY LINE OF 28TH AVENUE DISTANT THEREON TWO HUNDRED TWENTY FIVE (225) FEET SOUTHERLY FROM THE SOUTHERLY LINE OF CALIFORNIA STREET, RUNNING THENCE SOUTHERLY AND ALONG SAID LINE OF 28TH AVENUE FIFTY (50) FEET, THENCE AT A RIGHT ANGLE WESTERLY ONE HUNDRED TWENTY (120) FEET; THENCE AT A RIGHT ANGLE NORTHERLY FIFTY (50) FEET, THENCE AT A RIGHT ANGLE EASTERLY ONE HUNDRED TWENTY (120) FEET TO THE POINT OF COMMENCEMENT.



EXHIBIT ONE

# EXHIBIT D

ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
MICHAEL J. BETZ (BAR NO. 196228)
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: mbetz@allenmatkins.com

Attorneys for Defendant
Defendant Crystal Lei

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

DEMAS YAN, an individual,

        Plaintiff,

    vs.

CRYSTAL LEI, an individual; TONY FU, an
individual,

        Defendants.

Case No. CGC-08-467500

Date: August 25, 2010
Time: 9:30 a.m.
Dept: 302
Judge: Hon. Charlotte Woolard

**[PROPOSED] ORDER GRANTING DEFENDANT
CRYSTAL LEI'S MOTION TO EXPUNGE
PLAINTIFF DENNIS YAN'S LIS PENDENS**

Complaint Filed: September 24,
Trial Date: None

Case 10-03149    Doc# 10    Filed: 09/08/10    Entered: 09/08/10 11:02:50    Page 31 of 51

On August 24, 2010, at 9:30 a.m. Defendant Crystal Lei's motion to expunge the Lis Pendens Plaintiff Demas Yan ("Plaintiff") recorded on her property located at 337 28th Avenue, San Francisco, California was heard in Department 302 of the San Francisco County Superior Court.

After full consideration of the evidence, the written briefs of counsel and oral argument, the Court hereby finds as follows:

1. Defendant Crystal Lei's motion to expunge Plaintiff's lis pendens and request to file a motion to recover her attorney's fees and costs from Plaintiff pursuant to California Code of Civil Procedure section 405.38 is granted. Plaintiff failed to comply with the timing provisions of Section 405.22. The complaint does not plead a real property claim. The body of the U.F.T.A. cause of action alleges fraudulent transfer of moneys, causes of actions, and contracts. Plaintiff fails to show the probable validity of the cause of action. Defendant to recover $1,200 as reasonable fees from Plaintiff.

2. The Notice of Pending Action (the "lis pendens") recorded on June 21, 2010, in the Official Records of the County of San Francisco, State of California, as Document No. 2010-I985823-00, by Plaintiff against title to that certain real property located at 337 28th Avenue, San Francisco, California, 94121, APN 1405-053, and the Amended Notice of Pending Action recorded on July 23, 2010, in the Official Records of the County of San Francisco, State of California, as Document No. 2010-J003275-00, by Plaintiff against title to that certain real property located at 337 28th Avenue, San Francisco, California, 94121, APN 1405-053, shall be and are hereby EXPUNGED, and no undertaking is required.

**IT IS SO ORDERED.**

Dated: September _____, 2010

_____
CHARLOTTE WOOLARD
JUDGE OF THE SUPERIOR COURT

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

Case No. CGC-08-467500
[PROPOSED] ORDER

Case 10-03149    Doc# 10    Filed: 09/08/10    Entered: 09/08/10 11:02:50    Page 32 of 51

1

2  Approved as to form:

3  By: _____

4  Demas Yan
   Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: _____

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-2-

Case No. CGC-08-467500
[PROPOSED] ORDER

Case 10-03149    Doc# 10    Filed: 09/08/10    Entered: 09/08/10 11:02:50    Page 33 of 51

# EXHIBIT E

1  ROUGH TEXT/NOT OFFICIAL REPORTER'S CERTIFIED TRANSCRIPT

2    NOT TO BE USED AS OFFICIAL TRANSCRIPT/ROUGH ONLY.

3

4                    ---oOo---

5    DOROTHY WONG, CERTIFIED COURT INTERPRETER IN THE

6  CANTONESE LANGUAGE, WAS DULY SWORN BY THE CERTIFIED

7  SHORTHAND REPORTER TO TRANSLATE THESE PROCEEDINGS IN

8  THE CANTONESE LANGUAGE FOR THE WITNESS HEREIN LISTED

9                    BELOW.

10

11

12           CHEUK TIN YAN,

13  called as a witness herein, being first duly sworn by

14  the Certified Shorthand Reporter through the

15  Cantonese interpreter, to tell the truth, the whole

16  truth, and nothing but the truth, testified as

17  follows:

18  EXAMINATION BY MR. BETZ:

19           MR. BETZ:  Q.  Good afternoon.

20       A.    Good morning.

21       Q.    Please state and spell your name for the

22  record.

23       A.    Cheuk Tin Yan, C-h-e-u-k, Y-a-n.

24       Q.    What is your home address?

25       A.    1-4-3-3, 1433 - 7th Avenue.

                                              1

1       Q.    Do you have a business address?

2       A.    No.

3       Q.    Have you ever had your deposition taken

4  before?

5       A.    No.

6       Q.    I'm going to explain some of the rules.

                    Page 1

17    A.    Well, you know, I know they are building

18  that, you know, I don't quite know the English, but I

19  knew at that time, when I write down the check, they

20  are building that place.

21    Q.    Do you know that the Chenery Street

22  property was sold through the Bankruptcy Court?

23    A.    That, I don't know.

24    Q.    Do you know if the Chenery Street property

25  has even been sold?

                                                    21

1    A.    Don't know.

2    Q.    Are you suing Crystal Lei?

3    A.    No.

4    Q.    Do you have any claim against Crystal Lei?

5        MR. YAN:  Objection.  Objection.  It calls

6  for a legal conclusion.  Also, this question cannot be

7  answered by someone who is not an attorney.  It calls

8  for a legal conclusion.

9        MR. BETZ:  Q.  Go ahead.

10    A.    Even though the name you mentioned, I

11  don't know this name.

12    Q.    The young lady behind me is Crystal Lei.

13  Have you ever seen her before (indicating)?

14    A.    No.  No, I only saw her when she is here.

15    Q.    Yesterday.

16    A.    Yesterday and today.

17    Q.    Did you ever lend her any money?

18    A.    No.

19    Q.    Does she owe you any money?

20    A.    No.  I don't know -- even know her.  Why

21  would she owe me money?  Why you have to ask this sort

                      Page 18

22  of a question?  You are wasting a lot of time.  I

23  needed to have a break.  I need to rest.  [Laughing]

24       Q.    Sure.  Okay.  Would you --

25             Hold on.  Would you like me to tell you

                                                    22

1  why I asked that question?

2       A.    (No audible response).

3       Q.    Do you know that you have sued Crystal

4  Lei?

5       A.    My son is the one who did it.

6             MR. BETZ:  Okay.  Okay.  We'll take a

7  ten-minute break.

8         (Brief recess taken.)

9             MR. BETZ:  Q.  Sir, do you know if Tony Fu

10  and Crystal Lei are married?

11       A.    I only know Tony was married, but I don't

12  know his wife.

13       Q.    Do you know if Tony ever got divorced?

14       A.    I don't know.

15       Q.    Do you know if Crystal Lei is married?

16       A.    Is it now they are married?  So I don't

17  even know what you guys are talking about.  (Laughing).

18             Well, they both are married now?  Well,

19  you know . . .

20       Q.    Do you know if they are married?

21       A.    I don't know whether they are married or

22  when they marry, I don't even know.

23       Q.    Do you know if they ever got divorced?

24             MR. YAN:  Objection.  Asked and answered.

25             THE WITNESS:  Basically, I don't even

                                                    23

1  know.

                    Page 19

# EXHIBIT F

DEMAS YAN (SBN 257854)
595 Market Street, Suite 1350
San Francisco, California 94105
Phone (415) 867-5797
Fax (415) 901-0650

Defendant and Cross-Complainant in Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| Tony Fu, an individual, | Case No.: CGC 10-501321 |
|    Plaintiff, | **CROSS-COMPLAINT** |
| vs. | **1. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
|  Demas Yan, an individual, and Yan Law Office, and Does 1 to 10, | **2. BREACH OF FIDUCIARY DUTY** |
|    Defendant(s). | **3. FRAUDULENT TRANSFER** |
| DEMAS YAN, *an individual, and Yan Law office* | |
|    Cross-Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | |
| TONY FU aka DONG XING FU, CRYSTAL LEI aka LI MING LEI, STELLA HONG CHEN aka HONG XING FU aka HONG XING CHEN , BRYANT FU, WEI SUEN, and ROES 1-20, | |
|    Cross-Defendants. | |

ALLEGATIONS

1. Plaintiff is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

2. Plaintiff is informed and believes that Defendants are over 18 years old; defendants are and at all times mentioned herein were, residents of the City and County of San Francisco, California.

3. Defendants ROE 1 through ROE 20 are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants were agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of their codefendants.

5. Defendants conspired with one another to defraud, defame, and injure Plaintiff, thereby breaching their respective and collective fiduciary duty to Plaintiff, so that the activities of one are attributable to all.

6. Venue is proper in this court as the events that gave rise to this action and the substance of the transactions at issue occurred within the City and County of San Francisco, California.

FIRST CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against TONY FU, CRYSTAL LEI, STELLA CHEN and ROES 1 - 10)

7. Plaintiff incorporates by reference each and every paragraph above herein.

8. Around the period from 2000 up to July 2010, defendants TONY FU ("FU"), CRYSTAL LEI ("LEI"), STELLA CHEN ("CHEN") and their agents knowingly and willfully conspired and agreed among themselves to committed a series of wrongs against YAN in order to inflict extreme emotional distress in YAN, including misrepresentation and fraud; fraudulently inducing YAN to give FU or his agents trust deeds and promissory notes and wrongfully instigating foreclosure actions on those deeds; withholding and concealing business information including account information; extortion and blackmail; defrauding plaintiff in the projects that they jointly developed; taking delivery of construction material

Cross complaint - 2

for use without paying and then falsely accusing plaintiff of the wrongful act that was actually committed by defendants themselves; causing plaintiff's bankruptcy and taking wrongful actions to keep plaintiff in bankruptcy; making false accusations, and other despicable and dishonest acts.

9. Defendants' conducts were coordinated and planned, designed to inflict extreme emotional distress over an extended period of time from around 2000 to July 2010. Defendants' conducts were malicious and intentional and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conducts were done with wanton and reckless disregard of the consequences to plaintiff.

10. As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all to plaintiff's damage.

11. The acts of defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

12. Defendants conspired with one another to defraud, defame, and injure Plaintiff, thereby breaching their respective and collective fiduciary duty to Plaintiff, so that the activities of one are attributable to all.

SECOND CAUSE OF ACTION

BREACH OF FIDUCIARY DUTY

(Against TONY FU, CRYSTAL LEI, STELLA CHEN, and ROES 1 - 10)

13. Plaintiff incorporates by reference each and every paragraph above herein.

14. Starting around 1997, plaintiff and defendant FU agreed orally to form a joint venture to develop real properties. The agreement was to jointly look for projects and develop real property for resale and profit. For each project so identified, plaintiff was to buy the real property and Fu was to be the construction contractor and sharing in the profits after sale.

15. Defendant FU and LEI work as a husband and wife team, and both actively participated in the joint venture together with Plaintiff.

Cross complaint - 3

16. Subsequently, plaintiff and Fu developed several real estate projects were plaintiff purchased the properties and financed the development of those real properties with Fu acting as the general construction contractor. These projects included one properties known as 663 Chenery Street in San Francisco ("CHENERY PROJECT").

17. Also approximately during the same period and in connection with the development of real estate projects, plaintiff and defendant Fu formed a California corporation for the purpose of holding funds designated for real estate projects. Plaintiff and Fu were both shareholders and officers of the corporation.

18. Defendants owe plaintiff duties of fair dealing, loyalty, and fiduciary duty because of their business and confidential relationships.

19. From 2004 to 2007, defendants knowingly and willfully conspired and agreed among themselves to committed a multitude of wrongs against plaintiff, in breach of their respective and collective fiduciary duty to plaintiff, including defrauding plaintiff in the projects that they jointly developed; embezzle funds and converted funds to defendants' private use for payment of their personal credit cards, purchase of jewelry, purchase of new automobile, and purchase of real property know as 337 28th Avenue in San Francisco which is held under LEI's name; using the company account without authority to ordered and take delivery of construction material for use on defendants' personal real property which was held under Lei's name; taking delivery of construction material for use on their personal property without paying and then falsely accusing plaintiff of the wrongful act that was actually committed by defendants themselves; defrauded plaintiff into giving defendants and their agents trust deeds and promissory notes; altering and forging documents; withholding and concealing business information from plaintiff; inducing their agents or innocent third parties to sue plaintiff; and other despicable and dishonest acts.

20. From approximately 2002 to July 2010, defendants acted in concert to deprive Plaintiff of his just share of the proceeds and profits from the CHENERY project, by fraudulently inducing plaintiff to sign deeds of trust, forging documents, improperly instigating non-judicial foreclosure proceedings, forcing plaintiff into bankruptcy, and committing on-going acts to prevent plaintiff's access to the funds from the sale of the CHENERY project held in bankruptcy estate.

Cross complaint - 4

21. Defendants did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement. Defendants furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted the acts of defendant Fu.

22. As a proximate result of the wrongful acts herein alleged, plaintiff has been generally damaged.

23. As a direct result of defendants' fraudulent and malicious actions, defendants unjustly profited at plaintiff's expense. Defendants' breach of fiduciary duties are direct and proximate causes of damages to plaintiff, including direct, consequential, and incidental pecuniary damages, loss of earnings, loss of prospective economic advantages, loss of reputation, loss of personal credit, and emotional distress and suffering.

24. Defendants' actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

## FRAUDULENT TRANSFER

### (Against ALL DEFENDANTS)

25. Around the year 2000, FU and FU's wife LEI obtained a divorce from one another as a ploy to shield both their joint assets from FU's creditors, including a judgment of approximately $80,000 that is still unpaid stemming from a lawsuit in 2000. At the time of their divorce FU and LEI owned several real properties in San Francisco and that just prior to filing their divorce, FU quitclaimed or transferred title in said properties to LEI. Among these properties are so transferred are properties known as 323 21ST AVENUE and 567 23RD AVENUE.

26. After their shame divorce, FU and LEI continued to live together and FU bought additional real properties in San Francisco. One such property is a property known as 337 28th Avenue in San Francisco ("PROPERTY"). FU transferred said PROPERTY to LEI, and FU made this transfer with the actual intent to hinder, delay, and/or defraud all of defendant's creditors in the collection of their claims.

26.    FU fraudulently transferred assigned or allowed the other Defendants to take title to or possession of his moneys, causes of actions, contracts, agreements, and other properties while at all times FU maintained control and dominion over said properties.

27.    Plaintiff is informed and believes and thereon alleges that above mentioned transfers are done without receiving reasonably equivalent value in exchange and with actual intent to hinder, delay, or defraud all of FU's then and future creditors, including plaintiff in the collection of his claims.

28.    Plaintiff is informed and believes and thereon alleges that the above-described fraudulent transfers were received by Defendants with knowledge that FU intended to defraud, hinder, or delay the collection of claims of all the then and future creditors of FU.

WHEREFORE, plaintiff prays judgment against Defendants, and each of them, as follows:

1.    For general damages in the amount of $5,000,000 or according to proof;

2.    For special damages in the sum of $2,000,000 or according to proof;

3.    For an order voiding the transfer to defendant LEI of the PROPERTY known as 337 28th Avenue in San Francisco to the extent necessary to satisfy damages awarded to Plaintiff;

4.    For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct;

5.    For costs of suit herein incurred; and

6.    For such other and further relief as the court may deem proper.

Dated: August 5, 2010
By: original signed
Demas Yan,
Defendant and Cross-Complainant in Pro Per

Cross complaint - 6

1

2

3  I declare that I am a resident of the State of California, over the age of 18 years, and not a party
4  to this action.  My business address is 595 Market Street, Suite 1350, San Francisco, California
   94105

5

6  On this date, I served the following document(s):

7  **CROSS-COMPLAINT**

8
   on the following parties by USPS first class mail:
9

10
   FU, TONY
11 5813 GEARY BLVD, PMB 188
   SAN FRANCISCO, CA 94121
12

13
   I declare under penalty of perjury under the laws of the State of California that the foregoing is
14 true and correct.

15

16
   Dated:  August 9, 2010
17
   By: original signed
18
   Raj Qureshi
19

20

21

22

23

24

25

26

27

28

# EXHIBIT G

**Entered on Docket**
**January 09, 2008**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: January 08, 2008**

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 04-33526 TEC 7 |
| DEMAS WAI YAN, aka DENNIS YAN, | ) Chapter 7 |
| Debtor. | ) |
| DEMAS WAI YAN, aka DENNIS YAN, | ) Adv. Proc. No. 07-3082 TC |
| Plaintiff, | ) |
| vs. | ) Date: November 2, 2007 |
| LI MING LEI, aka CRYSTAL LEI, and DONG XING FU, aka TONY FU, | ) Time: 9:30 a.m. |
| | ) Ctrm: Hon. Thomas E. Carlson |
| | ) 235 Pine Street |
| | ) San Francisco, CA |
| Defendants. | ) |

### MEMORANDUM RE TONY FU'S MOTION FOR SUMMARY JUDGMENT

On November 2, 2007, the court held a hearing on Defendant Tony Fu's Motion for Summary Judgment. Joanne Lafreniere appeared for the chapter 7 trustee. Demas Wai Yan appeared *in pro per*. Tony Fu also appeared *in pro per*. Bartholomew Lee appeared for Crystal Lei.

MEMO RE TONY FU'S
MTN FOR SUMM. JUDG.                    -1-

1  Because the claims asserted by Yan against Fu in the above-
2  captioned adversary proceeding are barred by the doctrine of claim
3  preclusion, it is not necessary to address the merits of Fu's
4  motion.  The court will enter an order dismissing the adversary
5  proceeding with prejudice as to Fu.

6  **FACTS**

7      In early December 2005, this court concluded a trial in
8  consolidated adversary proceedings nos. 05-3236 and 05-3257
9  (collectively, the Prior Proceedings), in which Yan asserted claims
10 against Fu regarding Yan and Fu's joint venture to develop 663
11 Chenery St., San Francisco, California.  The assignee of Fu's
12 interest in the joint venture, Wei Suen, asserted claims against
13 Yan to recover proceeds from the joint venture.  Crystal Lei was
14 not a party to the Prior Proceedings.

15     On December 22, 2005, the court entered in the Prior
16 Proceedings its decision after trial and a judgment (Judgment).
17 The Judgment provides in part as follows:

18          (2) Demas Yan is entitled to a determination that he
            has no enforceable obligation to Tony Fu or Wei Suen.  He
19          is entitled to no further relief against Stella Chen,
            Tony Fu or Wei Suen.
20          (3) Wei Suen shall recover nothing on his complaint.
21 Judgment, at 2:9-11.

22     On July 2, 2007, Yan filed an action in San Francisco Superior
23 Court against Fu and Lei, entitled <u>Yan vs. Lei et al.</u>, Case No. 07-
24 464671 (State-Court Action).

25     In the State-Court Action, Yan asserts three claims arising
26 out of the Chenery Street joint venture.  Yan alleges that Fu
27 fraudulently induced him: (1) to deposit $236,000 in a checking
28 account for the purpose of developing 663 Chenery Street, and

MEMO RE TONY FU'S
MTN FOR SUMM. JUDG.                    -2-

1  (2) to execute a check in the amount of $1,000 for renovation and
2  repair of 663 Chenery Street (collectively the Funds).  Yan alleges
3  that Fu used $173,000 of the Funds for his personal use; that on
4  January 15, 2002, Lei used almost half of the Funds to purchase
5  real property; and, that on October 12, 2002, Fu purchased a Toyota
6  Truck with some of the Funds.

7       On July 26, 2007, the trustee removed the State-Court Action
8  to bankruptcy court.

9       On August 2, 2007, Fu filed a motion for summary judgment.

10      On September 27, 2007, this court filed a tentative ruling
11 stating that it was inclined not to resolve Fu's motion on the
12 merits, because it appeared that the claims asserted in the State-
13 Court Action were barred under the doctrine of claim preclusion.

14      At the hearing on Fu's motion for summary judgment, Yan argued
15 that the claims in the State-Court Action are not barred because he
16 was unaware of their existence at the time of trial in the Prior
17 Proceedings.

18 **DISCUSSION**

19      Yan lacked standing to file the State-Court Action, because
20 the claims asserted therein arose prepetition and can only be
21 asserted in Yan's bankruptcy case by the chapter 7 trustee.  11
22 U.S.C. § 323; Estate of Spirtos v. One San Bernardino County Sup.
23 Court Case No. SPR 02211, 443 F.3d 1172, 1175-76 (9th Cir. 2006).

24      Yan's claims against Fu are also barred by the doctrine of
25 claim preclusion, which bars the relitigation of claims arising out
26 of the same nucleus of operative facts as claims previously
27 litigated.  Restatement (Second) of Judgments § 24 cmt. b (1982).

28

MEMO RE TONY FU'S
MTN FOR SUMM. JUDG.                    -3-

That a number of different legal theories casting
liability on an actor may apply to a given episode does
not create multiple transactions and hence multiple
claims. This remains true although the several legal
theories depend on different shadings of the facts, or
would emphasize different elements of the facts, or would
call for different measures of liability or different
kinds of relief.

Id. cmt c; accord Kabes v. School Dist. of River Falls, 387 F.Supp.

2d 955, 967 (W.D. Wis. 2005). Because Yan's claims in the State-

Court Action arise out of the same nucleus of operative facts as

the claims resolved by the Judgment (i.e., the joint venture

between Yan and Fu to develop 663 Chenery Street), they are barred.

Id. Allowing Yan to bring a new lawsuit regarding 663 Chenery

Street every time he discovers additional causes of action would

undermine the finality of the Judgment. Id. The above-captioned

adversary proceeding should be dismissed with prejudice as to Fu.

Because Lei was not a party to the Prior Proceedings, the

trustee may assert the claims against Lei in the State-Court Action

as a set-off to Lei's proof of claim.

**\*\*END OF MEMORANDUM\*\***

-4-

<u>**Court Service List**</u>

Dong Xing Fu
aka Tony Fu
5813 Geary Boulevard
PMB 188
San Francisco, CA 94121

Li Ming Lei
aka Crystal Lei
337 28th Avenue
San Francisco, CA 94121

Demas Wai Yan
1433 7th Avenue
San Francisco, CA 94122

Joanne M. LaFreniere, Esq.
Law Offices of Stromshiem and Associates
201 California Street, Suite 350
San Francisco, CA 94111

Bartholomew Lee, Esq.
Spiegel Liao & Kagay, LLP
338 Market St., Ste 900
San Francisco, CA 94111