DEMAS YAN (SBN 257854)
595 Market Street, Suite 1350
San Francisco, California 94105
Phone (415) 867-5797
Fax (415) 901-0650

Debtor and Defendant in Pro Se

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>　　DEMAS YAN<br><br>　　　　Debtor.<br><br>CRYSTAL LEI, an individual<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEMAS YAN, aka Dennis Yan, an individual, Debtor's Bankruptcy Estate, and DOES 1-10 inclusive,<br><br>　　　　Defendants. | Case No. 04-33526 TEC<br><br>Adv. Pro. No. 10-3149 TEC<br><br>**DEFENDANT DEMAS YAN'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION DISMISS PLAINTIFF'S COMPLAINTS**<br><br>Date: October 29, 2010<br>Time: 9:30 am<br>Judge: Thomas Carlson<br>Place: 235 Pine Street, 23rd Fl.<br>　　　　San Francisco, CA |

AS TO THE FIRST CAUSE OF ACTION FOR INJUNCTION AND SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF, PLAINTIFF CRYSTAL LEI HAS CONCEDED THAT SHE DOES NOT HAVE PERSONAL STANDING.

- 1

Plaintiff LEI is no longer a creditor of the estate. LEI has no existing or potential claims that are pre-petition. In the State Court actions, LEI is a defendant only and has no counter-claims against debtor. LEI alleged that she has recent judgments on attorney's fee or potential future judgments for malicious prosecution against debtor related to the State Court actions, but even if LEI's allegations are true, because those State Court actions were not commenced until 2007 and 2008, and the debtor's case was converted to Chapter 7 in 2006, it is obvious that any judgment related to those State Court actions necessarily are post-petition.

Therefore, LEI does not have standing to raise the first cause of action for injunction and second cause of action for declaratory relieve. LEI conceded that she has no standing. She concedes that "Ms. Lei's first cause of action seeks an injunction prohibiting Defendant enforcing interests that belong to third parties . . . ." and that "Ms. Lei's second cause of action seeks a declaration from this Court that Defendant is currently pursuing claims in the state court belonging to his bankruptcy estate." (*see* Plaintiff Crystal Lei's Memorandum of Points and Authorities in Support of Her Opposition to Defendant Demas Yan's Motion to Dismiss (hereinafter "Opposition Paper"), at 1:15-18).

LEI alleges that the State Court actions are properties of the estate. That is not true as defendant will set forth below. But even if those actions are properties of the estate, because LEI is not a creditor, she has no standing to raise the first and second causes of action.

LEI argues that debtor's estate is no longer a surplus estate because of late claims. That is not true. The late claims, which consist of the three claims by Charles Li, Thai Ming Chiu, and Cheuk Tin Yan, do not make the estate non-surplus. The trustee knows that, and that is why the trustee has not taken any action to set aside the Court's order abandoning properties to Debtor. Furthermore, Charles Li's late claim is barred by *res judicata* and is contingent only on the State Court vacating the order dismissing Li's claim. The State Court had already denied Li's motion to vacate the dismissal. Li is currently appealing, but the chance of reversal is small if not nil.

Regardless of whether the estate is surplus or not, LEI is not a creditor and therefore has no interest in the estate. Therefore, as a matter of law, the first and second causes of action should be dismissed.

THE STATE COURT ACTIONS ARE NOT PROPERTIES OF THE ESTATE.

The State Court actions contain causes of actions that are not property of the estate. Those State Court actions are:

(a) Demas Yan v. Siu Ma et al.,

San Francisco County Superior Court Case No. CGC-08-478815;

(b) Demas Yan v. Li Ming Lei et al.,

San Francisco County Superior Court Case No. CGC-07-467500; and

(c) Cheuk Tin Yan v. Li Ming Lei et al.,

San Francisco County Superior Court Case No. CGC-08-478364; and

For the case "Demas Yan v. Siu Ma et al.", that case was filed in 2008 and initially contained a main cause of action for malicious prosecution that is admittedly pre-petition. The Complaint in that action had since been amended and that cause of action for malicious prosecution had since been removed. The main cause of action is now "Breach of Fiduciary Duty" which is contained in the Fourth Amended Complaint that was filed on or around June 14, 2010. Attached as Exhibit A is said Complaint.

The alleged events giving rise to the Breach of Fiduciary Duty are as follows:

> Around the period from 2000 to June 2009, FU and his agents knowingly and willfully conspired and agreed among themselves to committed a multitude of wrongs against YAN, in breach of their respective and collective fiduciary duty to YAN, including misrepresentation and fraud; fraudulently inducing YAN to give FU or his agents trust deeds and promissory notes without consideration; forging and altering documents; embezzling funds; stealing building materials; performing substandard and illegal work; making false accusations and defamatory statements against YAN; withholding and concealing business information including account information; extortion and blackmail; bearing false witness against YAN; inducing others to bear false witness against YAN; and making false reports to California State licensing board to have YAN's license suspended.

Exhibit A, at 3:10-21.

Admittedly, the alleged period of 2000 to 2009 covers pre-petition period, but because the cause of action for Breach of Fiduciary Duty accrues on the completion of the last act giving rise to the action and is governed by the four-year limitation period in *Code Civ. Proc.* § 343, and because the complaint alleges events that are post-petition, this cause of action accrued post-petition. Furthermore, this cause of action is not dependant on pre-petition events, because if it was, it would have been time barred.

Plaintiff LEI argues that the State Court actions are simply re-litigation of facts decided by this Court. That is not true because the Complaint alleges post-petition events. The State Court has also agreed that the Complaint's causes of action are not barred by claim preclusion or collateral estoppels because the State Court has already denied LEI's motion to strike as such.

Similarly, for the case "Demas Yan v. Li Ming Lei et al.", that case was filed in 2007 and initially contained a main cause of action for defamatory statements. That cause of action had since been removed, and the new main cause of action is "Breach of Fiduciary Duty" contained in a Second Amended Complaint that was filed on or around March 5, 2010. Attached as Exhibit B is said Complaint. Similarly, the cause of action for Breach of Fiduciary Duty arose post-petition because of allegations of post-petition events.

As for the case "Cheuk Tin Yan v. Li Ming Lei et al.", the causes of action are personal causes of actions belonging to Cheuk Tin Yan because that causes of actions involves moneys embezzled from Cheuk Tin Yan. The Third Amended Complaint in that action contains five causes of actions as follows: (1) Fraud, (2) Quiet Title, (3) Conversion, (4) Unjust Enrichment, and (5) Breach Of Fiduciary Duty. Attached as Exhibit C is that Complaint.

For the first cause of action of "Fraud", the complaint alleges that "FU induced [CHEUK TIN] YAN to deposit a total of $236,000 into the CHECKING ACCOUNT for the express purpose of funding the development of CHENERY." Exhibit C, at 3:10-11. Because that $236,000 was Cheuk Tin Yan's money, the cause of action for fraud is not derived from the debtor's estate. The fact that those funds were *supposed* to be earmarked for Chenery, which was an asset of the

estate, is irrelevant. The fraud action is based on the fact that those funds *were not used* on Chenery. Similarly, the causes of action for Quiet Title, Conversion, and Unjust Enrichment are related to and arose because of the embezzlement of Cheuk Tin Yan's money, and therefore those causes of actions do not belong to the debtor's estate.

As to the cause of action for Breach of Fiduciary Duty, it is obvious that this cause of action can only be personal to Cheuk Tin Yan, because Cheuk Tin Yan is suing for breach of fiduciary duty to him alone. Cheuk Tin Yan cannot sue on behalf of the debtor or the debtor's estate for "Breach of Fiduciary Duty".

Again, the State Court has also agreed that the Complaint's causes of action are not barred by claim preclusion or collateral estoppels, because the State Court has already denied LEI's motion to strike as such.

PLAINTIFF'S THIRD CLAIM FOR RELIEF AS TO BREACH OF SETTLEMENT AGREEMENT SHOULD BE DISMISSED BECAUSE THE ALLEGED BREACHES, EVEN IF TRUE, OCCURRED POST-PETITION AND THEREFORE ARE NOT CLAIMS AGAINST DEBTOR'S ESTATE.

Plaintiff is not alleging that the trustee breached the settlement agreement.

Debtor is not a party to that settlement agreement, but even if debtor is somehow found to be liable and that a breach occurred, such breach necessary occurred post-petition as alleged by Plaintiff in her complaint, and therefore as a matter of law, such post-petition claims are not subject to the Court's jurisdiction.

## CONCLUSION

Defendant respectfully prays that the Court enter an order dismissing Plaintiff's Complaint for failure to state claims as a matter of law.

Date: October 22, 2010
/s/Demas Yan