DEMAS YAN (SBN 257854)
595 Market Street, Suite 1350
San Francisco, California 94105
Phone (415) 867-5797
Fax (415) 901-0650

Debtor and Defendant in Pro Se

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>    DEMAS YAN<br><br>Debtor.<br><br>CRYSTAL LEI, an individual<br><br>    Plaintiff,<br><br>v.<br><br>DEMAS YAN, aka Dennis Yan, an individual,<br>Debtor's Bankruptcy Estate, and DOES 1-10<br>inclusive,<br><br>    Defendants. | Case No. 04-33526 TEC<br><br>Adv. Pro. No. 10-3149 TEC<br><br><br>**DEFENDANT DEMAS YAN'S REQUEST<br>FOR JUDICIAL NOTICE**<br><br>**Date: April 22, 2011**<br>**Time: 9:30 am**<br>**Judge: Thomas Carlson**<br>**Place: 235 Pine Street, 23rd Fl.**<br>      **San Francisco, CA** |

MOVANT DEMAS YAN respectfully requests the Court to take judicial notices of the following

documents from the Superior Court of California, County of San Francisco:

Case Number: CGC-07-467500

Title: DEMAS YAN VS. LI MING LEI et al

| EXHIBIT NO. | DOCUMENT NAME | BATES NO. |
|---|---|---|
| 1 | CASE DOCKET CGC-07-467500 | 001-018 |
| 2 | COMPLAINT FILED 9/24/2007 | 019-025 |
| 3 | FIRST AMENDED COMPLAINT FILED 9/8/2009 | 026-033 |
| 4 | ORDER OVERRULING DEMURRER TO FIRST AMENDED COMPLAINT FILED 9/22/2010 | 034-037 |
| 5 | SECOND AMENDED COMPLAINT FILED 3/16/2010 | 038-046 |

Case Number: CGC-08-478364

Title: CHEUK TIN YAN VS. LI MING LEI et al

| EXHIBIT NO. | DOCUMENT NAME | BATES NO. |
|---|---|---|
| 6 | CASE DOCKET CGC-08-478364 | 047-059 |
| 7 | COMPLAINT FILED 8/7/2008 | 060-072 |
| 8 | FIRST AMENDED COMPLAINT FILED 1/30/2009 | 073-083 |
| 9 | SECOND AMENDED COMPLAINT FILED 9/18/2009 | 084-093 |
| 10 | THIRD AMENDED COMPLAINT FILED 3/16/2010 | 094-105 |
| 11 | ORDER FILED ON 10/6/2010 OVERRULING DEFENDANTS' DEMURRER TO THIRD AMENDED COMPLAINT | 106-109 |

Date: March 6, 2011

/s/DEMAS YAN

- 2

# EXHIBIT 1

RJN001

## Superior Court of California, County of San Francisco

Case Number: CGC-07-467500
Title: DEMAS YAN VS. LI MING LEI et al
Cause of Action: DEFAMATION
Generated: Feb-25-2011 9:30 am PST

<u>Register of Actions</u>   <u>Parties</u>   <u>Attorneys</u>   <u>Calendar</u>   <u>Payments</u>   <u>Documents</u>

# Register of Actions

Date Range: First Date **Sep-24-2007**     Last Date **Feb-25-2011**    (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence        Submit

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| FEB-01-2011 | ORDER DENYING PLAINTIFF DEMAS YAN'S MOTION TO COMPEL. | <u>View</u> | |
| JAN-21-2011 | PARTIES/ATTORNEYS FROM CONSOLIDATED CASE #478815 AND #478364 ADDED TO LEAD CASE #467500 | | |
| JAN-14-2011 | NOTICE OF CHANGE OF ADDRESS FILED BY ATTORNEY DEAN, SHANNON P | | |
| JAN-10-2011 | ORDER TO SHOW CAUSE SET FOR JAN-10-2011 CONTINUED TO MAR-07-2011 AT 1:30 PM IN DEPARTMENT 610 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S), ON SECOND AMENDED COMPLAINT. NOTICE SENT BY COURT. | <u>View</u> | |
| JAN-10-2011 | MINI-MINUTES FOR JAN-10-2011 1:30 PM | | |
| JAN-07-2011 | ORDER TO CONSOLIDATE ACTIONS OF CASE(S) CGC-08-478815, CGC-08-478364 WITH CASE CGC-07-467500 FOR ALL PURPOSES | <u>View</u> | |
| DEC-13-2010 | MINI-MINUTES FOR DEC-13-2010 9:30 AM | | |
| DEC-13-2010 | LAW AND MOTION, 302, DEFENDANT TONY FU'S MOTION FOR SUMMARY JUDGMENT. NO APPEARANCES. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: OFF CALENDAR, PER FU'S REQUEST TO WITHDRAW MOTION. DENY SANCTIONS. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| DEC-09-2010 | NOTICE OF INJUNCTION FILED BY DEFENDANT LEI, CRYSTAL | | |
| DEC-07-2010 | REQUEST TO WITHDRAW AND TAKE MOTION FOR SUMMARY JUDGMENT OFF CALENDAR AND REQUEST TO SANCTON PLAINTIFF YAN FILED BY DEFENDANT FU, TONY | | |
| NOV-19-2010 | NOTICE OF UNAVAILABILITY OF PRO PER ON NOV-22-2010 THROUGH DEC-21-2010 FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| NOV-19-2010 | OPPOSITION TO DEFT'S MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| NOV-05-2010 | ORDER TO SHOW CAUSE SET FOR NOV-08-2010 CONTINUED TO JAN-10-2011 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE ORDER RE CONSOLIDATION. THE NOV-08-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | <u>View</u> | |
| OCT-22-2010 | DISCOVERY 302, PLAINTIFF DEMAS YAN'S MOTION TO COMPEL DISCOVERY IS DENIED. MOTION DOES NOT PROVIDE A SEPARATE STATEMENT IN COMPLIANCE WITH C.R.C. 3.1345 THAT HIGHLIGHTS HOW THE RESPONSES ARE DEFECTIVE. DEFENDANT TO RECOVER $1,000 IN SANCTIONS. JUDGE: | | |

| | CHARLOTTE WALTER WOOLARD; NOT REPORTED | | |
|---|---|---|---|
| OCT-22-2010 | MINI-MINUTES FOR OCT-22-2010 9:00 AM | | |
| OCT-08-2010 | DECLARATION OF TONY FU IN OPPOSITION TO PLTF'S NOTICE OF MOTIOIN FOR ORDER COMPELLING DEFTS TO ATTEND AND TESTIFY AT DEPOSITION AND FOR MONETARY SANCTIONS FILED BY DEFENDANT FU, TONY LEI CRYSTAL | | |
| OCT-07-2010 | ORDER GRANTING DEFENDANT CRYSTAL LEI'S MOTION TO EXPUNGE PLAINTIFF DENNIS YAN'S LIS PENDENS | View | |
| SEP-28-2010 | MOTION FOR SUMMARY JUDGMENT, PROOF OF SERVICE ; REQ FOR JUDICIAL NOTICE FILED BY DEFENDANT FU. TONY HEARING SET FOR DEC-13-2010 AT 09:30 AM IN DEPT 302 | | IFP |
| SEP-24-2010 | MINI-MINUTES FOR SEP-24-2010 9:00 AM | | |
| SEP-24-2010 | DISCOVERY 302, PLAINTIFF DEMAS YAN'S MOTION TO COMPEL DISCOVERY. THE COURT ADOPTED ITS TENTATIVE RULING - CONTINUED TO OCTOBER 22, 2010 ON COURT'S OWN MOTION. JUDGE: CHARLOTTE WALTER WOOLARD; NOT REPORTED | | |
| SEP-23-2010 | ORDER CONCERNING DEFENDANT CRYSTAL LEI'S MOTION FOR ATTORNEY'S FEES FROM PLAINTIFF PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16(C) | View | |
| SEP-22-2010 | ORDER CONCERNING DEFENDANTS CRYSTAL LEI AND TONY FU'S (1) DEMURRER TO FIRST, SECOND AND THIRD CAUSES OF ACTION IN PLAINTIFF DEMAN YAN'S FIRST AMENDED COMPLAINT AND (2) MOTION TO STRIKE PLAINTIFF'S CLAIM FOR DAMAGES | View | |
| SEP-22-2010 | MINI-MINUTES FOR SEP-22-2010 9:30 AM | | |
| SEP-22-2010 | MINI-MINUTES FOR SEP-22-2010 9:30 AM | | |
| SEP-22-2010 | ORDER TO SHOW CAUSE SET FOR OCT-04-2010 CONTINUED TO NOV-08-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) AS TO SECOND AMENDED COMPLAINT. THE OCT-04-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| SEP-22-2010 | LAW AND MOTION 302, DEFENDANT TONY FU'S MOTION TO CONSOLIDATE ACTIONS OF CASE(S) CGC-08-478364, CGC-08-478815 WITH CASE CGC-07-467500 - DUPLICATE ENTRY. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE. CSR #5797 | | |
| SEP-22-2010 | LAW AND MOTION 302, DEFENDANT TONY FU'S MOTION TO CONSOLIDATE ACTIONS OF CASE(S) CGC-08-478815, CGC-08-478364 WITH CASE CGC-07-467500 IS GRANTED, NO OPPOSITION FILED. CASES CONSOLIDATED FOR ALL PURPOSES UNDER CGC-07-467500. (PREVAILING PARTY TO PREPARE ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| SEP-20-2010 | NOTICE OF PLTF'S FAILURE TO OPPOS CO-DEFT'S MOTION TO CONSOLIDATE FILED BY DEFENDANT LEI CRYSTAL | | |
| SEP-13-2010 | DECLARATION OF BRYAN L. HAWKINS, ESQ. IN SUPPORT OF OPPOS FILED BY DEFENDANT LEI CRYSTAL | | |
| SEP-13-2010 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER 1) OPPOS TO PLTF'S MOTION TO COMPEL; 2) REQUEST FOR MONETARY SANCTIONS AGAINST PLTF IN THE AMOUNT OF $1917.00; POS FILED BY DEFENDANT LEI, CRYSTAL | | |
| SEP-13-2010 | DECLARATION OF TONY FU IN SUPPORT OF DEFT'S OPPOS TO | | |

RJN003

| | PLTF'S MOTION TO COMPEL FILED BY DEFENDANT LEI, CRYSTAL | | |
|---|---|---|---|
| SEP-01-2010 | MINI-MINUTES FOR SEP-01-2010 9:30 AM | | |
| SEP-01-2010 | LAW AND MOTION, 302 NO APPEARANCE ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING - DEFENDANT TONY FU'S MOTION TO CONSOLIDATE ACTIONS OF CASES CGC-08-478364, CGC-08-478815 WITH CASE CGC-07-467500 IS CONTINUED TO SEPTEMBER 22, 2010 PER AMENDED MOTION SET FOR THAT DATE. JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE, CSR #5797 | | |
| AUG-25-2010 | NOTICE OF WITHDRAWAL OF NOTICE OF PENDENCY OF ACTION AND MENDED NOTICE OF PENDENCY OF ACTION AFFECTING TITLE TO REAL PROPERTY FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| AUG-24-2010 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI'S MOTION TO EXPUNGE PLAINTIFF'S LIS PENDENS AND REQUEST TO FILE A MOTION TO RECOVER HER ATTORNEY'S FEES AND COSTS FROM PLAINTIFF PER CCP §405.38 IS GRANTED. DEFENDANT TO RECOVER $1,200 AS REASONABLE FEES. PREVAILING PARTY TO SUBMIT A PROPOSED FORM OF ORDER. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| AUG-24-2010 | MOTION TO CONSOLIDATE ACTIONS OF CASE(S) CGC-08-478815, CGC-08-478364 WITH CASE CGC-07-467500, PROOF OF SERVICE, POINTS AND AUTHORITIES FILED BY DEFENDANT FU, TONY HEARING SET FOR SEP-22-2010 AT 09:30 AM IN DEPT 302 | | IFP |
| AUG-24-2010 | MINI-MINUTES FOR AUG-24-2010 9:30 AM | | |
| AUG-23-2010 | NOTICE OF MOTION TO COMPEL DISCOVERY. PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL. HEARING SET FOR SEP-24-2010 AT 09:00 AM IN DEPT 302 | | 40.00 |
| AUG-16-2010 | DECLARATION OF TONY FU IN SUPPORT; POS FILED BY DEFENDANT LEI, CRYSTAL | | |
| AUG-16-2010 | REQUEST FOR JUDICIAL NOTICE FILED BY DEFT | | |
| AUG-16-2010 | DECLARATION OF MICHAEL J. BETZ, ESQ. IN SUPPORT OF DEFT'S MOTION TO EXPUNGE PLTF'S LIS PENDENS FILED BY DEFENDANT LEI, CRYSTAL. | | |
| AUG-16-2010 | REPLY MEMO OF P&A IN SUPPORT OF HER MOTION TO EXPUNGE PLTF DENNISYAN'S LIS PENDENS FILED BY DEFENDANT LEI, CRYSTAL. | | |
| AUG-16-2010 | OBJECTIONS TO PLTF DENNIS YAN'S OVERSIZED AND IMPROPERLY SERVED OPPOS BRIEF FILED BY DEFENDANT LEI, CRYSTAL | | |
| AUG-11-2010 | REQ. FOR JUDICIAL NTC FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| AUG-11-2010 | OPPOSITION TO DEFT MTN TO EXPUNGE PLTF'S LIS PENDENS AND REQ. FOR FILE A MTN TO RECOVER HER ATTORNEY FEES AND COSTS FROM PLTF FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| AUG-04-2010 | MOTION TO CONSOLIDATE ACTIONS OF CASE(S) CGC-08-478364, CGC-08-478815 WITH CASE CGC-07-467500, PROOF OF SERVICE, POINTS AND AUTHORITIES FILED BY DEFENDANT FU, TONY HEARING SET FOR SEP-01-2010 AT 09:30 AM IN DEPT 302 | | IFP |
| AUG-03-2010 | ORDER RE DEFENDANT'S (1) MOTION TO QUASH PLAINTIFF'S | View | |

| | | | |
|---|---|---|---|
| | NOTICES OF DEPOSITION AND (2) MOTION FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULING OF DEPOSITIONS | | |
| AUG-02-2010 | ORDER TO SHOW CAUSE SET FOR AUG-02-2010 CONTINUED TO OCT-04-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S), ON SECOND AMENDED COMPLAINT. NOTICE SENT BY COURT. | View | |
| AUG-02-2010 | MINI-MINUTES FOR AUG-02-2010 1:30 PM | | |
| JUL-30-2010 | ASSOCIATION OF ATTORNEYS: DEAN, SHANNON P ADDED AS ATTORNEY FOR YAN, DEMAS , AN INDIVIDUAL. | | |
| JUL-30-2010 | SUBSTITUTION OF ATTORNEY: PRO PER SUBSTITUTED FOR DEAN, SHANNON P AS ATTORNEY FOR YAN, DEMAS , AN INDIVIDUAL | | |
| JUL-26-2010 | NOTICE OF MOTION TO EXPUNGE PLTF'S LIS PENDENS AND REQUEST TO FILE A MOTION TO RECOVER HER ATTORNEY'S FEES AND COSTS FROM PLTF PER CCP 405.38, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT LEI, CRYSTAL HEARING SET FOR AUG-24-2010 AT 09:30 AM IN DEPT 302 | | 40.00 |
| JUL-23-2010 | COPYING FEES (5 PAGE, 1 CERTIFIED COPY) PAID BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL. | | 27.50 |
| JUL-23-2010 | AMENDED NOTICE OF PENDENCY OF ACTION AFECTING TITLE TO REAL PROPERTY FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| JUL-12-2010 | DISCOVERY 610, AFTER HEARING: DEFENDANT TONY FU AND CRYSTAL LEI'S MOTION TO QUASH PLAINTIFF'S NOTICES OF THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU IS DENIED. COMMISSIONER EVERETT A. HEWLETT, NOT REPORTED. | | |
| JUL-12-2010 | MINI-MINUTES FOR JUL-12-2010 10:30 AM | | |
| JUL-09-2010 | SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTIONS TO COMPEL FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| JUL-08-2010 | ORDER CONCERNING DEFENDANT TONY FU'S NOTICE OF MOTION AND (1) MOTION TO QUASH PLAINTIFF'S NOTICES OF THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU AND (2) MOTION FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULING OF DEPOSITIONS IN THIS ACTION | View | |
| JUN-21-2010 | COPYING FEES (5 PAGE, 1 CERTIFIED COPY) PAID BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL. | | 27.50 |
| JUN-21-2010 | NTC OF PENDANCY OF ACTION FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL. | | |
| JUN-21-2010 | SUBSTITUTION OF ATTORNEY: DEAN, SHANNON P SUBSTITUTED FOR PRO PER AS ATTORNEY FOR YAN, DEMAS , AN INDIVIDUAL | | |
| JUN-15-2010 | ORDER TO SHOW CAUSE SET FOR JUN-28-2010 CONTINUED TO AUG-02-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) AS TO SECOND AMENDED COMPLAINT. THE JUN-28-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| JUN-14-2010 | SUBSTITUTION OF ATTORNEY: PRO PER SUBSTITUTED FOR MOORE, ROBERT RORY AS ATTORNEY FOR FU, TONY | | |
| JUN-02-2010 | MINI-MINUTES FOR JUN-02-2010 9:30 AM | | |
| JUN-02-2010 | MINI-MINUTES FOR JUN-02-2010 9:30 AM | | |

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 7 of 111

RJN005

| | | | |
|---|---|---|---|
| JUN-02-2010 | MINI-MINUTES FOR JUN-02-2010 9:30 AM | | |
| JUN-02-2010 | DISCOVERY 610, DEFENDANTS TONY FU AND CRYSTAL LEI'S MOTION TO QUASH PLAINTIFF'S NOTICES OF THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU AND 2) MTN FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULING OF DEPOSITIONS IN THIS ACTION IS CONTINUED TO JULY 12, 2010 AT 10:30 A.M. FOR FURTHER HEARING. DEMAS YAN DEPOSITION SHALL TAKE PLACE ON JULY 7, 2010 AND FOO'S DEPOSITION SHALL TAKE PLACE ON JULY 9, 2010. THE DEPOSITION OF PLAINTIFF SHALL PRECEDE THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU. COMMISSIONER EVERETT A. HEWLETT. NOT REPORTED. = (610EAH) | | |
| JUN-02-2010 | MINI-MINUTES FOR JUN-02-2010 9:00 AM | | |
| JUN-02-2010 | LAW AND MOTION 302. DEFENDANTS TONY FU AND. CRYSTAL LEI MOTION FOR ATTORNEY'S FEES AND COSTS FROM PLAINTIFF PURSUANT TO CCP 425.16(C). NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: MOTION IS GRANTED IN PART. ATTORNEY BILLING RATES ARE REASONABLE. NO AWARD FOR KANE'S WORK BECAUSE NO SHOWING HIS WORK CONTRIBUTED TO ANTI-SLAPP MOTION. DEMURRER AND ANTI-SLAPP MOTIONS DIFFERENT, NO AWARD FOR WORK ON MOTIONS OTHER THAN ANTI-SLAPP AND ATTORNEY FEES. HAWKINS HOURS DEVOTED TO ANTI-SLAPP AND FEE MOTION: 25.2 REASONABLE AND NECESSARY. BETZ HOURS DEVOTED TO ANTI-SLAPP AND FEE MOTION: 9.7 REASONABLE AND NECESSARY. LODESTAR AMOUNT: $13,650.50, PLUS COSTS: $453.36 AWARDED. $14,103.86 TOTAL. (MOVING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE CSR #5797 | | |
| JUN-02-2010 | LAW AND MOTION 302. DEFENDANT TONY FU NOTICE OF JOINDER IN DEFENDANT CRYSTAL LEI'S DEMURRER TO SECOND AMENDED COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S CLAIM FOR DAMAGES. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER OVERRULED. MOTION TO STRIKE GRANTED WITHOUT LEAVE TO AMEND AS TO CLAIM FOR ATTORNEY FEES ONLY. MOTION TO STRIKE DENIED AS TO REMAINDER. (MOVING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE CSR #5797 | | |
| JUN-02-2010 | LAW AND MOTION 302. DEFENDANT CRYSTAL LEI DEMURRER TO SECOND AMENDED COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S CLAIM FOR DAMAGES. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER OVERRULED. MOTION TO STRIKE GRANTED WITHOUT LEAVE TO AMEND AS TO CLAIM FOR ATTORNEY FEES ONLY. MOTION TO STRIKE DENIED AS TO REMAINDER. (MOVING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE CSR #5797 | | |
| MAY-27-2010 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO QUASH AND/OR MOTION FOR A PROTECTIVE ORDER FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAY-27-2010 | REPLY DECLARATION OF BRYAN L. HAWKINS, ESQ. IN SUPPORT OF DEFT'S MOTION TO QUASH PLTF'S NOTICES OF | | |

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 8 of 111

RJN006

| | | | |
|---|---|---|---|
| | THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU AND 2) MOTION FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULEING OF DEPOSITION IN THIS ACTION FILED BY DEFENDANT FU, TONY LEI, CRYSTAL. | | |
| MAY-25-2010 | MINI-MINUTES FOR MAY-25-2010 9:30 AM | | |
| MAY-25-2010 | LAW AND MOTION 302. DEFENDANTS TONY FU. AND. CRYSTAL LEI MOTION FOR ATTORNEY'S FEES AND COSTS FROM PLAINTIFF PURSUANT TO CCP 425.16(C). NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: HEARING CONTINUED TO 6/2/2010 ON THE COURT'S OWN MOTION. ON OR BEFORE 5/28/2010 DEFENDANT TO LODGE WITH DEPARTMENT 302 IN CAMERA. BILLING RECORDS TO SUPPORT THEIR REQUEST FOR ATTORNEY FEES. (302) JUDGE: CHARLOTTE WALTER WOOLARD; COURT REPORTER: KENT GUBBINE. CSR #5797 | | |
| MAY-24-2010 | DISCOVERY. 610, DEFENDANTS TONY FU AND CRYSTAL LEI'S MOTION TO QUASH NOTICES OF THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU AND 2) MTN FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULING OF DEPOSITIONS IN THIS ACTION ADVANCED FROM JUN-21-2010 TO DISCOVERY AT JUN-02-2010 9:00 AM IN DEPT. 610, PER COURT ORDER OF 5/24/10 COMMISSIONER EVERETT A. HEWLETT. NOT REPORTED. | | |
| MAY-24-2010 | OPPOSITION TO DEFTS' MOTION TO QUASH NOTICES OF DEPOSITIONS AND FOR PROTECTIVE ORDER; MEMO P/A; DECLARATION OF DEMAN YA FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| MAY-24-2010 | ORDER ON EX PARTE APPLICATION, ADVANCING HEARING DATE ON DEFENDANT'S MOTION TO QUASH NOTICES OF DEPOSITION, FROM 6/21/10 TO 6/2/10, IN DEPT. 610; OPPOSITION DUE 5/24; REPLY DUE 5/27 | View | |
| MAY-24-2010 | EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO QUASH PLTF'S NOTICES OF THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU AND MOTION FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULING OF DEPOSITIONS IN THIS ACTION, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN. DEMAS . AN INDIVIDUAL. | | IFP |
| MAY-20-2010 | EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO QUASH PLTF'S NOTICES OF THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU AND MOTION FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULING OF DEPOSITIONS IN THIS ACTION, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN. DEMAS , AN INDIVIDUAL. | | IFP |
| MAY-18-2010 | EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO QUASH PLTF'S NOTICES OF THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU AND MOTION FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULING OF DEPOSITIONS IN THIS ACTION, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN. DEMAS , AN INDIVIDUAL. | | IFP |
| MAY-12-2010 | LAW AND MOTION 302. DEFENDANT TONY FU DEMURRER TO 2ND AMENDED COMPLAINT. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER IS CONTINUED TO 6/2/2010 TO BE HEARD BY JUDGE WOOLARD. (302/EHG)JUDGE: ERNEST H. GOLDSMITH; COURT REPORTER: MELANIE GHENO, CSR #7489 | | |

| MAY-12-2010 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI DEMURRER TO 2ND AMENDED COMPLAINT. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER IS CONTINUED TO 6/2/2010 TO BE HEARD BY JUDGE WOOLARD. (302/EHG)JUDGE: ERNEST H. GOLDSMITH; COURT REPORTER: MELANIE GHENO, CSR #7489 | | |
|---|---|---|---|
| MAY-12-2010 | MINI-MINUTES FOR MAY-12-2010 9:30 AM | | |
| MAY-12-2010 | MINI-MINUTES FOR MAY-12-2010 9:30 AM | | |
| MAY-07-2010 | NOTICE OF UNAVAILABILITY OF PRO PER ON JUN-10-2010 THROUGH JUL-02-2010 FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| MAY-06-2010 | NTC OF MTN AND MTN TO QUASH PLTF'S NOTICES OF THE DEPOSITIONS OF CRYSTAL LEI AND TONY FU AND 2) MTN FOR A PROTECTIVE ORDER CONCERNING THE SCHEDULING OF DEPOSITIONS IN THIS ACTION, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT FU, TONY LEI, CRYSTAL. HEARING SET FOR JUN-21-2010 AT 09:00 AM IN DEPT 610 | | 40.00 |
| MAY-05-2010 | REPLY MEMO OF P&A IN SUPPORT OF HER 1) DEMURRER TO THE FIRST CAUSE OF ACTION OFR BREACH OF FIDUCIARY DUTY FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| APR-30-2010 | MINI-MINUTES FOR APR-30-2010 9:30 AM | | |
| APR-30-2010 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI'S MOTION FOR ATTORNEY'S FEES AND COSTS FROM PLAINTIFF PURSUANT TO CCP SECTION 425.16(C) IS CONTINUED FROM APR-30-2010 TO MAY-25-2010 TO BE HEARD BEFORE JUDGE WOOLARD. JUDGE: ERNEST H. GOLDSMITH, REPORTER: MELANIE GHENO, CSR #7489 | | |
| APR-29-2010 | OPPOSITION TO DEFT'S DEMURRER TO THE FIRST CAUSE OF ACTION FOR BREACH OF FIDUCIARTY DUTY, SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| APR-23-2010 | PROOF OF SERVICE BY HAND-DELIVERY FILED BY DEFENDANT FU, TONY LEI, CRYSTAL. | | |
| APR-23-2010 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPP OF HER REQUEST FOR ATTY'S FEES AND COSTS FILED BY DEFENDANT FU, TONY LEI, CRYSTAL. | | |
| APR-23-2010 | REQUEST FOR JUDICIAL NOTICE FILED BY DEFTS | | |
| APR-22-2010 | OPPOSITION TO DEFTS MOTION FOR ATTY FEES AND COSTS ; MEMO OF P AND A; DECLARTION FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| APR-13-2010 | ORDER TO SHOW CAUSE SET FOR APR-26-2010 CONTINUED TO JUN-28-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) AS TO SECOND AMENDED COMPLAINT. THE APR-26-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| APR-09-2010 | DEMURRER TO 2ND AMENDED COMPLAINT. PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT FU, TONY HEARING SET FOR MAY-12-2010 AT 09:30 AM IN DEPT 302 | | IFP |
| APR-09-2010 | DEMURRER TO 2ND AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT LEI, CRYSTAL. HEARING SET FOR MAY-12-2010 AT | | 40.00 |

| | | | |
|---|---|---|---|
| | 09:30 AM IN DEPT 302 | | |
| APR-07-2010 | NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS FROM PLTF PURSUANT TO CCP 425.16(C), PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT FU, TONY LEI, CRYSTAL HEARING SET FOR APR-30-2010 AT 09:30 AM IN DEPT 302 | | 40.00 |
| APR-05-2010 | ORDER (SUSTAINING) DEFENDANT TONY FU'S DEMURRER TO PLAINTIFF'S 3RD, 4TH AND 5TH CAUSES OF ACTION | View | |
| APR-05-2010 | ORDER (SUSTAINING) DEFENDANT CRYSTAL LEI'S DEMURRER TO THE THIRD, FOURTH, AND FIFTH CAUSES OF ACTION; DEMURRER TO FIRST AND SECOND CAUSES OF ACTION IS MOOT | View | |
| APR-05-2010 | ORDER GRANTING DEFENDANT TONY FU'S SPECIAL MOTION TO STRIKE THE 1ST AND 2ND CAUSES OF ACTION FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; AND GRANTING DEFENDANT CRYSTAL LEI'S SPECIAL MOTION TO STRIKE THE 1ST CAUSE OF ACTION FROM PLAINTIFF'S FIRST AMENDED COMPLAINT | View | |
| MAR-18-2010 | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED GRANTING DEFT'S MTN TO STRIKE THE FIRST AND SECOND CAUSES FROM FIRST AMENDED COMPLT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL. | | |
| MAR-18-2010 | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED CONCERNING DEMURRER TO FIRST AMENDED COMPLT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAR-18-2010 | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED CONCERNING DEMURRER TO THE FIRST AMENDED COMPLT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAR-16-2010 | 2ND AMENDED COMPLAINT FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL AS TO DEFENDANT LEI, LI MING AKA CRYSTAL LEI, AN INDIVIDUAL, FU, DONG XING AKA TONY FU, AN INDIVIDUAL DOES 1-10, INCLUSIVE | View | |
| MAR-08-2010 | NOTICE OF UNAVAILABILITY OF PRO PER ON MAR-09-2010 THROUGH APR-09-2010 FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL. | | |
| MAR-05-2010 | ORDER GRANTING DEFENDANT TONY FU'S SPECIAL MOTION TO STRIKE, AND CRYSTAL LEI'S SPECIAL MOTION TO STRIKE | View | |
| MAR-05-2010 | ORDER CONCERNING DEFENDANT CRYSTAL LEI'S DEMURRER TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION IN PLAINTIFF DEMAS YAN'S FIRST AMENDED COMPLAINT | View | |
| MAR-05-2010 | ORDER CONCERNING DEFENDANT TONY FU'S DEMURRER TO THE FIRST, THIRD, FOURTH AND FIFTH CAUSES OF ACTION IN PLAINTIFF DEMAS YAN'S FIRST AMENDED COMPLAINT (LEAVE TO AMEND) | View | |
| MAR-02-2010 | ORDER TO SHOW CAUSE TO DEFENDANT'S COUNSEL SET FOR MAR-15-2010 CONTINUED TO APR-26-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE AND SERVE ORDERS RE DEMURRER AND MOTION TO STRIKE AS TO FIRST AMENDED COMPLAINT. THE MAR-15-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| FEB-03-2010 | NOTICE OF CHANGE OF ADDRESS FILED BY PRO PER | | |
| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |
| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |

| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |
| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |
| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |
| JAN-26-2010 | LAW AND MOTION 302. DEFENDANT TONY FU MOTION TO STRIKE FIRST AMENDED COMPLAINT. (DUPLICATE ENTRY.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-26-2010 | LAW AND MOTION 302. DEFENDANT CRYSTAL LEI MOTION TO STRIKE FIRST AMENDED COMPLAINT. ARGUED AND THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: MOTION TO STRIKE THE FIRST CAUSE OF ACTION GRANTED. (PREVAILING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-26-2010 | LAW AND MOTION 302. DEFENDANT CRYSTAL LEI DEMURRER TO FIRST AMENDED COMPLAINT. ARGUED AND THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER MOOT AS TO FIRST AND SECOND CAUSES OF ACTION IN VIEW OF TENTATIVE RULING ON MOTION TO STRIKE. DEMURRER SUSTAINED WITH TEN DAYS LEAVE TO AMEND AS TO REMAINING CAUSES OF ACTION. (PREVAILING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-26-2010 | LAW AND MOTION 302. DEFENDANT TONY FU DEMURRER TO FIRST AMENDED COMPLAINT. ARGUED AND THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER MOOT AS TO FIRST CAUSE OF ACTION IN VIEW OF TENTATIVE RULING ON MOTION TO STRIKE. DEMURRER SUSTAINED WITH TEN DAYS LEAVE TO AMEND AS TO REMAINING CAUSES OF ACTION. PLAINTIFF MUST CLEARLY ALLEGE A FIDUCIARY RELATIONSHIP. PLAINTIFF MUST ALLEGE HOW PLAINTIFF WAS HARMED AS TO UNJUST ENRICHMENT. IT APPEARS THE PARTY HARMED WAS A CORPORATION. IF PLAINTIFF CANNOT PLEAD A PROPER CLAIM, HE HAS NO STANDING TO SET ASIDE A FRAUDULENT TRANSFER. (PREVAILING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-26-2010 | LAW AND MOTION 302. DEFENDANT TONY FU MOTION TO STRIKE FIRST AMENDED COMPLAINT. ARGUED AND THE COURT ADOPTED AND AMENDED ITS TENTATIVE RULING AS FOLLOWS: MOTION TO STRIKE THE FIRST AND SECOND CAUSES OF ACTION GRANTED. BOTH THE LIBEL AND SLANDER CAUSES OF ACTION ARISE FROM A DECLARATION PROVIDED IN A BANKRUPTCY CASE, WAS RELATED TO PETITIONING ACTIVITY UNDER CCP SECTION 425.16(E), AND WAS PRIVILEGED UNDER CC SEC. 47. PLAINTIFF FAILS TO PRESENT ANY COMPETENT EVIDENCE TO ESTABLISH HIS PRIMA FACIE CASE. THE COURT ADDS: MOTION DENIED AS TO THE REMAINDER CAUSES OF ACTION (PREVAILING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-19-2010 | PROOF OF SERVICE BY MAIL / BY OVERNIGHT MAIL FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| JAN-19-2010 | REPLY MEMO OF P&A IN SUPPORT OF HER (1) SPECIAL MOTO STRIKE THE FIRST CAUSE OF ACTION FROM PLTF DEMAS YAN'S | | |

| | | | |
|---|---|---|---|
| | FIRST AMENDED COMPLT AND (2) DEMURRER TO THE FIRST, SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION IN PLTF'S FIRST AMENDED COMPLT FILED BY DEFENDANT LEI, CRYSTAL | | |
| JAN-19-2010 | REPLY MEMO OF P&A IN SUPPORT OF HIS DEMURRER TO FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION IN PLTF'S FIRST AMENDED COMPLT FILED BY DEFENDANT FU, TONY | | |
| JAN-13-2010 | ORDER TO SHOW CAUSE SET FOR JAN-25-2010 CONTINUED TO MAR-15-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S). THE JAN-25-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| JAN-12-2010 | OPPOSITION TO DEFT TONY FU'S REPLY MEMO P/A IN SUPPORT OF HIS SPECIAL MOTION TO STRIKE PLTF'S FIRST AMENDED COMPLAINT PER CCP 425.16 FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| JAN-12-2010 | OPPOSITION TO DEFT TONY FU'S DEMURRER TO THE FIRST CAUSE OF ACTION, THIRD CAUSE OF ACTION, FOURTH CAUSE OF ACTION AND FIFTH CAUSE OF ACTION IN PLTF'S FIRST AMENDED COMPLAINT FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| JAN-12-2010 | OPPOSITION TO CRYSTAL LEI'S SPECIAL MOTION TO STRIKE THE FIRST CAUSE OF ACTION FOR LIBEL IN PLTF'S FIRST AMENDED COMPLAINT PER CCP 425.16 FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| JAN-12-2010 | OPPOSITION TO DEFT CRYSTAL LEI'S DEMURRER TOT HE FIRST CAUSE OF ACTION, THIRD CAUSE OF ACTION, FOURTH CAUSE OF ACTION IN PLTF'S FIRST AMENDED COMPLAINT FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| DEC-28-2009 | RE-NOTICE OF HEARINGS AND DEMURRER AND MOTIONS TO STRIKE FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-28-2009 | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED RE: MOTION TO STRIKE AND DEMURRER FILED BY DEFENDANT FU, TONY LEI CRYSTAL | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | LAW AND MOTION 302. DEFENDANT TONY FU MOTION TO STRIKE FIRST AMENDED COMPLAINT CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: TAMRA KEEN, CSR #5404 | | |
| DEC-17-2009 | LAW AND MOTION 302. DEFENDANT CRYSTAL LEI MOTION TO STRIKE FIRST AMENDED COMPLAINT CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: TAMRA KEEN, CSR #5404 | | |

| DEC-17-2009 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI DEMURRER TO FIRST AMENDED COMPLAINT CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. PLAINTIFFS TO FILE FORMAL OPPOSITIONS TO THE DEMURRERS BY 1/12/10. DEFENDANTS TO FILE REPLIES BY 1/19/10. ALL PARTIES TO LODGE COURTESY COPIES OF NEW FILINGS IN DEPARTMENT 302. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: TAMRA KEEN, CSR #5404 | | |
| DEC-17-2009 | LAW AND MOTION 302, DEFENDANT TONY FU DEMURRER TO FIRST AMENDED COMPLAINT CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. PLAINTIFFS TO FILE FORMAL OPPOSITIONS TO THE DEMURRERS BY 1/12/10. DEFENDANTS TO FILE REPLIES BY 1/19/10. ALL PARTIES TO LODGE COURTESY COPIES OF NEW FILINGS IN DEPARTMENT 302. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: TAMRA KEEN, CSR #5404 | | |
| DEC-17-2009 | LAW AND MOTION 302, DEFENDANT TONY FU MOTION TO STRIKE FIRST AMENDED COMPLAINT CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: TAMRA KEEN, CSR #5404 | | |
| DEC-11-2009 | MINI-MINUTES FOR DEC-11-2009 9:30 AM | | |
| DEC-11-2009 | MINI-MINUTES FOR DEC-11-2009 9:30 AM | | |
| DEC-11-2009 | MINI-MINUTES FOR DEC-11-2009 9:30 AM | | |
| DEC-11-2009 | MINI-MINUTES FOR DEC-11-2009 9:30 AM | | |
| DEC-11-2009 | LAW AND MOTION 302, DEFENDANT TONY FU MOTION TO STRIKE FIRST AMENDED COMPLAINT CONTINUED FROM DEC-11-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12/17/09 TO BE HEARD WITH FU'S ANTI-SLAPP MOTION TO STRIKE. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| DEC-11-2009 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI MOTION TO STRIKE FIRST AMENDED COMPLAINT CONTINUED FROM DEC-11-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12/17/09 TO BE HEARD WITH FU'S ANTI-SLAPP MOTION TO STRIKE. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| DEC-11-2009 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI DEMURRER TO FIRST AMENDED COMPLAINT CONTINUED FROM DEC-11-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12/17/09 TO BE HEARD WITH FU'S ANTI-SLAPP MOTION TO STRIKE. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |

| DEC-11-2009 | LAW AND MOTION 302, DEFENDANT TONY FU DEMURRER TO FIRST AMENDED COMPLAINT CONTINUED FROM DEC-11-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12/17/09 TO BE HEARD WITH FU'S ANTI-SLAPP MOTION TO STRIKE. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| DEC-09-2009 | REPLY MEMO OF P&A IN SUPPORT OF HIS SPECIAL MOTION TO STRIKE PLTF'S FIRST AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-09-2009 | OPPOSITION TO DEFTS' NOTICE OF DEMURRER AND DEMURRER AND NOTICE OF AND MOTION TO STRIKE FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| DEC-04-2009 | PROOF OF SERVICE OF DEFENDANT CRYSTAL LEI'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES, REPLY DECLARATION OF MICHAEL J. BETZ, ESQ.; TONY FU REPLY MEMORANDUM OF POINTS AND AUTHORITIES AND REPLY DECLARATION OF TONY FU FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-04-2009 | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER (1) SPECIAL MOTION TO STRIKE THE FIRST. CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT AND (2) DEFENDANT CRYSTAL LEI'S SPECIAL MOTION TO STRIKE THE FIRST CUASE OF ACTION FROM PLAINTIFF DEMAS YAN'S FIRST AMENDED COMPLAINT AND DEMURRER TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT (2) DEMURRER TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CUASES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-04-2009 | REPLY MEMORANDUN OF POINTS AND AUTHORITIES IN SUPPORT OF HIS DEMURRER TO THE FIRST, SECOND, FOURTH, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-04-2009 | REPLY DECLARATION OF MICHAEL J. BETZ, ESQ. IN SUPPORT OF (1) DEFENDANT TONY FU'S DEMURRER TO THE FIRST , THIRD, FOURTH, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT AND (2) DEFENDANT CRYSTAL LEI'S SPECIAL MOTION TO STRIKE THE FIRST CUASE OF ACTION FROM PLAINTIFF DEMAS YAN'S FIRST AMENDED COMPLAINT AND DEMURRER TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-04-2009 | REPLY DECLARATION OF TONY FU IN SUPPORT OF (1) HIS DEMURRER TO THE FIRST , THIRD, FOURTH, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| NOV-19-2009 | MINI-MINUTES FOR NOV-19-2009 9:30 AM | | |
| NOV-19-2009 | LAW AND MOTION 302, MDEFENDANT TONY FU MOTION TO STRIKE FIRST AMENDED COMPLAINT CONTINUED FROM NOV-19-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12/17 PER THE EX PARTE ORDER. JUDGE: HAROLD E. KAHN, REPORTER: BRENDA FIELDS, CSR #7235 | | |

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 15 of 111

RJN013

| NOV-17-2009 | REMITTITUR AFFIRMED (A122876, DIV. 5) | View | |
|---|---|---|---|
| NOV-17-2009 | ORDER TO SHOW CAUSE SET FOR NOV-30-2009 CONTINUED TO JAN-25-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER (S), OR ENTER DEFAULT(S) AS TO FIRST AMENDED COMPLAINT. THE NOV-30-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| NOV-13-2009 | MOTION TO STRIKE 1ST AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES (JOINDER) FILED BY DEFENDANT FU, TONY HEARING SET FOR DEC-11-2009 AT 09:30 AM IN DEPT 302 | | NO FEE |
| NOV-13-2009 | MOTION TO STRIKE 1ST AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES FILED BY DEFENDANT LEI, CRYSTAL HEARING SET FOR DEC-11-2009 AT 09:30 AM IN DEPT 302 | | NO FEE |
| NOV-13-2009 | DEMURRER TO 1ST AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES ; REQUEST FOR JUDICIAL NOTICE FILED BY DEFENDANT LEI, CRYSTAL HEARING SET FOR DEC-11-2009 AT 09:30 AM IN DEPT 302 | | 410.00 |
| NOV-13-2009 | DEMURRER TO 1ST AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES ; REQUEST FOR JUDICIAL NOTICE FILED BY DEFENDANT FU, TONY HEARING SET FOR DEC-11-2009 AT 09:30 AM IN DEPT 302 | | 40.00 |
| NOV-12-2009 | SUBSTITUTION OF ATTORNEY: MOORE, ROBERT RORY SUBSTITUTED FOR PRO PER AS ATTORNEY FOR FU, TONY | | |
| NOV-10-2009 | ORDER TO CONTINUE DEFENDANT'S (TONY FU) SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT FROM NOVEMBER 19 TO DECEMBER 17, 2009 | View | |
| NOV-10-2009 | EX PARTE APPLICATION FOR ORDER TO CONTINUE THE MTN AND SPECIAL MTN TO STRIKE PLTF'S FIRST AMENDED COMPLAINT FROM NOV 19 TO DEC 17, DECLARATION FILED BY DEFENDANT FU, TONY | | IFP |
| NOV-09-2009 | NOTICE OF CHANGE OF ADDRESS FILED BY PRO PER | | |
| NOV-04-2009 | FIRST AMENDED OPPOSITION TO DEFENDANT TONY FU'S SPECIAL MOTION TO STRIKE FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| OCT-28-2009 | MINI-MINUTES FOR OCT-28-2009 9:30 AM | | |
| OCT-28-2009 | LAW AND MOTION 302, DEFENDANT TONY FU'S SPECIAL MOTION TO STRIKE [CCP SECTION 425.16] PLAINTIFF'S FIRST AMENDED COMPLAINT. RULING: NO APPEARANCE ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING - CONTINUED TO NOVEMBER 19, 2009. PLAINTIFF TO SERVE OPPOSITION ON DEFENDANT. DEFENDANT'S REPLY INDICATES THAT OPPOSITION WAS NOT SERVED. DEFENDANT TO FILE AND SERVE AMENDED REPLY BY NOVEMBER 10, 2009. (302:CWW) JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| OCT-20-2009 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFTS REPLY TO PLTF'S OPPOS TO SPECIAL MOTION TO STRIKE PURSUANT OT CCP 425.16 FILED BY DEFENDANT FU, TONY | | |
| OCT-16-2009 | OPPOSITION TO SPECIAL MOTION TO STRIKE FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| OCT-09-2009 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL SERVED SEP-22- | View | |

RJN014

| | | | |
|---|---|---|---|
| | 2009, SUBSTITUTE SERVICE ON NATURAL PERSON ON DEFENDANT FU, DONG XING AKA TONY FU, AN INDIVIDUAL | | |
| OCT-09-2009 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL SERVED OCT-09-2009, PERSONAL SERVICE ON DEFENDANT LEI, LI MING AKA CRYSTAL LEI, AN INDIVIDUAL | View | |
| SEP-29-2009 | ORDER TO SHOW CAUSE SET FOR OCT-13-2009 CONTINUED TO NOV-30-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER (S), OR ENTER DEFAULT(S) AS TO FIRST AMENDED COMPLAINT. THE OCT-13-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| SEP-28-2009 | MOTION TO STRIKE 1ST AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT FU, TONY HEARING SET FOR OCT-28-2009 AT 09:30 AM IN DEPT 302 | | IFP |
| SEP-22-2009 | MINI-MINUTES FOR SEP-22-2009 9:30 AM | | |
| SEP-22-2009 | LAW AND MOTION, 302, DEFENDANT TONY FU MOTION TO STRIKE PLAINTIFF'S COMPLAINT, PURSUANT TO CCP SECTION 425.16. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: OFF CALENDAR. AMENDED COMPLAINT FILED SEPTEMBER 8, 2009. JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE, CSR #5797 | | |
| SEP-15-2009 | MEMO OF P&A IN SUPPORT OF DEFT'S REPLY TO PLTF'S OPPOSITON SPECIAL MOTION TO STRIKE FILED BY DEFENDANT FU, TONY | | |
| SEP-15-2009 | DECLARATION OF TONY FU IN SUPPORT OF DEFT'S REPLY TO PLTF'S OPPOSITION FILED BY DEFENDANT FU, TONY | | |
| SEP-15-2009 | DECLARATION OF CRYSTAL LEI IN SUPPORT OF DEFTS' REPLY TO PLTF'S OPPOSITION FILED BY DEFENDANT FU, TONY | | |
| SEP-14-2009 | OPPOSITION TO SPECIAL MOTION TO STRIKE; DECLARATION; MEMO P/A FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| SEP-08-2009 | 1ST AMENDED COMPLAINT FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL AS TO DEFENDANT LEI, LI MING AKA CRYSTAL LEI, AN INDIVIDUAL FU, DONG XING AKA TONY FU, AN INDIVIDUAL DOES 1-10, INCLUSIVE | View | |
| AUG-31-2009 | MINI-MINUTES FOR AUG-31-2009 9:30 AM | | |
| AUG-31-2009 | ORDER ON MOTION TO AMEND COMPLAINT (GRANTED) | View | |
| AUG-31-2009 | LAW AND MOTION 302, PLAINTIFF DEMAS YAN MOTION TO AMEND COMPLAINT. ARGUED AND THE COURT ADOPTED AND AMENDED ITS TENTATIVE RULING AS FOLLOWS: GRANTED, WITH TEN DAYS LEAVE TO FILE AN AMENDED COMPLAINT. ORDER SIGNED IN OPEN COURT. JUDGE: RONALD EVANS QUIDACHAY, REPORTER: ROBERT BALIAN, CSR #5220 | | |
| AUG-24-2009 | NTC AND MTN TO STRIKE, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT FU, TONY HEARING SET FOR SEP-22-2009 AT 09:30 AM IN DEPT 302 | | IFP |
| AUG-24-2009 | REPLY TO OPPOSITION TO MOTION TO AMEND FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| AUG-17-2009 | OPPOSITION TO PLTF'S NTC OF MTN AND MTN TO AMEND COMPLAINT FILED BY DEFENDANT FU, TONY | | |
| AUG-03-2009 | ORDER TO SHOW CAUSE SET FOR AUG-17-2009 CONTINUED TO | View | |

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 17 of 111

RJN015

| | | | |
|---|---|---|---|
| | OCT-13-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) LI MING LEI. THE AUG-17-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | | |
| JUL-24-2009 | REPLY TO OSC FOR FAILURE TO OBTAIN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST DEFENDANT(S) LI MING LEI FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| JUL-22-2009 | NOTICE OF MOTION TO AMEND COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL. HEARING SET FOR AUG-31-2009 AT 09:30 AM IN DEPT 302 | | IFP |
| MAY-12-2009 | ORDER TO SHOW CAUSE SET FOR MAY-18-2009 CONTINUED TO AUG-17-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) LI MING LEI. THE MAY-18-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| MAY-05-2009 | RESPONSE TO OSC FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL. | | |
| MAR-16-2009 | ORDER TO SHOW CAUSE SET FOR MAR-16-2009 CONTINUED TO MAY-18-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) LI MING LEI. NOTICE SENT BY COURT. | View | |
| MAR-16-2009 | MINI-MINUTES FOR MAR-16-2009 1:30 PM | | |
| JAN-06-2009 | ORDER TO SHOW CAUSE SET FOR JAN-12-2009 CONTINUED TO MAR-16-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) LI MING LEI. THE JAN-12-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| DEC-29-2008 | REMITTITUR PARTIAL DISMISSAL AS TO RESPONDENT JANINA ELDER ONLY (A122876. DIV. 5) | View | |
| DEC-01-2008 | REFUND/REIMBURSEMENT OF $303.00 FOR TRANSACTION W2808A06A001 (REPORTERS COSTS DEPOSITED). PAYABLE TO TONY FU, DOC #1901602450, TRUST TAG #21932. WARRANT #38002549. DATED DEC-01-2008 | | |
| DEC-01-2008 | REFUND/REIMBURSEMENT OF $22.00 FOR TRANSACTION W2808A06A001 (REPORTERS COSTS DEPOSITED). PAYABLE TO CSR TORREANO, DOC #1901602441, TRUST TAG #21932. WARRANT #38002544, DATED DEC-01-2008 | | |
| NOV-07-2008 | ORDER VACATING SANCTION AS TO DEMAS YAN IMPOSED ON OCT-14-2008. | View | |
| NOV-05-2008 | CERTIFICATION NTC MAILED | | |
| NOV-05-2008 | APPEAL RECORD CERTIFIED TO THE COURT OF APPEAL A122876 #5,1VOL.CT,1VOL.RT | | |
| OCT-24-2008 | NOTICE RE RESPONDENTS COPY OF TRANSCRIPTS | | |
| OCT-14-2008 | ORDER TO SHOW CAUSE SET FOR OCT-14-2008 CONTINUED TO JAN-12-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE AND OBTAIN ANSWER(S) OR ENTER DEFAULT(S) AGAINST DEFENDANT(S) LI MING LEI. NOTICE SENT BY COURT. | View | |
| OCT-14-2008 | SANCTIONS ORDERED IN THE AMOUNT OF $350.00 AGAINST DEMAS YAN, FOR FAILURE TO APPEAR AT THE ORDER TO SHOW CAUSE HEARING ON: OCT-14-2008, PAYABLE ON OR BEFORE OCT-29-2008. PROCEEDINGS REPORTED BY: JO ANN | View | |

| | | | |
|---|---|---|---|
| | PRIOR, CSR# 9129. (212) NOTICE SENT BY COURT. | | |
| OCT-14-2008 | MINI-MINUTES FOR OCT-14-2008 1:30 PM | | |
| OCT-09-2008 | PROOF OF SERVICE OF SUMMONS; COMPLAINT FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL SERVED OCT-10-2008. SUBSTITUTE SERVICE ON NATURAL PERSON ON DEFENDANT LEI, LI MING AKA CRYSTAL LEI, AN INDIVIDUAL | View | |
| OCT-06-2008 | DIRECTORY NOTICE TO REPORTER TO PREPARE TRANSCRIPT - TORREANO | | |
| OCT-06-2008 | CLERK'S NOTICE OF FILING OF NOTICE OF APPEAL. | | |
| OCT-06-2008 | REPORTERS COSTS DEPOSITED BY APPELLANT (TRUST #021932) | | 325.00 |
| OCT-06-2008 | REQUEST FOR CLERK'S/REPORTER'S TRANSCRIPT FILED | View | |
| OCT-02-2008 | NOTICE OF APPEAL/REQUEST FOR TRANSCRIPT (APPEAL ONLY) FILED BY DEFENDANT FU, TONY | View | IFP |
| OCT-02-2008 | APPLICATION FOR WAIVER OF COURT FEES AND COSTS PURSUANT TO G.C. 68511.3 (CONFIDENTIAL) FILED BY DEFENDANT FU, TONY ORDER GRANTING WAIVER OF COURT FEES AND COSTS PURSUANT TO CRC 3.50 - 3.63 | | |
| AUG-07-2008 | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED GRANTING MOTION FOR STRIKING THE X-COMPLAINT FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL | | |
| AUG-04-2008 | MINI-MINUTES FOR AUG-04-2008 9:30 AM | | |
| AUG-04-2008 | ORDER GRANTING MOTION TO STRIKE CROSS COMPLAINT PURSUANT TO CCP 425.16 | View | |
| AUG-04-2008 | LAW AND MOTION 302, CROSS-DEFENDANT DEMAS YAN'S SPECIAL MOTION TO STRIKE CROSS-COMPLAINT FOR 1) MALICIOUS PROSECUTION; 2) INTENTIONAL TORT; 3) NEGLIGENT (PURSUANT TO CCP 425.16(ANTI-SLAPP) IS GRANTED. NO OPPOSITION FILED. ORDER SIGNED IN OPEN COURT. JUDGE: PATRICK J. MAHONEY. REPORTER: MARIA TORREANO, CSR 8600 | | |
| AUG-04-2008 | ORDER TO SHOW CAUSE SET FOR AUG-11-2008 CONTINUED TO OCT-14-2008 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE AND OBTAIN ANSWER(S) OR ENTER DEFAULT(S) AGAINST DEFENDANT(S) LI MING LEI. THE AUG-11-2008 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| JUL-23-2008 | REQUEST THE MOTION TO STRIKE BE DISMISSED OR TAKEN OFF CALENDAR FILED BY DEFENDANT FU, TONY | | |
| JUL-10-2008 | NOTICE OF MOTION AND MOTION FOR SPECIAL MOTION TO STRIKE X-COMPLAINT FOR 1) MALICIOUS PROSECUTION; 2) INTENTIONAL TORT; 3) NEGLIGENT (PURSUANT TO CCP 425.16 (ANTI-SLAPP)). PROOF OF SERVICE. POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN, DEMAS , AN INDIVIDUAL HEARING SET FOR AUG-04-2008 AT 09:30 AM IN DEPT 302 | | IFP |
| JUL-08-2008 | NOTICE OF UNAVAILABILITY OF PRO PER ON JUL-10-2008 THROUGH SEP-26-2008 FILED BY CROSS COMPLAINANT FU, TONY FU, TONY | | |
| JUN-19-2008 | CROSS COMPLAINT FILED BY CROSS COMPLAINANT FU, TONY AS TO CROSS DEFENDANT YAN, DEMAS , AN INDIVIDUAL. ELDER, JANINA TRUSTEE OF THE ESTATE OF THE ESTATE OF YAN DOES 1 TO 10 | View | |

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 19
of 111

RJN017

| JUN-19-2008 | ANSWER TO COMPLAINT FILED BY DEFENDANT FU, TONY | View | 335.00 |
| APR-07-2008 | ORDER TO SHOW CAUSE SET FOR APR-07-2008 CONTINUED TO AUG-11-2008 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER (S), OR ENTER DEFAULT(S). NOTICE SENT BY COURT. | View | |
| APR-07-2008 | MINI-MINUTES FOR APR-07-2008 1:30 PM | | |
| FEB-14-2008 | ORDER TO SHOW CAUSE SET FOR APR-07-2008 IN DEPARTMENT 212 AT 1:30 PM FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER(S), OR ENTER DEFAULT (S). THE FEB-22-2008 CASE MANAGEMENT CONFERENCE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| JAN-15-2008 | AFTER HEARING, ORDER TO SHOW CAUSE IS ORDERED OFF CALENDAR. (212) PROCEEDINGS REPORTED BY: HELEN SOREP-MATLEY, CSR#9225. (212) | | |
| JAN-15-2008 | MINI-MINUTES FOR JAN-15-2008 9:00 AM | | |
| DEC-12-2007 | ADDED TO PROOF OF SERVICE ORDER TO SHOW CAUSE CALENDAR HEARING SET FOR JAN-15-2008 AT 09:00 AM IN DEPT 212 | View | |
| SEP-27-2007 | ORDER GRANTING WAIVER OF COURT FEES AND COSTS PURSUANT TO CRC 3.50 - 3.63 AS TO PLAINTIFF YAN, DEMAS, AN INDIVIDUAL. | View | |
| SEP-24-2007 | APPLICATION PENDING FOR WAIVER OF COURT FEES AND COSTS PURSUANT TO G.C. 68511.3 (CONFIDENTIAL) FILED BY PLAINTIFF YAN, DEMAS, AN INDIVIDUAL | | |
| SEP-24-2007 | NOTICE TO PLAINTIFF | View | |
| SEP-24-2007 | DEFAMATION, COMPLAINT FILED BY PLAINTIFF YAN, DEMAS, AN INDIVIDUAL AS TO DEFENDANT LEI, LI MING AKA CRYSTAL LEI, AN INDIVIDUAL FU, DONG XING AKA TONY FU, AN INDIVIDUAL DOES 1-10, INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR FEB-22-2008 PROOF OF SERVICE DUE ON NOV-26-2007 CASE MANAGEMENT STATEMENT DUE ON FEB-07-2008 | View | IFP |

RJN018

# EXHIBIT 2

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 21
of 111

RJN019



San Francisco Superior Courts
Information Technology Group

# Document Scanning Lead Sheet

Sep-24-2007 10:11 am

Case Number: CGC-07-467500

Filing Date: Sep-24-2007 9:54

Juke Box: 001    Image: 01893083

COMPLAINT

DEMAS YAN VS. LI MING LEI et al

001C01893083

**Instructions:**
Please place this sheet on top of the document to be scanned.

RJN020

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LI MING LEI aka CRYSTAL LEI, an individual, DONG
XING FU aka TONY FU, an individual, and DOES 1 to 10
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Demas Yan, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more Information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>CIVIC CENTER COURTHOUSE<br>400 McAllister Street<br>San Francisco.CA 94102-4514 | CASE NUMBER<br>*(Número del Caso):*<br>CGC-07-467500 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Demas Yan
1433 7th Ave.
San Francisco, CA 94122
Tel. (415) 867-5797

DATE: 9/24/2007    Clerk, by _____ Jun Panelo, Deputy
*(Fecha)*    Gordon Park-Li    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ x ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*    Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 23 of 111

RJN021

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

**Demas Yan**
1433 7th Avenue, San Francisco, CA

TELEPHONE NO. **PRO PER**   Tel: (415) 867-5797   FAX NO.: 801-720-8223

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME: **DEMAS YAN**
LI MING LEI, et al.



**FILED**
San Francisco County Superior Court

√ SEP 2 4 2007

**GORDON PARK-LI, Clerk**
BY: _____
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 0 8 0 - 0 7 - 4 6 7 5 0 0 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [X] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: **DEMAS YAN**

(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

RJN022

CASE MANAGEMENT CONFERENCE SET

**FILED**
San Francisco County Superior Court

√ SEP 2 4 2007

GORDON PARK-LI, Clerk

BY _____
Deputy Clerk

SUMMONS ISSUED

Demas Yan
1433 7th Ave.
San Francisco, CA 94122
Tel: (415) 867-5797
Fax: 801-720-9223

FEB 2 2 2008 -9:00AM

DEPARTMENT 212

Plaintiff in Pro Per

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN FRANCISCO
### UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| Demas Yan, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>LI MING LEI aka CRYSTAL LEI, an individual, DONG XING FU aka TONY FU, an individual, and DOES 1 to 10 inclusive,<br><br>    Defendants. | Case No. CGC-07-467500<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) LIBEL<br>2) SLANDER PER SE<br><br>**DEMAND FOR JURY TRIAL** |

## ALLEGATIONS

1. Plaintiff is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

2. Plaintiff is informed and believes that Defendants LI MING LEI (Lei) and DONG XING FU (Fu) are over 18 years old, and are and at all times herein mentioned were, residents of the City and County of San Francisco, California.

3. Defendants Doe 1 through Doe 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants were agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of their codefendants.

COMPLAINT DAMAGES

1

RJN023

5. Venue is proper in this court as the events that gave rise to this action and the substance of the transactions at issue occurred within the City and County of San Francisco, California.

## FIRST CAUSE OF ACTION

### LIBEL

6. On or about September 25, 2006, defendants published writings to third parties, stating that Plaintiff improperly, dishonestly, and illegally withdrew funds and assets from a corporation, and that Plaintiff mismanaged and caused said corporation to become insolvent.

7. These writings have a tendency to injure the plaintiff in his occupation and business and are libelous on its face because it charges plaintiff with dishonesty and crime of conversion.

8. Those statements make by defendants are false.

9. As a proximate result of the above-described publication, plaintiff has suffered loss of his reputation, shame, mortification, and hurt feelings all to his general damage.

10. The above-described publication was published by the defendants with malice, oppression, and fraud in that defendants make those statements knowing that those statements are false and without basis in fact. The acts by the defendants are shameless and despicable, thus plaintiff seeks an award of punitive and exemplary damages.

## SECOND CAUSE OF ACTION

### SLANDER PER SE

11. Around October 2006 to June 2007, defendants spoke the following words of and concerning the plaintiff to third parties - that Plaintiff improperly, dishonestiy, and illegally withdrew funds and assets from a corporation; that Plaintiff mismanaged and caused said corporation to become insolvent; that Plaintiff engaged in bribery and crimes.

12. These words were slanderous per se because they charge the plaintiff with dishonesty and

COMPLAINT DAMAGES

2

RJN024

crimes and because they tend to injure plaintiff in his trade or business by imputing to him a lack of integrity and trustworthiness.

13. The words uttered by defendants are false.

14. As a result of the above-described words, plaintiff has suffered loss of his reputation, shame, mortification, and hurt feelings all to his general damage.

15. The above-described words were spoken by the defendants with malice, oppression, and fraud in that defendants make those statements knowing that those statements are false and without basis in fact. The acts by the defendants are shameless and despicable, thus plaintiff seeks an award of punitive and exemplary damages.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

16. For general damages in the sum of $3,000,000;

17. For special damages in the sum of $100,000 or according to proof;

18. For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct;

19. For costs of suit incurred herein;

20. For such other and further relief as the court may deem proper.

I declare under penalty of perjury in the State of California that the foregoing is true and correct.

Dated: September 22, 2007

By: _____

Demas Yan

RJN025

# EXHIBIT 3

RJN026



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

## Document Scanning Lead Sheet

Sep-08-2009 11:51 am

Case Number: CGC-07-467500

Filing Date: Sep-08-2009 11:50

Juke Box: 001     Image: 02609302

COMPLAINT

DEMAS YAN VS. LI MING LEI et al

001C02609302

**Instructions:**
Please place this sheet on top of the document to be scanned.

RJN027

DEMAS YAN
1433 7th Avenue
San Francisco, California 94122
Phone (415) 867-5797
Fax (415) 901-0650

Plaintiff in Pro Per



F I L E D
Superior Court of California
County of San Francisco

SEP 08 2009

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

Demas Yan, an individual,

    Plaintiff,

v.

LI MING LEI aka CRYSTAL LEI, an
individual, DONG XING FU aka TONY FU,
an individual, and DOES 1 to 10 inclusive,

    Defendants.

Case No.: CGC-08-467500

FIRST AMENDED COMPLAINT

1.  LIBEL
2.  SLANDER PER SE
3.  BREACH OF FIDUCIARY DUTY
4.  UNJUST ENRICHMENT
5.  FRAUDULENT TRANSFER

**DEMAND FOR JURY TRIAL**

PRELIMINARY ALLEGATIONS

1.  Plaintiff is over 18 years old, and is and at all times herein mentioned was, a resident of
San Francisco County, California.

2.  Plaintiff is informed and believes that Defendants LI MING LEI ("LEI") and DONG
XING FU ("FU") are over 18 years old, and are and at all times herein mentioned were,
residents of the City and County of San Francisco, California.

First amended complaint - 1

RJN028

3. Defendants DOE 1 through DOE 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants were agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of their codefendants.

5. Venue is proper in this court as the events that gave rise to this action and the substance of the transactions at issue occurred within the City and County of San Francisco, California.

## SUBSTANTIVE ALLEGATIONS

6. Plaintiff DEMAS YAN ("YAN") has known Defendant FU and LEI since the early 1990's.

7. FU was a licensed general building contractor from 1993 until 2001 when FU's license was suspended for unpaid judgment.

8. Around 1998 to 2005, YAN had business relationships in real estate development with defendants FU and LEI.

9. Around 2000 to 2002, YAN and FU were officers and shareholders of SAN FRANCISCO BUILDING PROFESSIONALS, INC. ("SFBP"), a California corporation.

10. Defendants FU and LEI were husband and wife. Around 2000, FU and LEI obtained a divorce from one another which was a ploy used to shield both their joint assets from FU's many creditors. At the time of their divorce FU and LEI owned several real properties in San Francisco, and that just prior to filing their divorce, FU quitclaimed or transferred title in said properties to LEI. FU and LEI continued to live together after their shame divorce, and bought additional real properties in San Francisco with nominal

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 31 of 111

RJN029

title held by LEI. One such property held in LEI's name is a property known as 337 28th Avenue in San Francisco ("PROPERTY").

## FIRST CAUSE OF ACTION
## LIBEL

11. Around 2003, FU ordered building materials from SIERRA POINT LUMBERS ("SIERRA"), which is a building material supplier. FU ordered the material by credit from a corporate credit account under SFBP. FU used the material for remodeling of the PROPERTY. FU did not pay for the material. SIERRA sued FU and SFBP in the San Francisco Superior Court, case number CGC-04-428983. SIERRA obtained a judgment against in the amount of approximately $97,000. Because FU had transferred his assets to LEI and other family members, SIERRA was unable to collect on the judgment from FU. SIERRA was also unable to collect from SFBP.

12. On or about September 25, 2006, FU published writings to third parties falsely accusing YAN of illegally withdrawing funds and assets from SFBP, and that Plaintiff mismanaged and caused SFBP to become insolvent.

13. These writings have a tendency to injure the plaintiff in his occupation and business and are libelous on its face.

14. Those statements made by defendants are false.

15. As a proximate result of the above-described publication, plaintiff has suffered loss of his reputation, shame, mortification, and hurt feelings all to his general damage.

16. The above-described publication was published by the defendants with malice, oppression, and fraud in that defendants make these statements knowing that those statements are false and without basis in fact. The acts by the defendants are shameless and despicable, thus plaintiff seeks an award of punitive and exemplary damages.

First amended complaint - 3

RJN030

## SECOND CAUSE OF ACTION

## SLANDER PER SE

17. Plaintiff incorporates by reference each and every paragraph above herein.

18. Around October 2006 to June 2009, FU spoke the following words of and concerning YAN: that YAN illegally withdrew funds and assets from SFBP; that Plaintiff mismanaged and caused SFBP to become insolvent; that YAN engaged in official bribery; that YAN committed fraud and other crimes.

19. These words were slanderous per se because they charge the plaintiff with dishonesty and crimes and because they tend to injure plaintiff in his trade or business by imputing to him a lack of integrity and trustworthiness. The words uttered by FU were false.

20. As a result of the above-described words, plaintiff has suffered loss of his reputation, shame, mortification, and hurt feelings all to his general damage.

21. The above-described words were spoken by the defendants with malice, oppression, and fraud in that defendants make those statements knowing that those statements are false and without basis in fact. The acts by the defendants are shameless and despicable, thus plaintiff seeks an award of punitive and exemplary damages.

## THIRD CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

22. Plaintiff incorporates by reference each and every paragraph above herein.

23. Defendants owe YAN duties of fair dealing, loyalty, and fiduciary duty because of their business and confidential relationships.

24. Defendants and their agents knowingly and willfully conspired and agreed among themselves to commit a multitude of wrongs against YAN, in breach of their respective and collective fiduciary duty to YAN.

First amended complaint - 4

RJN031

25. As a proximate result of the wrongful acts herein alleged, plaintiff has been generally damaged.

26. As a direct result of defendants' fraudulent and malicious actions, defendants unjustly profited at plaintiff's expense. Defendants' breach of fiduciary duties are direct and proximate causes of damages to plaintiff, including direct, consequential, and incidental pecuniary damages, loss of earnings, loss of prospective economic advantages, loss of reputation, loss of personal credit, and extreme emotional distress and suffering.

27. Defendants' actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

28. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

29. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. California Federal Bank v. Matreyek, 8 Cal. App. 4th 125 (1992).

30. The elements of unjust enrichment include; receipt of a benefit and unjust retention of the benefit at the expense of another. Lectrodryer v. SeoulBank, 77 Cal.App.4th 723 (2000).

31. In committing the acts herein alleged, the Defendants have acted with oppression, fraud, malice, and have been unjustly enriched by their behavior.

32. Defendants should be found to have been unjustly enriched by their actions and forced to disgorge the fruits of their wrong. Plaintiff is further entitled to the imposition of a constructive trust on any and all property which can be traced.

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 34 of 111

RJN032

# FIFTH CAUSE OF ACTION
## FRAUDULENT TRANSFER

33. FU transferred to or allowed co-defendants to take title to his moneys, causes of actions, and contracts. Plaintiff is informed and believes and thereon alleges that above mentioned transfers are done without receiving reasonably equivalent value in exchange and with actual intent to hinder, delay, or defraud all of FU's then and future creditors, including plaintiff in the collection of his claims.

34. Plaintiff is informed and believes and thereon alleges that the above-described fraudulent transfers were received by co-defendants with knowledge that FU intended to defraud, hinder, or delay the collection of claims of all the then and future creditors of FU.

WHEREFORE, plaintiff prays judgment:

1. For general damages in the amount of $3,000,000;
2. For special damages in the sum of $2,000,000 or according to proof;
3. For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct.
4. For costs of suit herein incurred;
5. For attorney's fee; and
6. For such other and further relief as the court may deem proper.

I declare under penalty of perjury in the State of California that the foregoing is true and correct.

Dated: July 17, 2009

By:   original signed

   Demos Yan.

   Plaintiff in Pro Per

First amended complaint - 6

RJN033

# EXHIBIT 4

RJN034



## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Sep-23-2010 2:23 pm

Case Number: CGC-07-467500

Filing Date: Sep-22-2010 2:20

Juke Box: 001    Image: 02981940

ORDER

DEMAS YAN VS. LI MING LEI et al

001C02981940

**Instructions:**
Please place this sheet on top of the document to be scanned.

1    ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
     ROBERT R. MOORE (BAR NO. 113818)
2    MICHAEL J. BETZ (BAR NO. 196228)
     BRYAN L. HAWKINS (BAR NO. 238346)
3    Three Embarcadero Center, 12th Floor
     San Francisco, CA 94111-4074
4    Telephone: (415) 837-1515
     Facsimile: (415) 837-1516
5
     Attorneys for Defendants
6    Crystal Lei and Tony Fu

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SAN FRANCISCO

10

11   DEMAS YAN, an individual,                    Case No. CGC-07-467500

12              Plaintiff,                         Date:    June 2, 2010
                                                  Time:    9:30 a.m.
13        vs.                                      Dept:    302
                                                  Judge:   Honorable Charlotte Woolard
14   CRYSTAL LEI, an individual; TONY FU, an
     individual; and DOES 1 through 10,           [PROPOSED] ORDER CONCERNING
15                                                DEFENDANTS CRYSTAL LEI AND TONY FU'S (1)
                Defendants.                        DEMURRER TO THE FIRST, SECOND, AND THIRD
16                                                CAUSES OF ACTION IN PLAINTIFF DEMAS YAN'S
                                                  FIRST AMENDED COMPLAINT AND (2) MOTION
17                                                TO STRIKE PLAINTIFF'S CLAIM FOR DAMAGES

18                                                Complaint Filed:  September 24, 2007
                                                  Trial Date:       None set.
19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

776167

[PROPOSED] ORDER

1      On June 2, 2010, at 9:30 a.m. Defendants Crystal Lei and Tony Fu's (collectively

2   "Defendants") (1) demurrer to the first, second, and third causes of action in Plaintiff Demas

3   Yan's ("Plaintiff") Second Amended Complaint and (2) motion to strike Plaintiff's claim for

4   damages was heard in Department 302 of the San Francisco County Superior Court.

5           After full consideration of the moving papers and oral arguments of counsel,

6           IT IS HEREBY ORDERED THAT:

7               1.  Defendants' demurrer is overruled.

8               2.  Defendants' motion to strike granted without leave to amend as to claim for attorney

9           fees only. Motion to strike denied as to remainder.

10      ~~SEPTEMBER~~ 22, 2010
     Dated: ~~June 2, 2010~~
11                                         CHARLOTTE WOOLARD
                                           JUDGE OF THE SUPERIOR COURT
12

13

14   Approved as to form:

     By:                                          Dated:    June 6, 2010
15      Demas Yan
        Pro Per
16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

776167

[PROPOSED] ORDER

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 39
                                    of 111

RJN037

# EXHIBIT 5

RJN038



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Mar-16-2010 5:04 pm

Case Number: CGC-07-467500

Filing Date: Mar-16-2010 5:03

Juke Box: 001    Image: 02792217

COMPLAINT

DEMAS YAN VS. LI MING LEI et al

001C02792217

**Instructions:**
Please place this sheet on top of the document to be scanned.

DEMAS YAN
595 Market Street, Suite 1350
San Francisco, California 94105
Phone (415) 867-5797
Fax (415) 901-0650

Plaintiff in Pro Per

**FILED**

San Francisco County Superior Court

MAR 1 0 2010

**CLERK OF THE COURT**
BY: _Judith B._
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

Demas Yan, an individual,

Plaintiff,

v.

LI MING LEI aka CRYSTAL LEI, an
individual, DONG XING FU aka TONY FU,
an individual, and DOES 1 to 10 inclusive,

Defendants.

**Case No.: CGC-08-467500**

SECOND AMENDED COMPLAINT

1. BREACH OF FIDUCIARY DUTY
2. UNJUST ENRICHMENT
3. FRAUDULENT TRANSFER

**DEMAND FOR JURY TRIAL**

PRELIMINARY ALLEGATIONS

1. Plaintiff is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

2. Plaintiff is informed and believes that Defendants LI MING LEI ("LEI") and DONG XING FU ("FU") are over 18 years old, and are and at all times herein mentioned were, residents of the City and County of San Francisco, California.

3. Defendants DOE 1 through DOE 10, inclusive, are sued herein under fictitious names Their true names and capacities are unknown to plaintiff. When their true names and

second amended complaint - 1

RJN040

1    capacities are ascertained, plaintiff will amend this complaint by inserting their true
2    names and capacities herein.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,
   Defendants were agents, servants, and employees of their codefendants, and in doing the
   things hereinafter alleged were acting in the scope of their authority as agents, servants,
   and employees, and with the permission and consent of their codefendants.

5. Venue is proper in this court as the events that gave rise to this action and the substance
   of the transactions at issue occurred within the City and County of San Francisco,
   California.

## SUBSTANTIVE ALLEGATIONS

6. Plaintiff DEMAS YAN ("YAN") has known Defendant FU and LEI since the early
   1990's.

7. FU was a licensed general building contractor from 1993 until 2001 when FU's license
   was suspended for unpaid judgment.

8. Around 1998 to 2005, YAN had business relationships in real estate development with
   defendants FU and LEI.

9. Around 2000 to 2002, YAN and FU were officers and shareholders of SAN
   FRANCISCO BUILDING PROFESSIONALS, INC. ("SFBP"), a California corporation.

10. Defendants FU and LEI were husband and wife. Around 2000, FU and LEI obtained a
    divorce from one another which was a ploy used to shield both their joint assets from
    FU's many creditors. At the time of their divorce FU and LEI owned several real
    properties in San Francisco, and that just prior to filing their divorce, FU quitclaimed or
    transferred title in said properties to LEI. FU and LEI continued to live together after
    their shame divorce, and bought additional real properties in San Francisco with nominal
    title held by LEI. One such property held in LEI's name is a property known as 337 28th
    Avenue in San Francisco ("PROPERTY").

second amended complaint - 2

## FIRST CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

11. Plaintiff incorporates by reference each and every paragraph above herein.

12. Plaintiff has known defendant Fu and Lei since 1990.

13. Starting around 1997, defendants and plaintiff agreed orally to form a joint venture to develop real properties. The agreement was to jointly look for projects and develop real property for resale and profit. For each project so identified, plaintiff was to buy the real property and Fu was to be the construction contractor and sharing in the profits after sale.

14. Subsequently from 1998 to 2005, plaintiff and Fu developed several real estate projects were plaintiff purchased the properties and financed the development of those real properties with Fu acting as the general construction contractor.

15. Also approximately during the same period and in connection with the development of real estate projects, plaintiff and defendant Fu formed a California corporation for the purpose of holding funds designated for real estate projects. Plaintiff and Fu were both shareholders and officers of the corporation.

16. Defendants owe plaintiff duties of fair dealing, loyalty, and fiduciary duty because of their business and confidential relationships.

17. From 2004 to 2007, defendants knowingly and willfully conspired and agreed among themselves to committed a multitude of wrongs against plaintiff, in breach of their respective and collective fiduciary duty to plaintiff, including defrauding plaintiff in the projects that they jointly developed; embezzle funds and converted funds to defendants' private use for payment of their personal credit cards, purchase of jewelry, purchase of new automobile, and purchase of real property which is held under Lei's name; using the company account without authority to ordered and take delivery of construction material for use on defendants' personal real property which was held under Lei's name; taking delivery of construction material for use on their personal property without paying and

second amended complaint - 3

RJN042

then falsely accusing plaintiff of the wrongful act that was actually committed by defendants themselves; defrauded plaintiff into giving defendants and their agents trust deeds and promissory notes; altering and forging documents; withholding and concealing business information from plaintiff; inducing their agents or innocent third parties to sue plaintiff; and other despicable and dishonest acts.

18. The fraud and deceit of the defendant as herein alleged was not fully discovered by the plaintiff until on or about November 2006.

19. Defendants did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement. Defendants furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted the acts of defendant Fu.

20. As a proximate result of the wrongful acts herein alleged, plaintiff has been generally damaged.

21. As a direct result of defendants' fraudulent and malicious actions, defendants unjustly profited at plaintiff's expense. Defendants' breach of fiduciary duties are direct and proximate causes of damages to plaintiff, including direct, consequential, and incidental pecuniary damages, loss of earnings, loss of prospective economic advantages, loss of reputation, loss of personal credit, and emotional distress and suffering.

22. Defendants' actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

23. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

24. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. California Federal Bank v. Matreyek, 8 Cal. App. 4th 125 (1992).

25. The elements of unjust enrichment include; receipt of a benefit and unjust retention of the benefit at the expense of another. Lectrodryer v. SeoulBank, 77 Cal.App.4th 723 (2000).

26. In committing the acts herein alleged, the Defendants have acted with oppression, fraud, malice, and have been unjustly enriched by their behavior.

27. Defendants should be found to have been unjustly enriched by their actions and forced to disgorge the fruits of their wrong. Plaintiff is further entitled to the imposition of a constructive trust on any and all property which can be traced.

## THIRD CAUSE OF ACTION
## FRAUDULENT TRANSFER

28. FU transferred to or allowed co-defendants to take title to his moneys, causes of actions, and contracts. Plaintiff is informed and believes and thereon alleges that above mentioned transfers are done without receiving reasonably equivalent value in exchange and with actual intent to hinder, delay, or defraud all of FU's then and future creditors, including plaintiff in the collection of his claims.

29. Plaintiff is informed and believes and thereon alleges that the above-described fraudulent transfers were received by co-defendants with knowledge that FU intended to defraud, hinder, or delay the collection of claims of all the then and future creditors of FU.

RJN044

WHEREFORE, plaintiff prays judgment:

1. For general damages in the amount of $3,000,000;

2. For special damages in the sum of $2,000,000 or according to proof;

3. For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct.

4. For costs of suit herein incurred;

5. For attorney's fee; and

6. For such other and further relief as the court may deem proper.

I declare under penalty of perjury in the State of California that the foregoing is true and correct.

Dated: February 25, 2010

By: ___original signed___

Demas Yan,

Plaintiff in Pro Per

second amended complaint - 6

RJN045

## PROOF OF SERVICE

I declare that I am a resident of the State of California, over the age of 18 years, and not a party to this action. My address is 805 Kearny Street, San Francisco, CA 94108.

On this date, I served the following document(s) by **USPS first class mail**:

SECOND AMENDED COMPLAINT

on the following parties:

MOORE, ROBERT RORY
THREE EMBARCADERO CENTER
12TH FLOOR
SAN FRANCISCO, CA 94111

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 5, 2010

_original signed_ MW

MS Louie

second amended complaint -- 7

RJN046

# EXHIBIT 6

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 49
of 111

RJN047

## Superior Court of California, County of San Francisco
Case Number: CGC-08-478364
Title: CHEUK TIN YAN VS. LI MING LEI et al
Cause of Action: FRAUD
Generated: Mar-06-2011 8:09 pm PST

Register of Actions   Parties   Attorneys   Calendar   Payments   Documents

# Register of Actions

Date Range: First Date Aug-07-2008      Last Date Mar-06-2011      (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence                          Submit

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| FEB-23-2011 | ORDER TO SHOW CAUSE OF MAR-07-2011 IS OFF CALENDAR, CONSOLIDATED WITH CASE # 467500. NOTICE SENT BY COURT. | View | |
| JAN-21-2011 | PARTIES/ATTORNEYS FROM CONSOLIDATED CASE #478815 AND #478364 ADDED TO LEAD CASE #467500 | | |
| JAN-10-2011 | ORDER TO SHOW CAUSE SET FOR JAN-10-2011 CONTINUED TO MAR-07-2011 AT 1:30 PM IN DEPARTMENT 610 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) ON THIRD AMENDED COMPLAINT. NOTICE SENT BY COURT. | View | |
| JAN-10-2011 | MINI-MINUTES FOR JAN-10-2011 1:30 PM | | |
| JAN-07-2011 | ORDER TO CONSOLIDATE ACTIONS OF CASE(S) CGC-08-478815, CGC-08-478364 WITH CASE CGC-07-467500 FOR ALL PURPOSES; ALL FURTHER ENTRIES UNDER CASE CGC-07-467500 | View | |
| DEC-09-2010 | NOTICE OF INJUNCTION FILED BY DEFENDANT LEI, CRYSTAL | | |
| NOV-05-2010 | ORDER TO SHOW CAUSE SET FOR NOV-08-2010 CONTINUED TO JAN-10-2011 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE ORDER RE CONSOLIDATION. THE NOV-08-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| OCT-22-2010 | DISCOVERY 302, DEMAS YAN'S MOTION FOR ORDER COMPELLING DEFENDANTS CRYSTAL LEI AND TONY FU TO ATTEND AND TESTIFY AT DEPOSITION AND FOR MONETARY SANCTIONS IS DENIED. AS TO DEFENDANT FU, PLAINTIFF FAILED TO PROVIDE SUFFICIENT NOTICE PER CCP 1005. THE MOTION IS UNTIMELY AND THE EARLIEST IT COULD BE HEARD BY MAIL SERVICE WAS OCTOBER 25, 2010. THE MOTION IS DENIED AS TO DEFENDANT LEI. PLAINTIFF FAILS TO DEMONSTRATE GOOD FAITH MEET AND CONFER EFFORTS. LEI'S COUNSEL OFFERED TO PRESENT HER FOR DEPOSITION. PARTIES TO MEET AND CONFER TO DISCUSS NEW DEPOSITION DATE. SANCTIONS DENIED. JUDGE: CHARLOTTE WALTER WOOLARD; NOT REPORTED | | |
| OCT-22-2010 | MINI-MINUTES FOR OCT-22-2010 9:00 AM | | |
| OCT-08-2010 | POS ; DECLARATION ; MEMO OF P AND A IN OPPOSITION I TO PLTFS MOTION TO COMPEL AND REQUEST FOR MONETARY SANCTIONS FILED BY CRYSTSAL LEI | | |
| OCT-08-2010 | DECLARATION OF MICHAEL J BETZ, ESQ IN SUPPORT OF DEFT CRYSTAL LEI'S OPPOSITION TO PLTFS MOTION TO COMPEL I AND REQUEST FOR MONETARY SANCTIONS FILED BY DEFENDANT LEI, CRYSTAL | | |
| OCT-08-2010 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF | | |

| | | | |
|---|---|---|---|
| | HER OPPOSITION TO PLTFS MOTION TO COMPEL AND REQUEST FOR MONETARY SANCTIONS FILED BY DEFENDANT LEI, CRYSTAL | | |
| OCT-06-2010 | ORDER CONCERNING DEFENDANTS' DEMURRER THIRD AMENDED COMPLAINT AND MOTION TO STRIKE CLAIM FOR DAMAGES | View | |
| SEP-24-2010 | MTN FOR ORDER COMPELLING DEFTS TO ATTEND AND TESTIFY AT DEPO AND FOR MONETARY SANCTIONS, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL HEARING SET FOR OCT-22-2010 AT 09:00 AM IN DEPT 302 | | IFP |
| SEP-22-2010 | ORDER TO SHOW CAUSE SET FOR OCT-04-2010 CONTINUED TO NOV-08-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) AS TO THIRD AMENDED COMPLAINT. THE OCT-04-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| AUG-24-2010 | MOTION TO CONSOLIDATE ACTIONS OF CASE(S) CGC-08-478815, CGC-08-478364 WITH CASE CGC-07-467500. PROOF OF SERVICE. POINTS AND AUTHORITIES HEARING SET FOR SEP-22-2010 AT 09:30 AM IN DEPT 302 | | |
| AUG-04-2010 | MOTION TO CONSOLIDATE ACTIONS OF CASE(S) CGC-08-478364, CGC-08-478815 WITH CASE CGC-07-467500. PROOF OF SERVICE. POINTS AND AUTHORITIES HEARING SET FOR SEP-01-2010 AT 09:30 AM IN DEPT 302 | | |
| AUG-03-2010 | ORDER GRANTING PLAINTIFF CHEUK TIN YAN'S MOTION FOR ATTORNEYS FEES AND COSTS | View | |
| AUG-02-2010 | ORDER TO SHOW CAUSE SET FOR AUG-02-2010 CONTINUED TO OCT-04-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S), ON THIRD AMENDED COMPLAINT. NOTICE SENT BY COURT. | View | |
| AUG-02-2010 | MINI-MINUTES FOR AUG-02-2010 1:30 PM | | |
| JUL-30-2010 | ORDER AMENDED, GRANTING MS. LEI'S MOTION TO EXPUNGE LIS PENDENS | View | |
| JUL-12-2010 | DISCOVERY 610.DEFENDANT TONY FU, CRYSTAL LEI'S MOTION TO COMPEL PLAINTIFF TO APPEAR FOR HIS PROPERLY NOTICED DEPOSITION AND TO PRODUCE ALL REQUESTED DOCUMENTS, AND REQUEST FOR MONETARY SANCTIONS - DEMAS YAN'S DEPOSITION IS TO TAKE PLACE ON AUG-03-2010, TONY FU'S DEPOSITON IS TO AKE PLACE ON AUG-05-2010. CHEUK TIN YAN'S DEPOSITON IS TO TAKE PLACE ON AUG-11-2010. THE DEPOSITIONS ARE TO TAKE PLACE IN ROOM 612. COMMISSIONER EVERETT A. HEWLETT, NOT REPORTED. | | |
| JUL-12-2010 | MINI-MINUTES FOR JUL-12-2010 10:30 AM | | |
| JUN-15-2010 | ORDER TO SHOW CAUSE SET FOR JUN-28-2010 CONTINUED TO AUG-02-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) AS TO THIRD AMENDED COMPLAINT. THE JUN-28-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| JUN-14-2010 | SUBSTITUTION OF ATTORNEY: PRO PER SUBSTITUTED FOR MOORE, ROBERT RORY AS ATTORNEY FOR FU, TONY | | |
| JUN-02-2010 | MINI-MINUTES FOR JUN-02-2010 9:30 AM | | |

RJN049

| JUN-02-2010 | MINI-MINUTES FOR JUN-02-2010 9:30 AM | | |
| JUN-02-2010 | DEFENDANT TONY FU AND CRYSTAL LEI'S MOTION TO COMPEL PLAINTIFF TO APPEAR FOR HIS PROPERLY NOTICED DEPOSITION AND TO PRODUCE ALL REQUESTED DOCUMENTS IS CONTINUED TO JULY 12, 2010 AT 10:30 A.M. COMMISSIONER EVERETT A. HEWLETT. NOT REPORTED. | | |
| JUN-02-2010 | MINI-MINUTES FOR JUN-02-2010 9:00 AM | | |
| JUN-02-2010 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI DEMURRER TO THIRD AMENDED COMPLAINT AND FOR MOTION TO STRIKE PLAINTIFF'S REQUEST FOR DAMAGES. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER OVERRULED. MOTION TO STRIKE GRANTED WITHOUT LEAVE TO AMEND AS TO CLAIM FOR ATTORNEY FEES ONLY. MOTION TO STRIKE DENIED AS TO REMAINDER. (MOVING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE CSR #5797 | | |
| JUN-02-2010 | LAW AND MOTION 302, DEFENDANT TONY FU'S JOINDER IN DEFENDANT CRYSTAL LEI'S DEMURRER TO THIRD AMENDED COMPLAINT AND FOR MOTION TO STRIKE PLAINTIFF'S REQUEST FOR DAMAGES. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER OVERRULED. MOTION TO STRIKE GRANTED WITHOUT LEAVE TO AMEND AS TO CLAIM FOR ATTORNEY FEES ONLY. MOTION TO STRIKE DENIED AS TO REMAINDER. (MOVING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE CSR #5797 | | |
| MAY-25-2010 | REPLY MEMO IN SUPPORT OF DEFT'S MOTION TO COMPEL PLTF' DEPOSITION AND REQUESTS FOR MONETARY SANCTIONS AGAINST PLTF AND HIS COUNSEL FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAY-25-2010 | POS OF REPLY DECLARATION OF BRYAN L HAWKINS, ESQ IN SUPPORT OF DEFT'S MOTION TO COMPEL PLTF' DEPOSITION AND REQUESTS FOR MONETARY SANCTIONS AGAINST PLTF AND HIS COUNSEL, IN THE AMOUNT OF $2, 875; REPLY MEMO IN SUPPORT OF DEFT'S MOTION TO COMPEL PLTF' DEPOSITION AND REQUESTS FOR MONETARY SANCTIONS AGAINST PLTF AND HIS COUNSEL FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAY-25-2010 | REPLY DECLARATION OF BRYAN L HAWKINS, ESQ IN SUPPORT OF DEFT'S MOTION TO COMPEL PLTF' DEPOSITION AND REQUESTS FOR MONETARY SANCTIONS AGAINST PLTF AND HIS COUNSEL, IN THE AMOUNT OF $2, 875 FILED BY DEFENDANT FU, TONY LEI CRYSTAL | | |
| MAY-20-2010 | OPPOSITION TO DEFTS' MOTION TO COMPEL AND FOR MONETARY SANCTIONS FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | |
| MAY-17-2010 | MINI-MINUTES FOR MAY-17-2010 9:30 AM | | |
| MAY-17-2010 | LAW AND MOTION 302, PLAINTIFF CHEUK YAN MOTION FOR ATTORNEYS FEES AND COSTS FROM DEFENDANT TONY FU PURSUANT TO CCP SEC 425.16(C). ARGUED AND THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: MOTION FOR ATTORNEY FEES GRANTED. FU'S MOTION WAS TOTALLY AND COMPLETELY WITHOUT MERIT AND HIS COUNSEL SHOULD HAVE WITHDRAWN IT BEFORE THE HEARING. HOWEVER, THE | | |

http://webaccess.sftc.org/Scripts/Magic94/mgrqispi94.dll?APPNAME=US&PRGNAME=R...    3/6/2011

RJN050

| | | | |
|---|---|---|---|
| | CLAIMED FEES ARE GROSSLY INFLATED IN VIEW OF THE FOUR PAGE OPPOSITION AND THE SIMPLICITY OF THIS FEE MOTION. THE COURT FINDS COUNSEL'S HOURLY RATE OF $280.00 TO BE REASONABLE. THE COURT FINDS EIGHT HOURS FOR WORK RELATED TO THE ANTI-SLAPP MOTION AND SIX HOURS FOR WORK RELATED TO THE FEES MOTION TO BE REASONABLE AND NECESSARY, RESULTING IN A LODESTAR AMOUNT OF $3,920 TO BE REASONABLE ATTORNEY FEES. THE COURT DENIES THE REQUEST FOR $100 IN DELIVERY CHARGES AS UNNECESSARY. PREVAILING PARTY TO SUBMIT A PROPOSED FORM OF ORDER. JUDGE: CHARLOTTE WALTER WOOLARD; COURT REPORTER: KENT GUBBINE, CSR #5797 | | |
| MAY-14-2010 | MINI-MINUTES FOR MAY-14-2010 9:30 AM | | |
| MAY-14-2010 | MINI-MINUTES FOR MAY-14-2010 9:30 AM | | |
| MAY-14-2010 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI DEMURRER TO 3RD AMENDED COMPLAINT. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER IS CONTINUED TO 6/2/2010 TO BE HEARD WITH RELATED DEMURRER/MOTION TO STRIKE. (302/CWW) JUDGE: CHARLOTTE WALTER WOOLARD; COURT REPORTER: JOYCE LONG, CSR #8620 | | |
| MAY-14-2010 | LAW AND MOTION 302, DEFENDANT TONY FU DEMURRER TO 3RD AMENDED COMPLAINT. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER IS CONTINUED TO 6/2/2010 TO BE HEARD WITH RELATED DEMURRER/MOTION TO STRIKE. (302/CWW) JUDGE: CHARLOTTE WALTER WOOLARD; COURT REPORTER JOYCE LONG, CSR #8620 | | |
| MAY-07-2010 | NOTICE OF UNAVAILABILITY OF YAN, DENNIS ON JUN-10-2010 THROUGH JUL-02-2010 FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | |
| MAY-07-2010 | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER DEMURRER TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH, CAUSES OF ACTION IN PLAINTIFF'S THIRD AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI CRYSTAL | | |
| MAY-04-2010 | POS ON MEMO OF P & A IN SUPPORT OF OPPOS. TO PLTF'S MTN FOR ATTORNEY'S FEES AND COSTS AND REQ. FOR JUDICIAL NTC FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAY-04-2010 | REQ. FOR JUDICIAL NTC IN SUPPORT OF OPPOS. TO MTN FOR ATTORNEY'S FEES AND COSTS FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAY-04-2010 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOS. TO PLTF'S MTN FOR ATTORNEYS' FEES AND COSTS FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| APR-30-2010 | NTC AND MOTION TO COMPEL ; MONETARY SANCTIONS. PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT FU, TONY LEI, CRYSTAL HEARING SET FOR JUN-02-2010 AT 09:00 AM IN DEPT 610 | | 40.00 |
| APR-29-2010 | OPPOSITION TO DEFT'S DEMURRER TO THE FIRST CAUSE OF ACTION FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | |
| APR-19-2010 | NOTICE OF MOTION AND MOTION FOR ATTORNEYS FEES AND COSTS FROM DEFT TONY FU PURSUANT TO CCP SEC 425.16(C). PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | IFP |

| | HEARING SET FOR MAY-17-2010 AT 09:30 AM IN DEPT 302 | | |
|---|---|---|---|
| APR-14-2010 | ORDER TO SHOW CAUSE SET FOR APR-26-2010 CONTINUED TO JUN-28-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S) AS TO THIRD AMENDED COMPLAINT. THE APR-26-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| APR-09-2010 | DEMURRER TO 3RD AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT LEI, CRYSTAL. HEARING SET FOR MAY-14-2010 AT 09:30 AM IN DEPT 302 | | 40.00 |
| APR-09-2010 | DEMURRER TO 3RD AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION (JOINDER) FILED BY DEFENDANT FU, TONY. HEARING SET FOR MAY-14-2010 AT 09:30 AM IN DEPT 302 | | IFP |
| APR-06-2010 | ORDER THE REQUEST TO WAIVE COURT FEES IS GRANTED AS TO THE FILING FEE ONLY. THE PETITION FOR A WRIT OF MANDATE IS DENIED A128045-93 | View | |
| APR-05-2010 | ORDER DENYING DEFENDANTS TONY FU AND CRYSTAL LEI'S MOTION TO STRIKE SECOND AMENDED COMPLAINT | View | |
| MAR-18-2010 | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED CONCERNING DEMURRERS TO SECOND AMENDED COMPLT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAR-18-2010 | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED GRANTING MTN TO EXPUNGE LIS PENDENS FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| MAR-16-2010 | 3RD AMENDED COMPLAINT FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL, AS TO DEFENDANT LEI, LI MING AKA CRYSTAL LEI AN INDIVIDUAL FU, DONG XING AKA TONY FU AN INDIVIDUAL DOES 1 TO 10, INCLUSIVE | View | |
| MAR-08-2010 | NOTICE OF UNAVAILABILITY OF YAN, DENNIS ON MAR-09-2010 THROUGH APR-09-2010 FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL. | | |
| MAR-05-2010 | ORDER GRANTING MS. LEI'S MOTION TO EXPUNGE LIS PENDENS | View | |
| MAR-05-2010 | ORDER CONCERNING DEFENDANT CRYSTAL LEI AND TONY FU'S DEMURRERS TO THE 1ST, 2ND AND 5TH CAUSES OF ACTION IN PLAINTIFF'S SECOND AMENDED COMPLAINT (LEAVE TO AMEND) | View | |
| MAR-02-2010 | ORDER TO SHOW CAUSE TO DEFENDANT'S COUNSEL SET FOR MAR-15-2010 CONTINUED TO APR-26-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE AND SERVE ORDERS RE DEMURRER AND MOTION TO STRIKE AS TO SECOND AMENDED COMPLAINT. THE MAR-15-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| FEB-03-2010 | NOTICE OF CHANGE OF ADDRESS FILED BY ATTORNEY YAN, DENNIS | | |
| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |
| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |
| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |
| JAN-26-2010 | MINI-MINUTES FOR JAN-26-2010 9:30 AM | | |
| JAN-26-2010 | LAW AND MOTION 302, DEFENDANT TONY FU DEMURRER TO | | |

| | | | |
|---|---|---|---|
| | SECOND AMENDED COMPLAINT. ARGUED AND THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER IS SUSTAINED WITH TEN DAYS LEAVE TO AMEND AS TO BREACH OF FIDUCIARY DUTY CAUSE OF ACTION TO PLEAD FACTS REGARDING A FIDUCIARY RELATIONSHIP. DEMURRER OVERRULED AS TO REMAINING CAUSES OF ACTION. (PREVAILING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-26-2010 | LAW AND MOTION 302, DEFENDANTS TONY FU, CRYSTAL LEI MOTION TO (1) EXPUNGE PLAINTIFF CHEUK TIN YAN'S LIS PENDENS; AND (2) REQUEST TO FILE A MOTION TO RECOVER HER ATTORNEY'S FEES AND COSTS FROM PLAINTIFF PER CCP 405.38. ARGUED AND THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: MOTION TO EXPUNGE GRANTED. PLAINTIFF FAILS TO DEMONSTRATE PROBABLE VALIDITY OF CLAIM. REQUEST FOR FEES DENIED BECAUSE PLAINTIFF HAD SUBSTANTIAL JUSTIFICATION FOR RECORDING THE LIS PENDENS. (PREVAILING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-26-2010 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI DEMURRER TO SECOND AMENDED COMPLAINT. ARGUED AND THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: DEMURRER IS SUSTAINED WITH TEN DAYS LEAVE TO AMEND AS TO BREACH OF FIDUCIARY DUTY CAUSE OF ACTION TO PLEAD FACTS REGARDING A FIDUCIARY RELATIONSHIP. DEMURRER OVERRULED AS TO REMAINING CAUSES OF ACTION. (PREVAILING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-26-2010 | LAW AND MOTION 302, DEFENDANT TONY FU MOTION TO STRIKE SECOND AMENDED COMPLAINT. ARGUED AND THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: MOTION TO STRIKE DENIED. DEFENDANT FAILS TO SHOW THAT THE COMPLAINT ARISES FROM PETITIONING ACTIVITY. (PREVAILING PARTY TO PREPARE A FORM OF ORDER.) JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE, CSR #5797 | | |
| JAN-25-2010 | ORDER TO SHOW CAUSE SET FOR FEB-08-2010 CONTINUED TO MAR-15-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S). THE FEB-08-2010 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| JAN-19-2010 | PROOF OF SERVICE BY MAIL / BY OVERNIGHT MAIL FILED BY DEFENDANT LEI, CRYSTAL | | |
| JAN-19-2010 | DECLARATION / REPLY DECL OF BRYAN L. HAWKINS, ESQ. IN SUPPORT OF MO TO EXPUNGE PLTF CHEUK TIN YAN'S LIS PENDENS AND DEMURRER TO THE FIRST, SECOND, AND FIFTH CAUSES OF ACTION IN PLTF'S SECOND AMENDED COMPLT FILED BY DEFENDANT LEI, CRYSTAL | | |
| JAN-19-2010 | MEMORANDUM OF POINTS AND AUTHORITIES / REPLY MEMO OF P&A IN SUPPORT OF HER (1) MO TO EXPUNGE PLTF CHEUK TIN YAN'S LIS PENDENS (2) DEMURRER TO THE FIRST, SECOND, AND FIFTH CAUSES OF ACTION IN PLTF'S SECOND AMENDED COMPLT FILED BY DEFENDANT LEI, CRYSTAL | | |
| JAN-19-2010 | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HER (1) MO TO | | |

| | | | |
|---|---|---|---|
| | EXPUNGE PLTF CHEUK TIN YAN'S LIS PENDENS FILED BY DEFENDANT CRYSTAL LEI | | |
| JAN-19-2010 | DECLARATION / REPLY DECL. IN SUPPORT OF HER MO TO EXPUNGE PLTF CHEUK TIN YAN'S LIS PENDENS FILED BY DEFENDANT LEI, CRYSTAL | | |
| JAN-12-2010 | REQUEST FOR JUDICIAL NOTICE FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | |
| JAN-12-2010 | OPPOSITION TO DEFT CRYSTAL LEI'S DEMURRER TO THE FIRST CAUSE OF ACTION, SECOND CAUSE OF ACTION AND FIFTH CAUSE OF ACTION IN PLTF'S SECOND AMENDED COMPLAINT FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | |
| JAN-12-2010 | OPPOSITION TO DEFT CRYSTAL LEI'S MOTION TO EXPUNGE PLTF'S LIS PENDENS AND REQUEST FOR FILE A MOTION TO RECOVER HER ATTORNEY'S FEES AND COSTS FROMPLTF PER CCP 405.38 FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | |
| DEC-28-2009 | RE-NOTICE OF HEARINGS ON DEMURRERS AND MOTION TO EXPUNGE LIS PENDENS FILED BY DEFENDANT FU, TONY LEI CRYSTAL | | |
| DEC-28-2009 | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED RE: MOTION TO STRIKE AND DEMURRER FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | MINI-MINUTES FOR DEC-17-2009 9:30 AM | | |
| DEC-17-2009 | LAW AND MOTION 302, DEFENDANT TONY FU DEMURRER TO SECOND AMENDED COMPLAINT CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. PLAINTIFFS TO FILE FORMAL OPPOSITION TO THE DEMURRERS AND MOTION TO EXPUNGE LIS PENDENS BY 1/12/10. DEFENDANTS TO FILE REPLIES BY 1/19/10. ALL PARTIES TO LODGE COURTESY COPIES OF NEW FILINGS IN DEPARTMENT 302. JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: TAMRA KEEN, CSR #5404 | | |
| DEC-17-2009 | LAW AND MOTION 302, DEFENDANTS TONY FU, AND, CRYSTAL LEI NOTICE OF MOTION TO (1) EXPUNGE PLAINTIFF CHEUK TIN YAN'S LIS PENDENS AND (2) REQUEST TO FILE A MOTION TO RECOVER HER ATTORNEY'S FEES AND COSTS FROM PLAINTIFF PER CCP 405.38 CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. PLAINTIFFS TO FILE FORMAL OPPOSITION TO THE DEMURRERS AND MOTION TO EXPUNGE LIS PENDENS BY 1/12/10. DEFENDANTS TO FILE REPLIES BY 1/19/10. ALL PARTIES TO LODGE COURTESY COPIES OF NEW FILINGS IN DEPARTMENT 302. JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: TAMRA KEEN, CSR #5404 | | |
| DEC-17-2009 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI DEMURRER TO SECOND AMENDED COMPLAINT CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. | | |

Case: 10-03149 Doc# 29-3 Filed: 03/08/11 Entered: 03/08/11 18:39:47 Page 56 of 111

RJN054

| | | | |
|---|---|---|---|
| | 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. PLAINTIFFS TO FILE FORMAL OPPOSITION TO THE DEMURRERS AND MOTION TO EXPUNGE LIS PENDENS BY 1/12/10. DEFENDANTS TO FILE REPLIES BY 1/19/10. ALL PARTIES TO LODGE COURTESY COPIES OF NEW FILINGS IN DEPARTMENT 302. JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: TAMRA KEEN, CSR #5404 | | |
| DEC-17-2009 | LAW AND MOTION 302, DEFENDANT TONY FU MOTION TO STRIKE SECOND AMENDED COMPLAINT CONTINUED FROM DEC-17-2009 TO LAW AND MOTION AT JAN-26-2010, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: ALL MATTERS CONTINUED TO 1/26/10. JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: TAMRA KEEN, CSR #5404 | | |
| DEC-14-2009 | ORDER TO SHOW CAUSE SET FOR DEC-28-2009 CONTINUED TO FEB-08-2010 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S). THE DEC-28-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| DEC-11-2009 | MINI-MINUTES FOR DEC-11-2009 9:30 AM | | |
| DEC-11-2009 | MINI-MINUTES FOR DEC-11-2009 9:30 AM | | |
| DEC-11-2009 | MINI-MINUTES FOR DEC-11-2009 9:30 AM | | |
| DEC-11-2009 | LAW AND MOTION 302, DEFENDANT TONY FU DEMURRER TO SECOND AMENDED COMPLAINT CONTINUED FROM DEC-11-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12/17/09 TO BE HEARD WITH FU'S MOTION TO STRIKE. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| DEC-11-2009 | LAW AND MOTION 302, DEFENDANTS TONY FU, CRYSTAL LEI MOTION TO (1) EXPUNGE PLAINTIFF CHEUK TIN YAN'S LIS PENDENS, AND (2) REQUEST TO FILE A MOTION TO RECOVER HER ATTORNEY'S FEES AND COSTS FROM PLAINTIFF PER CCP 405.38 CONTINUED FROM DEC-11-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12/17/09 TO BE HEARD WITH FU'S MOTION TO STRIKE. JUDGE: CHARLOTTE WALTER WOOLARD. REPORTER: KENT GUBBINE, CSR #5797 | | |
| DEC-11-2009 | LAW AND MOTION 302, DEFENDANT CRYSTAL LEI DEMURRER TO SECOND AMENDED COMPLAINT CONTINUED FROM DEC-11-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12/17/09 TO BE HEARD WITH FU'S MOTION TO STRIKE. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| DEC-09-2009 | REPLY MEMO OF P&A IN SUPPORT OF HIS SPECIAL MOTION TO STRIKE PLTF CHEUK TIN YAN'S SECOND AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI CRYSTAL | | |
| DEC-09-2009 | OPPOSITION TO DEFT. CRYSTAL LEI'S NOTICE OF DEMURRER AND DEMURRER AND DEFT TONY FU'S JOINDER OF CRYSTAL LEI'S DEMURRER, OPPOSITION TO DEFTS' NOTICE OF MOTION AND MOTION TO EXPUNGE LIS PENDENS AND TO RECOVER | | |

| | | | |
|---|---|---|---|
| | ATTORNEY'S FEES; DECLARATION OF DENNIS YAN, POS FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | |
| DEC-08-2009 | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRYSTAL LEI'S MOTION TO EXPUNGE LIS PENDENS AND DEMURRER TO THE FIRST, SECOND, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S SECOND AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-04-2009 | PROOF OF SERVICE AF REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRYSTAL LEI'S MOTION TO EXPUNGE LIS PENDENS AND DEMURRER TO THE FIRST, SECOND, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S SECOND AMENDED COMPLAINT; REPLY DECLARATIONS OF MICHEL J. BETZ , ESQ., AND TONY FU FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-04-2009 | REPLY DECLARATION OF MICHAEL J. BETZ, ESQ., IN SUPPORT OF DEFENDANT CRYSTAL LEI'S MOTION TO EXPUNGE LIS PENDENS AND DEMURRER TO THE FIRST, SECOND, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S SECOND AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| DEC-04-2009 | REPLY DECLARATION OF TONY FU IN SUPPORT OF DEFENDANT CRYSTAL LEI'S MOTION TO EXPUNGE LIS PENDENS AND DEMURRER TO THE FIRST, SECOND, AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S SECOND AMENDED COMPLAINT FILED BY DEFENDANT FU, TONY LEI, CRYSTAL | | |
| NOV-19-2009 | MINI-MINUTES FOR NOV-19-2009 9:30 AM | | |
| NOV-19-2009 | LAW AND MOTION 302, DEFENDANT TONY FU MOTION TO STRIKE SECOND AMENDED COMPLAINT CONTINUED FROM NOV-19-2009 TO LAW AND MOTION AT DEC-17-2009, 9:30 AM IN DEPT. 302. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: CONTINUED TO 12:17 PER THE EX PARTE ORDER. JUDGE: HAROLD E. KAHN, REPORTER: BRENDA FIELDS, CSR #7235 | | |
| NOV-13-2009 | DEMURRER TO 2ND AMENDED COMPLAINT, PROOF OF SERVICE (JOINDER) FILED BY DEFENDANT FU, TONY HEARING SET FOR DEC-11-2009 AT 09:30 AM IN DEPT 302 | | IFP |
| NOV-13-2009 | NOTICE OF MOTION TO (1) EXPUNGE PLTF CHEUK TIN YAN'S LIS PENDENS AND (2) REQUEST TO FILE A MOTION TO RECOVER HER ATTORNEY'S FEES AND COSTS FROM PLTF PER CCP 405.38, PROOF OF SERVICE, POINTS AND AUTHORITIES ; REQUEST FOR JUDICIAL NOTICE FILED BY DEFENDANT FU, TONY LEI, CRYSTAL HEARING SET FOR DEC-11-2009 AT 09:30 AM IN DEPT 302 | | 40.00 |
| NOV-13-2009 | DEMURRER TO 2ND AMENDED COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES ; REQUEST FOR JUDICIAL NOTICE FILED BY DEFENDANT LEI, CRYSTAL HEARING SET FOR DEC-11-2009 AT 09:30 AM IN DEPT 302 | | 410.00 |
| NOV-12-2009 | SUBSTITUTION OF ATTORNEY: MOORE, ROBERT RORY SUBSTITUTED FOR PRO PER AS ATTORNEY FOR FU, TONY | | |
| NOV-10-2009 | ORDER TO CONTINUE DEFENDANTS'(TONY FU) SPECIAL MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT FROM NOVEMBER 19 TO DECEMBER 17, 2009 | View | |
| NOV-10-2009 | EX PARTE APPLICATION FOR ORDER TO CONTINUE THE MTN AND SPECILA MTN TO STRIKE PLTF'S SECOND AMENDED COMPLAINT FROM NOV 19 TO DEC 17, 09, DECLARATION FILED | | IFP |

| | | | |
|---|---|---|---|
| | BY DEFENDANT FU, TONY | | |
| NOV-09-2009 | NOTICE OF CHANGE OF ADDRESS FILED BY ATTORNEY YAN, DENNIS | | |
| NOV-04-2009 | OPPOSITION OPPOSITION TO DEFENDANT TONY FU'S SPECIAL MOTION TO STRIKE FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL | | |
| OCT-27-2009 | ORDER TO SHOW CAUSE SET FOR NOV-09-2009 CONTINUED TO DEC-28-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S). THE NOV-09-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| OCT-20-2009 | MOTION TO STRIKE 2ND AMENDED COMPLAINT, PROOF OF SERVICE. POINTS AND AUTHORITIES, DECLARATION FILED BY DEFENDANT FU, TONY HEARING SET FOR NOV-19-2009 AT 09:30 AM IN DEPT 302 | | IFP |
| OCT-20-2009 | APPLICATION FOR WAIVER OF COURT FEES AND COSTS PURSUANT TO G.C. 68633, CRC 3.51, 8.26, AND 8.818 (CONFIDENTIAL) FILED BY DEFENDANT FU, TONY ORDER FOR WAIVER OF COURT FEES AND COSTS GRANTED PURSUANT TO G.C. 68634 (E), CRC 3.52 | | |
| OCT-09-2009 | SUMMONS ON COMPLAINT LIS PENDENS, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL. SERVED OCT-09-2009. PERSONAL SERVICE ON DEFENDANT FU, DONG XING AKA TONY FU AN INDIVIDUAL. | View | |
| OCT-09-2009 | SUMMONS ON COMPLAINT LIS PENDENS, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL. SERVED OCT-09-2009. PERSONAL SERVICE ON DEFENDANT LEI, LI MING AKA CRYSTAL LEI AN INDIVIDUAL | View | |
| SEP-18-2009 | 2ND AMENDED COMPLAINT FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL AS TO DEFENDANT LEI, LI MING AKA CRYSTAL LEI AN INDIVIDUAL, FU, DONG XING AKA TONY FU AN INDIVIDUAL DOES 1 TO 10, INCLUSIVE | View | |
| SEP-17-2009 | ORDER ON MOTION TO AMEND COMPLAINT | View | |
| SEP-09-2009 | ORDER TO SHOW CAUSE SET FOR SEP-21-2009 CONTINUED TO NOV-09-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE ORDER GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT AND TO FILE SECOND AMENDED COMPLAINT. THE SEP-21-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| AUG-27-2009 | MINI-MINUTES FOR AUG-27-2009 9:30 AM | | |
| AUG-27-2009 | LAW AND MOTION 302, PLAINTIFF CHEUK TIN YAN NOTICE OF MOTION TO FILE A SECOND AMENDED COMPLAINT. NO APPEARANCES ON THIS MATTER. THE COURT ADOPTED ITS TENTATIVE RULING AS FOLLOWS: GRANTED. NO OPPOSITION FILED. JUDGE: CHARLOTTE WALTER WOOLARD, REPORTER: KENT GUBBINE, CSR #5797 | | |
| JUL-29-2009 | ORDER TO SHOW CAUSE SET FOR AUG-10-2009 CONTINUED TO SEP-21-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER (S), OR ENTER DEFAULT(S) AS TO 1ST AMENDED COMPLAINT. THE AUG-10-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| JUL-24-2009 | REPLY TO OSC FOR FAILURE TO FILE PROOF OF SERVICE AND OBTAIN ANSWER(S) OR ENTER DEFAULT(S) AS TO FIRST | | |

|  | AMENDED COMPLAINT FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL |  |  |
|---|---|---|---|
| JUL-24-2009 | NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL HEARING SET FOR AUG-27-2009 AT 09:30 AM IN DEPT 302 |  | IFP |
| JUN-01-2009 | ORDER TO SHOW CAUSE SET FOR JUN-08-2009 CONTINUED TO AUG-10-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER (S), OR ENTER DEFAULT(S) AS TO FIRST AMENDED COMPLAINT. THE JUN-08-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View |  |
| APR-14-2009 | SUBSTITUTION OF ATTORNEY: YAN, DENNIS SUBSTITUTED FOR PRO PER AS ATTORNEY FOR YAN, CHEUK TIN AN INDIVIDUAL. |  |  |
| APR-06-2009 | ORDER TO SHOW CAUSE SET FOR APR-06-2009 CONTINUED TO JUN-08-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER (S), OR ENTER DEFAULT(S) ON FIRST AMENDED COMPLAINT. NOTICE SENT BY COURT. | View |  |
| APR-06-2009 | MINI-MINUTES FOR APR-06-2009 1:30 PM |  |  |
| FEB-10-2009 | ORDER TO SHOW CAUSE SET FOR FEB-23-2009 CONTINUED TO APR-06-2009 AT 1:30 PM IN DEPT. 212 FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER (S), OR ENTER DEFAULT(S). THE FEB-23-2009 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | View |  |
| JAN-30-2009 | 1ST AMENDED COMPLAINT FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL. AS TO DEFENDANT LEI, LI MING AKA CRYSTAL LEI AN INDIVIDUAL, FU, DONG XING AKA TONY FU AN INDIVIDUAL DOES 1 TO 10, INCLUSIVE | View |  |
| DEC-22-2008 | ORDER TO SHOW CAUSE SET FOR FEB-23-2009 IN DEPARTMENT 212 AT 1:30 PM FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER(S), OR ENTER DEFAULT (S). THE JAN-09-2009 CASE MANAGEMENT CONFERENCE IS OFF CALENDAR. NOTICE SENT BY COURT. | View |  |
| DEC-09-2008 | CASE MANAGEMENT STATEMENT FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL JURY DEMANDED, ESTIMATED TIME FOR TRIAL: 5.0 DAYS |  |  |
| NOV-24-2008 | ORDER TO SHOW CAUSE RE PROOF OF SERVICE ON DEC-02-2008 IS OFF CALENDAR. NOTICE SENT BY COURT. | View |  |
| NOV-17-2008 | SUBSTITUTION OF ATTORNEY: PRO PER SUBSTITUTED FOR MARROQUIN, CAELO T. AS ATTORNEY FOR YAN, CHEUK TIN AN INDIVIDUAL |  |  |
| OCT-29-2008 | ADDED TO PROOF OF SERVICE ORDER TO SHOW CAUSE CALENDAR HEARING SET FOR DEC-02-2008 AT 09:00 AM IN DEPT 212 | View |  |
| AUG-19-2008 | ORDER GRANTING WAIVER OF COURT FEES AND COSTS PURSUANT TO CRC 3.50 - 3.63 AS TO PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL. | View |  |
| AUG-07-2008 | NOTICE OF PENDANCY OF ACTION AFFECTING TITLE TO REAL PROPERTY FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL |  |  |
| AUG-07-2008 | APPLICATION PENDING FOR WAIVER OF COURT FEES AND COSTS PURSUANT TO G.C. 68511.3 (CONFIDENTIAL) FILED BY |  |  |

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 60
of 111

RJN058

| | PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL. | | |
|---|---|---|---|
| AUG-07-2008 | NOTICE TO PLAINTIFF | View | |
| AUG-07-2008 | FRAUD, COMPLAINT FILED BY PLAINTIFF YAN, CHEUK TIN AN INDIVIDUAL AS TO DEFENDANT LEI, LI MING AKA CRYSTAL LEI AN INDIVIDUAL FU, DONG XING AKA TONY FU AN INDIVIDUAL DOES 1 TO 10. INCLUSIVE SUMMONS ISSUED. JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR JAN-09-2009 PROOF OF SERVICE DUE ON OCT-06-2008 CASE MANAGEMENT STATEMENT DUE ON DEC-26-2008 | View | IFP |

# EXHIBIT 7

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 62 of 111

RJN060



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Aug-07-2008 10:53 am

---

Case Number: CGC-08-478364

Filing Date: Aug-07-2008 10:50

Juke Box: 001    Image: 02212562

COMPLAINT

---

CHEUK TIN YAN VS. LI MING LEI et al

001C02212562

**Instructions:**
Please place this sheet on top of the document to be scanned.

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LI MING LEI aka CRYSTAL LEI, an individual, DONG
XING FU aka TONY FU, an individual, and DOES 1 to 10
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

Cheuk Tin Yan, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
    CIVIC CENTER COURTHOUSE
    400 McAllister Street
    San Francisco, CA 94102-4514

CASE NUMBER:
*(Número del Caso):* CGC 08-478364

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
    Cheuk Tin Yan
    1433 7th Ave.
    San Francisco, CA 94122 GORDON PARK-Li
    Tel: (415) 667-5797

DATE: 8/5/AUG 7 - 2008    Clerk, by _____, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

    under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
             [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Caslo T. Manroquin<br>PO BOX 836<br>Alameda, Ca 94501<br>510-281-4169<br>TELEPHONE NO.: Cheuk Tin Yan    FAX NO.: | *FOR COURT USE ONLY*<br><br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>AUG 7 2009<br><br>GORDON PARK-LI, Clerk<br>BY: _____ Deputy Clerk |

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME: Cheuk Tin Yan, an individual, Vs. LI MING LEI aka CRYSTAL LEI, an individual

CASE NAME: DONG XING FU aka TONY FU, an individual, and DOES 1 to 10 inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC 08 - 4 7 8 3 6 - 4 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action *(specify)*: 4
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Cheuk Tin Yan

_____
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

RJN063

Caelo T. Marroquin (SB#245936)
The Law Office of Caelo T. Marroquin
PO Box 638
Alameda, California 94501
Phone (510) 381-4169
Fax (866) 332-3403
ctmarroquin@yahoo.com

Attorney for Plaintiff
Cheuk Tin Yan

CASE MANAGEMENT CONFERENCE SET

**F I L E D**
Superior Court of California
County of San Francisco

'AUG 7 - 2008

JAN 9    2009 - 9:00 GORDON PARK-LI, Clerk
BY: _____ Esquivel
                        Deputy Clerk

DEPARTMENT 212

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
COUNTY OF SAN FRANCISCO
UNLIMITED CIVIL JURISDICTION

**SUMMONS ISSUED**

| | |
|---|---|
| CHEUK TIN YAN, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR: - 4 7 8 3 6 4 |
| vs. | 1) **FRAUD** |
| | 2) **QUIET TITLE** |
| LI MING LEI aka CRYSTAL LEI, an individual, DONG XING FU aka TONY FU, an individual, and DOEs 1 to 10 inclusive | 3) **CONVERSION** |
| | 4) **UNJUST ENRICHMENT** |
| Defendants | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## GENERAL ALLEGATIONS

1. Plaintiff is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 66
of 111

RJN064

2. Plaintiff is informed and believes that Defendants LI MING LEI (hereinafter "Lei") and DONG XING FU (hereinafter "Fu") are over 18 years old, and at all times relevant times were residents of the City and County of San Francisco, California.

3. Defendants Doe I through Doe 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint.

4. Plaintiff is informed, and believes and alleges that at all relevant times, Defendants were agents, servants, and employees of the codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of the codefendants.

5. Venue is proper in this court because the events that gave rise to this action and the transactions at issue occurred within the City and County of San Francisco, California.

6. Plaintiff has known Defendant Fu personally since the 1990's. Defendant Fu learned that Plaintiff Cheuk T. Yan and his son Dennis Yan were involved in real estate development and investing and had experience in that field. Defendant Fu offered to assist Plaintiff Yan in the location of properties for purchase, renovation and resale.

7. Plaintiff believes and alleges that Fu was a licensed general building contractor from 1993 until 2001, when Fu's license was suspended.

8. Plaintiff believes and alleges that Defendants Fu and Lei worked together as a husband and wife team. Plaintiff believes and alleges that Defendant Lei assisted Defendant Fu with the administration and management of Fu's general contracting business.

9. Plaintiff believes and alleges that Defendants Fu and Lei obtained a divorce from one another in 2000. Plaintiff further believes and alleges that the divorce was a ploy used to shield both Defendants joint assets from Fu's many creditors.

10. Plaintiff believes and herein alleges that at the time of their divorce Defendants jointly owned several real properties in San Francisco. Just prior to filing their divorce, Fu quitclaimed or transferred title in said properties to Lei.

RJN065

11. On October 18, 2000, Plaintiff's Son, Dennis Yan, entered into a contract with Fu whereby Fu agreed to develop a real property owned by Plaintiff, 663 Chenery Street in San Francisco (hereinafter "Chenery") into an apartment. A true and correct copy of the contract is attached as **Exhibit A.** Plaintiff, Cheuk T. Yan, funded this business venture between his son and the defendants, and Defendants had actual knowledge of this fact.

12. Around August 2001, Plaintiff and Li Ming Lei (hereinafter "Lei") entered into a Principal Agency relationship. Defendant Lei searched for real estate properties with development potential. Defendant Lei would make Plaintiff aware of such properties and suggest that Plaintiff Yan purchase them and in exchange, Plaintiff Yan would contract with Defendant Fu for the construction work on said properties.

## FIRST CAUSE OF ACTION

### (Against Li Ming Lei & Dong Xing Fu)

### (Fraud and Deceit)

13. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

14. From June 2001 to February 2002, Fu requested that Yan deposit money into a Bank of America checking account (hereinafter the "Checking Account") for renovation of the Chenery property. Fu induced Yan to deposit a total of $236,000 into the checking account for the express purpose of holding construction funds for Chenery. Defendant additionally induced Yan to execute a check in the amount of $1000 also for renovation and repair of Chenery. Plaintiff executed and drafted the checks for deposit into this business account.

15. Defendant promised that the funds would be used for renovation and repair of Chenery. Plaintiff relied on that promise.

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 68 of 111

RJN066

16. Defendant's promise was fraudulent because the Defendant had no intention of actually repairing and renovating Chenery.

17. Plaintiff alleges that Defendant Fu intended to withdraw the funds in the Checking Account, and further intended to cash the check for $1,000 for his own personal use.

18. Plaintiff, based upon Defendant's representation made deposits in the amount of $236,000 into the Checking Account. In addition Plaintiff executed a check for $1000 to Fu.

19. Defendant Fu in fact only used $64,000 of the total money deposited, for repair and renovation of Chenery.

20. As a result of Plaintiff's reliance upon Defendant's fraudulent promises, Plaintiff has been damaged in the amount of $173,000.

21. Defendant's actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

22. The fraud and deceit of the defendant as herein alleged was not discovered by the plaintiff until on or about December 2004, a date within three years before the commencement of this action and before the expiration of the statute of limitations for such action pursuant to Code Civ. Proc § 337.

## SECOND CAUSE OF ACTION

### (Against Li Ming Lei)

### (Quiet Title)

23. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

24. An action to Quiet Title is an action to establish one's title against adverse claims to real or personal property or any interest therein. Cal. Civ. Proc. Code §760.020(a).

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 69
of 111

RJN067

25. On or about January 15, 2002 Defendant Lei purchased property located at 337 28th Avenue in the City of San Francisco, Assessor's Parcel Number 1405-053. (hereinafter the "Property").

26. Lei obtained the funds to purchase the Property from Defendant Fu.

27. Defendant Fu obtained the funds from the "Chenery" Checking Account. The funds in that account were paid for by Plaintiff on the behalf of his son, Demas Yan, for the purpose of renovating and repairing the Chenery Property.

28. Accordingly, Plaintiff is the owner in fact or joint-owner of the Property because either all of the purchase money or a substantial portion of the purchase money came from Plaintiff.

29. Plaintiff is informed and believes and on such information and belief alleges that Defendant Lei fraudulently holds legal title to the Property and claims an interest adverse to plaintiff in the Property.

30. Plaintiff is seeking to quiet title against the claims of defendants because Lei purchased the Property using either all or a substantial portion of Plaintiff's money as a down payment on the Property.

## THIRD CAUSE OF ACTION

(Against Li Ming Lei & Dong Xing Fu)

### (Conversion)

31. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

32. Conversion is any act of dominion wrongfully exerted over another's personal property. There must exist and actual interference with one's ownership or right to possession. *Fischer v. Machado*, 50 Cal.App.4th 1069 (1996).

33. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 70 of 111

RJN068

disposition of the property rights; and (3) damages resulting from the conversion. Conversion is a strict liability tort. *Burlesci v. Petersen*, 68 Cal.App.4[th] 1062 (1998).

34. From June 2001 to February 2002, Fu induced Dennis Yan and subsequently Cheuk T. Yan, to deposit a total of $236,000 into the Checking Account.

35. Plaintiff is, and at all times relevant herein was, the owner of, or entitled to immediately possess the following items of property:

    1. Cash in the amount of $236,000; and

    2. Check in the amount of $1,000.

36. Defendants wrongfully interfered with Plaintiff's interests in the above described property by undertaking the following acts:

    1. Fu refused to return the balance of the unused money;

    2. On or about October 14, 2002, Fu purchased a Toyota Truck from money withdrawn from the Chenery checking account holding Plaintiff's money.

    3. In or around January 2002, Defendant Lei purchased 337 28th Avenue in San Francisco California using money provided to her by Defendant Fu, who in turn withdrew the purchase money for said property from the Chenery Checking Account.

37. While Defendant Fu originally came into possession of the converted property legally, he then improperly retained it despite the demand by Plaintiff's son for return of the property.

38. Defendant retained the $173,000 for his own personal use.

39. As a result of Defendant's acts of conversion, Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory damages. Alternatively, Plaintiff is entitled to damages and repossession of the converted property and will seek its election of remedies at trial.

RJN069

# FOURTH CAUSE OF ACTION

(Against Li Ming Lei & Dong Xing Fu)

(Unjust Enrichment)

40. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

41. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. *California Federal Bank v. Matreyek*, 8 Cal. App. 4th 125 (1992).

42. The elements of unjust enrichment include; receipt of a benefit and unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723 (2000).

43. In committing the acts herein alleged, the Defendants have acted with oppression, fraud, malice, and have been unjustly enriched by their behavior. Plaintiff funded a bank account with $236,000 to be used for the renovation of a property in San Francisco. Defendant Fu obtained that money and put it to his personal use and advantage at the expense of Plaintiff Cheuk T. Yan and Dennis Yan.

44. Plaintiff is further entitled to the imposition of a constructive trust on any and all property which can be traced to the funds in the Chenery Property Bank Account.

45. Finally, Co-defendants conspired with one another to convert the above-listed property, so that the activities of one are attributable to all.

46. Accordingly, Defendants should be found to have been unjustly enriched by their actions and forced to disgorge the fruits of their wrong.

WHEREFORE, plaintiff prays judgment against defendants as follows:

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 72
of 111
RJN070

47. For a judgment that plaintiff is the owner or joint-owner in fee-simple of 337 28th Avenue in San Francisco California and that defendants have no interest in the property adverse to the plaintiff.

45. For the funds converted in the amount of $173,000;

46. For interest at the legal rate pursuant to §3336 of the Civil Code, from the dates of conversion;

47. For an order declaring that defendants hold the Toyota truck described above in trust for plaintiff;

48. For an order declaring plaintiff the owner of the Toyota truck, subject to any existing encumbrances thereon;

49. For an order compelling defendant to convey the Toyota Truck to plaintiff;

50. For an order declaring that defendants hold the real Property described above in trust for plaintiff;

51. For an order declaring plaintiff the owner of the real Property, subject to any existing encumbrances thereon;

52. For an order compelling defendant to convey the real Property to plaintiff;

53. For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct;

54. For costs of suit herein incurred; and

55. For such other and further relief as the court deems proper.

Date:

Caelo T. Marroquin
Attorney for Plaintiff Cheuk Tin Yan

YAN vs. LEI et al. / COMPLAINT
- 8

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 73 of 111

RJN071

**VERIFICATION**

I, Cheuk TinYan, declare:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July _2 /_____ , 2008

By: _____

CHEUK TIN YAN

Case: 10-03149     Doc# 29-3     Filed: 03/08/11     Entered: 03/08/11 18:39:47     Page 74 of 111

RJN072

# EXHIBIT 8

RJN073



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Jan-30-2009 10:14 am

Case Number: CGC-08-478364

Filing Date: Jan-30-2009 10:14

Juke Box: 001    Image: 02387578

COMPLAINT

CHEUK TIN YAN VS. LI MING LEI et al

001C02387578

**Instructions:**
Please place this sheet on top of the document to be scanned.

Cheuk Tin Yan
1433 7th Ave.
San Francisco, CA 94122
Tel: (415) 867-5797

Plaintiff in Pro Per

**FILED**

Superior Court of California
County of San Francisco

**JAN 3 0 2009**

GORDON PARK-LI, Clerk
BY: _Conely Debatur_
    Deputy Clerk

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN FRANCISCO
### UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| CHEUK TIN YAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LI MING LEI aka CRYSTAL LEI, an individual, DONG XING FU aka TONY FU, an individual, and DOEs 1 to 10 inclusive<br><br>Defendants | **Case No.: CGC 08-478364**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1) **FRAUD**<br>2) **QUIET TITLE**<br>3) **CONVERSION**<br>4) **UNJUST ENRICHMENT**<br>5) **BREACH OF FIDUCIARY DUTY**<br><br>**DEMAND FOR JURY TRIAL** |

### ALLEGATIONS

1. Plaintiff is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

2. Plaintiff is informed and believes that Defendants LI MING LEI (hereinafter "Lei") and DONG XING FU (hereinafter "Fu") are over 18 years old, and at all times relevant times were residents of the City and County of San Francisco, California.

3. Defendants Doe I through Doe 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint.

4. Plaintiff is informed, and believes and alleges that at all relevant times, Defendants were agents, servants, and employees of the codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of the codefendants.

1ST AMENDED COMPLAINT                                    1

5. Defendants conspired with one another to defraud, defame, and injure Plaintiff, thereby breaching their respective and collective duty to Plaintiff, so that the activities of one are attributable to all.

6. Venue is proper in this court because the events that gave rise to this action and the transactions at issue occurred within the City and County of San Francisco, California.

7. Plaintiff has known Defendant Fu since the 1990's. Defendant Fu offered to assist Plaintiff Yan in the location of properties for purchase, renovation and resale.

8. Plaintiff believes and alleges that Fu was a licensed general building contractor from 1993 until 2001, when Fu's license was suspended.

9. Plaintiff believes and alleges that Defendants Fu and Lei worked together as a husband and wife team. Plaintiff believes and alleges that Defendant Lei assisted Defendant Fu with the administration and management of Fu's general contracting business.

10. Plaintiff believes and alleges that Defendants Fu and Lei obtained a divorce from one another in 2000. Plaintiff further believes and alleges that the divorce was a ploy used to shield both Defendants' joint assets from Fu's many creditors.

11. Plaintiff believes and herein alleges that at the time of their divorce Defendants jointly owned several real properties in San Francisco. Just prior to filing their divorce, Fu quitclaimed or transferred title in said properties to Lei.

12. On October 18, 2000, Plaintiff's Son, Dennis Yan, entered into a contract with Fu whereby Fu agreed to develop a real property known as 663 Chenery Street in San Francisco (hereinafter "Chenery") into an apartment. A true and correct copy of the contract is attached as Exhibit A. Plaintiff, Cheuk T. Yan, funded this business venture between his son and the defendants, and Defendants had actual knowledge of this fact.

13. Around August 2001, Plaintiff and Li Ming Lei (hereinafter "Lei") entered into a Principal Agency relationship. Defendant Lei searched for real estate properties with development potential. Defendant Lei would make Plaintiff aware of such properties and suggest that Plaintiff

Case: 10-03149   Doc# 29-3   Filed: 03/08/11   Entered: 03/08/11 18:39:47   Page 78 of 111

RJN076

1  Yan purchase them and in exchange, Plaintiff Yan would contract with Defendant Fu for the
2  construction work on said properties.

## FIRST CAUSE OF ACTION
### (Against Li Ming Lei & Dong Xing Fu)
### FRAUD AND DECEIT

14. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

15. From June 2001 to February 2002, Fu requested that Yan deposit money into a Bank of America checking account (hereinafter the "Checking Account") for renovation of the Chenery property. Fu induced Yan to deposit a total of $236,000 into the checking account for the express purpose of holding construction funds for Chenery. Defendant additionally induced Yan to execute a check in the amount of $1000 also for renovation and repair of Chenery. Plaintiff executed and drafted the checks for deposit into this business account.

16. Defendant promised that the funds would be used for renovation and repair of Chenery. Plaintiff relied on that promise.

17. Defendant's promise was fraudulent because the Defendant had no intention of actually repairing and renovating Chenery.

18. Plaintiff alleges that Defendant Fu intended to withdraw the funds in the Checking Account, and further intended to cash the check for $1,000 for his own personal use.

19. Plaintiff, based upon Defendant's representation made deposits in the amount of $236,000 into the Checking Account. In addition Plaintiff executed a check for $1000 to Fu.

20. Defendant Fu in fact only used $64,000 of the total money deposited, for repair and renovation of Chenery.

21. As a result of Plaintiff's reliance upon Defendant's fraudulent promises, Plaintiff has been damaged in the amount of $173,000.

1ST AMENDED COMPLAINT                    3

RJN077

22. Defendant's actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

23. The fraud and deceit of the defendant as herein alleged was not discovered by the plaintiff until on or about December 2006, a date within three years before the commencement of this action and before the expiration of the statute of limitations for such action pursuant to Code Civ. Proc § 337.

## SECOND CAUSE OF ACTION
### (Against Li Ming Lei)
### QUIET TITLE

24. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

25. An action to Quiet Title is an action to establish one's title against adverse claims to real or personal property or any interest therein. Cal. Civ. Proc. Code §760.020(a).

26. On or about January 15, 2002 Defendant Lei purchased property located at 337 28th Avenue in the City of San Francisco, Assessor's Parcel Number 1405-053. (hereinafter the "Property").

27. Lei obtained the funds to purchase the Property from Defendant Fu.

28. Defendant Fu obtained the funds from the "Chenery" Checking Account. The funds in that account were paid for by Plaintiff on the behalf of his son, Demas Yan, for the purpose of renovating and repairing the Chenery Property.

29. Accordingly, Plaintiff is the owner in fact or joint-owner of the Property because either all of the purchase money or a substantial portion of the purchase money came from Plaintiff.

RJN07

1  30. Plaintiff is informed and believes and on such information and belief alleges that Defendant
2  Lei fraudulently holds legal title to the Property and claims an interest adverse to plaintiff in the
3  Property.

4  31. Plaintiff is seeking to quiet title against the claims of defendants because Lei purchased the
5  Property using either all or a substantial portion of Plaintiff's money as a down payment on the
6  Property.

## THIRD CAUSE OF ACTION
### (Against Li Ming Lei & Dong Xing Fu)
### CONVERSION

12  32. Plaintiff incorporates by reference each and every paragraph above as though set forth in full
13  herein.

14  33. Conversion is any act of dominion wrongfully exerted over another's personal property.
15  There must exist and actual interference with one's ownership or right to possession. Fischer v.
16  Machado, 50 Cal.App.4th 1069 (1996).

17  34. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession
18  of the property; (2) the defendant's conversion by a wrongful act or disposition of the property
19  rights; and (3) damages resulting from the conversion. Conversion is a strict liability tort.
20  Burlesci v. Petersen, 68 Cal.App.4th 1062 (1998).

21  35. From June 2001 to February 2002, Fu induced DennisYan and subsequently Cheuk T. Yan,
22  to deposit a total of $236,000 into the Checking Account.

23  36. Plaintiff is, and at all times relevant herein was, the owner of, or entitled to immediately
24  possess the following items of property:

25     1. Cash in the amount of $236,000; and

26     2. Check in the amount of $1,000.

1ST AMENDED COMPLAINT                    5

37. Defendants wrongfully interfered with Plaintiff's interests in the above described property by undertaking the following acts:

    1. Fu refused to return the balance of the unused money;

    2. On or about October 14, 2002, Fu purchased a Toyota Truck from money withdrawn from the Chenery checking account holding Plaintiff's money.

    3. In or around January 2002, Defendant Lei purchased 337 28th Avenue in San Francisco California using money provided to her by Defendant Fu, who in turn withdrew the purchase money for said property from the Chenery Checking Account.

38. While Defendant Fu originally came into possession of the converted property legally, he then improperly retained it despite the demand by Plaintiff's son for return of the property.

39. Defendant retained the $173,000 for his own personal use.

40. As a result of Defendant's acts of conversion, Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory damages. Alternatively, Plaintiff is entitled to damages and repossession of the converted property and will seek its election of remedies at trial.

## FOURTH CAUSE OF ACTION
### (Against Li Ming Lei & Dong Xing Fu)
### UNJUST ENRICHMENT

41. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

42. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. California Federal Bank v. Matreyek, 8 Cal. App. 4th 125 (1992)

43. The elements of unjust enrichment include; receipt of a benefit and unjust retention of the benefit at the expense of another. Lectrodryer v. SeoulBank, 77 Cal.App.4th 723 (2000).

1ST AMENDED COMPLAINT      6

RJN080

44. In committing the acts herein alleged, the Defendants have acted with oppression, fraud, malice, and have been unjustly enriched by their behavior. Plaintiff funded a bank account with $236,000 to be used for the renovation of a property in San Francisco. Defendant Fu obtained that money and put it to his personal use and advantage at the expense of Plaintiff Cheuk T. Yan and Dennis Yan.

45. Plaintiff is further entitled to the imposition of a constructive trust on any and all property which can be traced to the funds in the Chenery Property Bank Account.

46. Finally, Co-defendants conspired with one another to convert the above-listed property, so that the activities of one are attributable to all.

47. Accordingly, Defendants should be found to have been unjustly enriched by their actions and forced to disgorge the fruits of their wrong.

## FIFTH CAUSE OF ACTION
### (Against Li Ming Lei, Dong Xing Fu, and Does 1-10)
### BREACH OF FIDUCIARY DUTY

48. Plaintiff incorporates by reference each and every paragraph above as though set forth in full herein.

49. Defendants owe plaintiff duties of fair dealing, loyalty, and fiduciary duty because of their business and confidential relationships.

50. Defendants knowingly and willfully conspired and agreed among themselves to committed a multitude of wrongs against plaintiff, in breach of their respective and collective fiduciary duty to plaintiff, including defrauding plaintiff in the projects that they jointly developed.

51. Defendants did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement. Defendants furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted the acts of defendant Fu.

RJN081

1   52. As a proximate result of the wrongful acts herein alleged, plaintiff has been generally
2   damaged.

3   53. As a direct result of defendants' fraudulent and malicious actions, defendants unjustly
4   profited at plaintiff's expense. Defendants' breach of fiduciary duties are direct and proximate
5   causes of damages to plaintiff, including direct, consequential, and incidental pecuniary
6   damages, loss of earnings, loss of prospective economic advantages, and emotional distress and
7   suffering.

8   54. Defendants' actions as alleged above were and are oppressive, fraudulent, and malicious
9   within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in
10  conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive
11  damages.

12

13

14  WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

15

16  55. For general damages in the amount of $5,000,000;

17  56. For special damages including consequential and incidental damages, loss of prospective
18  economic advantages, loss of earnings, loss of reputation, loss of personal credit ratings, and
19  emotional distress and suffering, according to proof.

20  57. For a judgment that plaintiff is the owner or joint-owner in fee-simple of 337 28th Avenue
21  in San Francisco California and that defendants have no interest in the property adverse to the
22  plaintiff.

23  58. For the funds converted in the amount of $173,000;

24  59. For interest at the legal rate pursuant to §3336 of the Civil Code, from the dates of
25  conversion;

26  60. For an order declaring that defendants hold the Toyota truck described above in trust for
27  plaintiff;

28

1ST AMENDED COMPLAINT                    8

RJN082

1  61. For an order declaring plaintiff the owner of the Toyota truck, subject to any existing
2  encumbrances thereon;

3  62. For an order compelling defendant to convey the Toyota Truck to plaintiff;

4  63. For an order declaring that defendants hold the real Property described above in trust for
5  plaintiff;

6  64. For an order declaring plaintiff the owner of the real Property, subject to any existing
7  encumbrances thereon;

8  65. For an order compelling defendant to convey the real Property to plaintiff;

9  66. For punitive damages in an amount appropriate to punish the defendants and deter others
10  from engaging in similar misconduct;

11  67. For costs of suit herein incurred; and

12  68. For such other and further relief as the court deems proper.

13

14  I declare under penalty of perjury under the laws of the State of California that the foregoing is
15  true and correct.

16

17  Dated: January 30, 2009

18

19  By:   original signed

20  Cheuk Tin Yan

21  Plaintiff in Pro Per

22

23

24

25

26

27

28

RJN08

# EXHIBIT 9

RJN084



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Sep-18-2009 3:25 pm

Case Number: CGC-08-478364

Filing Date: Sep-18-2009 3:25

Juke Box: 001    Image: 02620278

COMPLAINT

CHEUK TIN YAN VS. LI MING LEI et al

Cheuk Tin Yan
1433 7th Ave.
San Francisco, CA 94122
Tel: (415) 867-5797

Plaintiff in Pro Per



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

| CHEUK TIN YAN, an individual, | Case No: CGC 08-478364 |
|---|---|
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| vs. | 1) **FRAUD** |
| | 2) **QUIET TITLE** |
| LI MING LEI aka CRYSTAL LEI, an | 3) **CONVERSION** |
| individual, DONG XING FU aka TONY FU, | 4) **UNJUST ENRICHMENT** |
| an individual, and DOEs 1 to 10 inclusive | 5) **BREACH OF FIDUCIARY DUTY** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## ALLEGATIONS

1. Plaintiff ("PLAINTIFF or YAN") is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

2. Plaintiff is informed and believes that Defendants LI MING LEI (hereinafter "LEI") and

times were residents of the City and County of San Francisco, California.

RJN086

4. Plaintiff is informed, and believes and alleges that at all relevant times, defendants were agents, servants, and employees of the codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of the codefendants

5. Defendants conspired with one another to defraud, defame, and injure Plaintiff, thereby breaching their respective and collective duty to Plaintiff, so that the activities of one are attributable to all.

6. Venue is proper in this court because the events that gave rise to this action and the transactions at issue occurred within the City and County of San Francisco, California

7. Plaintiff has known Defendant FU since the 1990's.

8. Plaintiff believes and alleges that FU was a licensed general building contractor from 1993 until 2001, when FU's license was suspended.

9. Plaintiff believes and alleges that Defendants FU and LEI worked together as a husband and wife team. Plaintiff believes and alleges that Defendant LEI assisted Defendant FU with the administration and management of FU's general contracting business.

10. Plaintiff believes and alleges that Defendants FU and LEI obtained a divorce from one another in 2000. Plaintiff further believes and alleges that the divorce was a ploy used to shield both Defendants' joint assets from FU's many creditors.

11. Plaintiff believes and herein alleges that at the time of their divorce Defendants jointly owned several real properties in San Francisco. Just prior to filing their divorce, FU quitclaimed or transferred title in said properties to LEI.

12. On October 18, 2000, Plaintiff's Son, Dennis Yan, entered into a contract with FU whereby FU agreed to develop a real property known as 665 Chenery Street in San

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 89 of 111

RJN087

14. Due to Plaintiff's financial contributions, plaintiff had equitable interest in CHENERY. Plaintiff was to recoup his contributions and share in the profits of the PROJECT.

## FIRST CAUSE OF ACTION
### FRAUD AND DECEIT

15. Plaintiff incorporates by reference each and every paragraph above.

16. From June 2001 to February 2002, FU requested that YAN deposit funds into a Bank of America checking account ("CHECKING ACCOUNT") held under the name of SFBP for the development of CHENERY.

17. FU induced YAN to deposit a total of $236,000 into the CHECKING ACCOUNT for the express purpose of funding the development of CHENERY.

18. FU additionally induced YAN to execute a check in the amount of $1000 for the express purpose of paying development expenses related to CHENERY.

19. Plaintiff provided the funds to FU by relying on FU's promise that the funds would be be used on CHENERY.

20. FU's promise was fraudulent because FU had no intention of actually using the funds on CHENERY. FU withdraw funds in the CHECKING ACCOUNT and cash the check for $1,000 for his own personal use.

21. Defendant FU in fact only used $64,000 of the total funds deposited in the CHECKING ACCOUNT on development of CHENERY. FU withdraw for his own personal use approximately $173,000.

22. Furthermore, Defendant FU advertised himself as a licensed contractor, and that he is qualified to perform the job of development of CHENERY.

RJN088

24. Furthermore, FU recorded a deed of trust on CHENERY to secure the payment of $450,000 to FU for his work as a contractor. FU later conspired with his sister Stella Chen to extort money and falsely claim that the deed of trust represents a cash loan.

25. Defendants' actions are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

26. The fraud and deceit of the defendant was not discovered by the plaintiff until on or about December 2006, a date within three years before the commencement of this action and before the expiration of the statute of limitations for such action pursuant to Code Civ. Proc § 337.

## SECOND CAUSE OF ACTION
## QUIET TITLE

27. Plaintiff incorporates by reference each and every paragraph above.

28. An action to Quiet Title is an action to establish one's title against adverse claims to real or personal property or any interest therein. Cal. Civ. Proc. Code §760.020(a).

29. On or about January 15, 2002 Defendant LEI purchased property located at 337 28th Avenue in the City of San Francisco. Assessor's Parcel Number 1405-053. ("Property").

30. LEI obtained the funds to purchase the Property from Defendant FU.

31. Defendant FU obtained the funds from SFBP's Bank of America Checking Account. The funds in that account were from Plaintiff.

32. Accordingly, Plaintiff is the money in-lier or joint owner of the Property because either all of the purchase money or a substantial portion of the purchase money for Property

RJN089

34. Plaintiff is seeking to quiet title against the claims of defendants because LEI purchased the Property using either all or a substantial portion of Plaintiff's money as a down payment on the Property.

## THIRD CAUSE OF ACTION
## CONVERSION

35. Plaintiff incorporates by reference each and every paragraph above.

36. Conversion is any act of dominion wrongfully exerted over another's personal property. There must exist and actual interference with one's ownership or right to possession. Fischer v. Machado, 50 Cal.App.4th 1069 (1996).

37. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of the property rights; and (3) damages resulting from the conversion. Conversion is a strict liability tort. Burlesci v. Petersen, 68 Cal.App.4th 1062 (1998).

38. From June 2001 to February 2002, FU induced YAN to deposit a total of $236,000 into SFBP's Bank of America CHECKING ACCOUNT.

39. Plaintiff is, and at all times relevant herein was, the owner of, or entitled to immediately possess the following items of property:

    a. Cash in the amount of $236,000; and

    b. Check in the amount of $1,000.

40. Defendants wrongfully interfered with Plaintiff's interests in the above described

    a. FU refused to return the balance of the unused money;

withdrew the purchase money for said property CHECKING ACCOUNT holding Plaintiff's money.

41. While Defendant FU originally came into possession of the converted property legally, he then improperly retained it despite the demand by YAN for return of the property.

42. Defendants converted approximately $173,000 from the CHECKING ACCOUNT for their personal use.

43. As a result of Defendant's acts of conversion, Plaintiff has been damaged in the sum to be proven at trial, including all compensatory damages. Alternatively, Plaintiff is entitled to damages and repossession of the converted property and will seek its election of remedies at trial.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

44. Plaintiff incorporates by reference each and every paragraph above.

45. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. California Federal Bank v. Matreyek, 8 Cal. App. 4th 125 (1992).

46. The elements of unjust enrichment include: receipt of a benefit and unjust retention of the benefit at the expense of another. Lectrodryer v. SeoulBank, 77 Cal.App.4th 723 (2000).

47. In committing the acts herein alleged, the Defendants have acted with oppression, fraud, malice, and have been unjustly enriched by their behavior. YAN funded a bank account with $236,000 to be used for the renovation of a property in San Francisco. Defendant FU obtained that money and put it to his personal use and advantage at the expense of plaintiff.

RJN091

over a $1,000,000 from the sale proceeds of CHENERY, all to the general detriment of plaintiff.

49. Accordingly, Defendants should be found to have been unjustly enriched by their actions and forced to disgorge the fruits of their wrongs.

50. Plaintiff is entitled to the imposition of a constructive trust on any and all property which can be traced to be acquired by the fruits of their wrongs.

## FIFTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

51. Plaintiff incorporates by reference each and every paragraph above.

52. Defendants owe plaintiff duties of fair dealing, loyalty, and fiduciary duty because of their business and confidential relationships.

53. Defendants knowingly and willfully conspired and agreed among themselves to commit a multitude of wrongs against plaintiff, in breach of their respective and collective fiduciary duty to plaintiff.

54. As a proximate result of the wrongful acts herein alleged, plaintiff has been generally damaged.

55. As a direct result of defendants' fraudulent and malicious actions, defendants unjustly profited at plaintiff's expense. Defendants' breach of fiduciary duties are direct and proximate causes of damages to plaintiff, including direct, consequential, and incidental pecuniary damages, loss of earnings, loss of prospective economic advantages, and emotional distress and suffering.

56. Defendants' actions as alleged above were and are oppressive, fraudulent, and malicious

RJN092

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages in the amount of $5,000,000;

2. For special damages including consequential and incidental damages, loss of prospective economic advantages, and emotional distress and suffering, according to proof.

3. For a judgment that plaintiff is the owner or joint-owner in fee-simple of 337 28th Avenue in San Francisco California and that defendants have no interest in the property adverse to the plaintiff.

4. For the funds converted in the amount of $173,000;

5. For interest at the legal rate pursuant to §3336 of the Civil Code, from the dates of conversion;

6. For an order declaring that defendants hold the real Property known as 337 28th Avenue in San Francisco California in trust for plaintiff;

7. For an order declaring plaintiff the owner of the real Property known as 337 28th Avenue in San Francisco California;

8. For an order compelling defendant to convey the real Property known as 337 28th Avenue in San Francisco California to plaintiff;

9. For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct;

10. For attorney's fees;

11. For costs of suit herein incurred; and

12. For such other and further relief as the court deems proper.

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 95 of 111

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

RJN093

# EXHIBIT 10

RJN094



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Mar-16-2010 5:02 pm

Case Number: CGC-08-478384

Filing Date: Mar-16-2010 5:02

Juke Box: 001    Image: 02792216

COMPLAINT

CHEUK TIN YAN VS. LI MING LEI et al

001C02792216

**Instructions:**
Please place this sheet on top of the document to be scanned.

DEMAS YAN (sbn 257854)
595 Market Street, Suite 1350
San Francisco, CA 94105
Tel: (415) 867-5797
Fax: (415) 901-0650

Attorney for Plaintiff



**FILED**
San Francisco County Superior Court

MAR 1 6 2010

**CLERK OF THE COURT**
BY: _____
　　　　　　　　DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN FRANCISCO

### UNLIMITED CIVIL JURISDICTION

CHEUK TIN YAN, an individual,

Plaintiff,

vs.

LI MING LEI aka CRYSTAL LEI, an individual, DONG XING FU aka TONY FU, an individual, and DOEs 1 to 10 inclusive

Defendants.

Case No: CGC 08-478364

**THIRD AMENDED COMPLAINT**

1) **FRAUD**
2) **QUIET TITLE**
3) **CONVERSION**
4) **UNJUST ENRICHMENT**
5) **BREACH OF FIDUCIARY DUTY**

**DEMAND FOR JURY TRIAL**

## ALLEGATIONS

1. Plaintiff ("PLAINTIFF or YAN") is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

2. Plaintiff is informed and believes that Defendants LI MING LEI (hereinafter "LEI") and DONG XING FU (hereinafter "FU") are over 18 years old, and at all times relevant times were residents of the City and County of San Francisco, California.

3. Defendants DOE 1 through DOE 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint.

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 98
of 111

RJN096

4. Plaintiff is informed, and believes and alleges that at all relevant times, defendants were agents, servants, and employees of the codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of the codefendants.

5. Defendants conspired with one another to defraud, defame, and injure Plaintiff, thereby breaching their respective and collective duty to Plaintiff, so that the activities of one are attributable to all.

6. Venue is proper in this court because the events that gave rise to this action and the transactions at issue occurred within the City and County of San Francisco, California.

7. Plaintiff has known Defendant FU since the 1990's.

8. Plaintiff believes and alleges that FU was a licensed general building contractor from 1993 until 2001, when FU's license was suspended.

9. Plaintiff believes and alleges that Defendants FU and LEI worked together as a husband and wife team. Plaintiff believes and alleges that Defendant LEI assisted Defendant FU with the administration and management of FU's general contracting business.

10. Plaintiff believes and alleges that Defendants FU and LEI obtained a divorce from one another in 2000. Plaintiff further believes and alleges that the divorce was a ploy used to shield both Defendants' joint assets from FU's many creditors.

11. Plaintiff believes and herein alleges that at the time of their divorce Defendants jointly owned several real properties in San Francisco. Just prior to filing their divorce, FU quitclaimed or transferred title in said properties to LEI.

12. On October 18, 2000, Plaintiff's Son, Dennis Yan, entered into a contract with FU whereby FU agreed to develop a real property known as 663 Chenery Street in San Francisco (hereinafter "CHENERY" or "PROJECT") into a 4-unit apartment building. Plaintiff funded this PROJECT, and Defendants had actual knowledge of this fact.

13. SAN FRANCISCO BUILDING PROFESSIONALS, INC. ("SFBP"), a California corporation, was set up to finance the development of CHENERY. Plaintiff contributed all of the funds into this corporation, and Defendants had actual knowledge of this fact.

third amended complaint – 2

RJN097

14. Due to Plaintiff's financial contributions, plaintiff had equitable interest in CHENERY. Plaintiff was to recoup his contributions and share in the profits of the PROJECT.

## FIRST CAUSE OF ACTION
## FRAUD AND DECEIT

15. Plaintiff incorporates by reference each and every paragraph above.

16. From June 2001 to February 2002, FU requested that YAN deposit funds into a Bank of America checking account ("CHECKING ACCOUNT") held under the name of SFBP for the development of CHENERY.

17. FU induced YAN to deposit a total of $236,000 into the CHECKING ACCOUNT for the express purpose of funding the development of CHENERY.

18. FU additionally induced YAN to execute a check in the amount of $1000 for the express purpose of paying development expenses related to CHENERY.

19. Plaintiff provided the funds to FU by relying on FU's promise that the funds would be be used on CHENERY.

20. FU's promise was fraudulent because FU had no intention of actually using the funds on CHENERY. FU withdraw funds in the CHECKING ACCOUNT and cash the check for $1,000 for his own personal use.

21. Defendant FU in fact only used $64,000 of the total funds deposited in the CHECKING ACCOUNT on development of CHENERY. FU withdraw for his own personal use approximately $173,000.

22. Furthermore, Defendant FU advertised himself as a licensed contractor, and that he is qualified to perform the job of development of CHENERY.

23. In fact, FU did not have the skills or the ability to be the contractor, and caused numerous delays and defective work. FU also was not licensed as a contractor throughout the development of CHENERY as was required by law and agreement.

third amended complaint · 3

RJN098

24. Furthermore, FU recorded a deed of trust on CHENERY to secure the payment of $450,000 to FU for his work as a contractor. FU later conspired with his sister Stella Chen to extort money and falsely claim that the deed of trust represents a cash loan.

25. Defendants' actions are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

26. The fraud and deceit of the defendant was not discovered by the plaintiff until on or about December 2006, a date within three years before the commencement of this action and before the expiration of the statute of limitations for such action pursuant to Code Civ. Proc § 337.

## SECOND CAUSE OF ACTION
## QUIET TITLE

27. Plaintiff incorporates by reference each and every paragraph above.

28. An action to Quiet Title is an action to establish one's title against adverse claims to real or personal property or any interest therein. Cal. Civ. Proc. Code §760.020(a).

29. On or about January 15, 2002 Defendant LEI purchased property located at 337 28th Avenue in the City of San Francisco, Assessor's Parcel Number 1405-053. ("Property").

30. LEI obtained the funds to purchase the Property from Defendant FU.

31. Defendant FU obtained the funds from SFBP's Bank of America Checking Account. The funds in that account were from Plaintiff.

32. Accordingly, Plaintiff is the owner in fact or joint-owner of the Property because either all of the purchase money or a substantial portion of the purchase money for Property came from Plaintiff.

33. Plaintiff is informed and believes and on such information and belief alleges that Defendant LEI fraudulently holds legal title to the Property and claims an interest adverse to plaintiff in the Property.

third amended complaint     4

RJN099

34. Plaintiff is seeking to quiet title against the claims of defendants because LEI purchased the Property using either all or a substantial portion of Plaintiff's money as a down payment on the Property.

# THIRD CAUSE OF ACTION
## CONVERSION

35. Plaintiff incorporates by reference each and every paragraph above.

36. Conversion is any act of dominion wrongfully exerted over another's personal property. There must exist and actual interference with one's ownership or right to possession. Fischer v. Machado, 50 Cal.App.4th 1069 (1996).

37. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of the property rights; and (3) damages resulting from the conversion. Conversion is a strict liability tort. Burlesci v. Petersen, 68 Cal.App.4th 1062 (1998).

38. From June 2001 to February 2002, FU induced YAN to deposit a total of $236,000 into SFBP's Bank of America CHECKING ACCOUNT.

39. Plaintiff is, and at all times relevant herein was, the owner of, or entitled to immediately possess the following items of property:

    a. Cash in the amount of $236,000; and

    b. Check in the amount of $1,000.

40. Defendants wrongfully interfered with Plaintiff's interests in the above described property by undertaking the following acts:

    a. FU refused to return the balance of the unused money;

    b. On or about October 14, 2002, FU purchased a Toyota Truck from money withdrawn from the CHECKING ACCOUNT holding Plaintiff's money.

    c. In or around January 2002, Defendant LEI purchased 337 28th Avenue in San Francisco California using money provided to her by Defendant FU, who in turn

withdrew the purchase money for said property CHECKING ACCOUNT holding Plaintiff's money.

41. While Defendant FU originally came into possession of the converted property legally, he then improperly retained it despite the demand by YAN for return of the property.

42. Defendants converted approximately $173,000 from the CHECKING ACCOUNT for their personal use.

43. As a result of Defendant's acts of conversion, Plaintiff has been damaged in the sum to be proven at trial, including all compensatory damages. Alternatively, Plaintiff is entitled to damages and repossession of the converted property and will seek its election of remedies at trial.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

44. Plaintiff incorporates by reference each and every paragraph above.

45. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. California Federal Bank v. Matreyek, 8 Cal. App. 4th 125 (1992).

46. The elements of unjust enrichment include; receipt of a benefit and unjust retention of the benefit at the expense of another. Lectrodryer v. SeoulBank, 77 Cal.App.4th 723 (2000).

47. In committing the acts herein alleged, the Defendants have acted with oppression, fraud, malice, and have been unjustly enriched by their behavior. YAN funded a bank account with $236,000 to be used for the renovation of a property in San Francisco. Defendant FU obtained that money and put it to his personal use and advantage at the expense of plaintiff.

48. Defendant FU performed work on CHENERY without the requisite license and skills, and in fact caused delays and defective work. By committing fraud and perjury, FU by conspiring with his sister Stella Chen and his henchman Wei Suen, was able to collect

RJN101

over a $1,000,000 from the sale proceeds of CHENERY, all to the general detriment of plaintiff.

49. Accordingly, Defendants should be found to have been unjustly enriched by their actions and forced to disgorge the fruits of their wrongs.

50. Plaintiff is entitled to the imposition of a constructive trust on any and all property which can be traced to be acquired by the fruits of their wrongs.

## FIFTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

51. Plaintiff incorporates by reference each and every paragraph above herein.

52. Approximately in the period from 2000 to 2005, Plaintiff and defendants were in a joint venture to develop the real property known as CHENERY. Fu was to be the construction contractor and share in the profits after sale. Plaintiff invested funds into the project and Fu has knowledge of it.

53. Defendants owe plaintiff duties of fair dealing, loyalty, and fiduciary duty because of their business and confidential relationships.

54. Defendants knowingly and willfully conspired and agreed among themselves to commit a multitude of wrongs against plaintiff, in breach of their respective and collective fiduciary duty to plaintiff, including misrepresentation and fraud; forging and altering documents; causing liens to be put on the property without consideration; embezzling funds, stealing building materials; performing substandard and illegal work; withholding and concealing business information including account information; bearing false witness and inducing others to bear false witness against plaintiff's interest.

55. As a proximate result of the wrongful acts herein alleged, plaintiff has been generally damaged.

56. As a direct result of defendants' fraudulent and malicious actions, defendants unjustly profited at plaintiff's expense. Defendants' breach of fiduciary duties are direct and

third amended complaint - 7

RJN102

proximate causes of damages to plaintiff, including direct, consequential, and incidental pecuniary damages, loss of earnings, loss of prospective economic advantages, and emotional distress and suffering.

57. Defendants' actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages in the amount of $5,000,000;

2. For special damages including consequential and incidental damages, loss of prospective economic advantages, and emotional distress and suffering, according to proof.

3. For a judgment that plaintiff is the owner or joint-owner in fee-simple of 337 28th Avenue in San Francisco California and that defendants have no interest in the property adverse to the plaintiff.

4. For the funds converted in the amount of $173,000;

5. For interest at the legal rate pursuant to §3336 of the Civil Code, from the dates of conversion;

6. For an order declaring that defendants hold the real Property known as 337 28th Avenue in San Francisco California in trust for plaintiff;

7. For an order declaring plaintiff the owner of the real Property known as 337 28th Avenue in San Francisco California;

8. For an order compelling defendant to convey the real Property known as 337 28th Avenue in San Francisco California to plaintiff;

9. For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct;

third amended complaint - 8

RJN103

1    10. For attorney's fees;

2    11. For costs of suit herein incurred; and

3    12. For such other and further relief as the court deems proper.

4

5

6    Dated: February 28, 2010

7

8    By: original signed
     DEMAS YAN
9    Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

third amended complaint · 9

RJN104

**PROOF OF SERVICE**

I declare that I am a resident of the State of California, over the age of 18 years, and not a party to this action. My address is 805 Kearny Street, San Francisco, CA 94108.

On this date, I served the following document(s) by USPS first class mail:

**THIRD AMENDED COMPLAINT**

on the following parties:

MOORE, ROBERT RORY
THREE EMBARCADERO CENTER
12TH FLOOR
SAN FRANCISCO, CA 94111

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 5, 2010

_original signed_ MM

MS Louie

third amended complaint - 10

# EXHIBIT 11

Case: 10-03149    Doc# 29-3    Filed: 03/08/11    Entered: 03/08/11 18:39:47    Page 108 of 111

RJN106



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Oct-06-2010 11:16 am

Case Number: CGC-08-478364

Filing Date: Oct-06-2010 11:15

Juke Box: 001    Image: 02994667

ORDER

CHEUK TIN YAN VS. LI MING LEI et al

001C02994667

**Instructions:**
Please place this sheet on top of the document to be scanned.



1 | ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
2 | MICHAEL J. BETZ (BAR NO. 196228)
Three Embarcadero Center, 12th Floor
3 | San Francisco, CA 94111-4074
Phone: (415) 837-1515
4 | Fax: (415) 837-1516
E-Mail: mbetz@allenmatkins.com
5
Attorneys for Defendants
6 | Defendants Tony Fu and Crystal Lei
7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN FRANCISCO

10

11 | CHEUK TIN YAN, an individual,

12 | Plaintiff,

13 | vs.

14 | CRYSTAL LEI, an individual; TONY FU,
an individual,

15

16 | Defendants.

17

Case No. CGC-08-478364

Date: June 2, 2010
Time: 9:30 a.m.
Dept: 302
Judge: Hon. Charlotte Woolard

[PROPOSED] ORDER CONCERNING
DEFENDANTS CRYSTAL LEI AND TONY FU'S
DEMURRER TO THE FIRST, SECOND, THIRD,
FOURTH, AND FIFTH CAUSES OF ACTION IN
PLAINTIFF'S THIRD AMENDED COMPLAINT
AND MOTION TO STRIKE PLAINTIFF'S
CLAIM FOR DAMAGES

Complaint Filed: August 7, 2008
Trial Date: None

18

19

20

21

22 | BY FAX

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

T75176-01/SF | Case No. CGC-08-478364
[PROPOSED] ORDER

1    On June 2, 2010, at 9:30 a.m. Defendant Crystal Lei's demurrer to the first, second,
2 third, fourth, and fifth causes of action in Plaintiff Cheuk Tin Yan ("Plaintiff") Third
3 Amended Complaint and motion to strike the claim for damages in Plaintiff's Third
4 Amended Complaint, and Defendant Tony Fu's joinder thereto, was heard in Department
5 302 of the San Francisco County Superior Court.

6        After full consideration of the moving papers and oral arguments of counsel,
7        IT IS HEREBY ORDERED THAT:
8            1. Defendants' demurrer is OVERRULED.
9            2. Defendants' motion to strike is GRANTED without leave to amend as to
10               claim for attorney fees only. Motion to strike DENIED as to remainder.

11        OCT 0 5 2010
12 Dated: June _____, 2010-                    _____
13                                                CHARLOTTE WOOLARD
                                                 JUDGE OF THE SUPERIOR COURT
14

15
16 Approved as to form:
                                                 Dated: _____6/23/10_____
17 By: _____
       Dennis Yan
       Attorney for Plaintiff
18
19
20
21      CGC-08-478364
22
23
24
25
26
27
28

776175                          [PROPOSED] ORDER