

**Signed and Filed: April 21, 2011**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                          )   Case No. 04-33526 TEC
                               )
DEMAS WAI YAN,                 )   Chapter 7
                               )
                               )
          Debtor.              )
_____)
CRYSTAL LEI,                   )
                               )   Adv. Proc. No. 10-3149 TC
          Plaintiff,           )
                               )
     vs.                       )
                               )
DEMAS YAN,                     )
                               )
          Defendant.           )
_____)
```

**MEMORANDUM RE DEFENDANT'S MOTION TO RECONSIDER THE COURT'S FEBRUARY 18, 2011 ORDER RE RULE 12(b)(6) MOTION TO DISMISS**

Demas Yan's motion to reconsider the court's February 18, 2011 order is denied, because Yan has not established that the order is based on mistake, that there is newly discovered evidence, or that there is any other basis for reconsideration of the order.  This memorandum shall constitute the court's findings of fact and conclusions of law.

**FACTS**

On February 18, 2011, the court signed an order in the above-captioned proceeding granting Defendant's motion to dismiss

-1-

Plaintiff's claims for damages and denying Defendant's motion to dismiss Plaintiff's claims for injunctive and declaratory relief (Order to Dismiss).  On February 18, 2011, the court signed in order in Debtor's bankruptcy case (case no. 04-33526) vacating a prior order that abandoned to Debtor prepetition claims owned by the estate (Order Vacating Abandonment).  Defendant did not appeal the Order to Dismiss or the Order Vacating Abandonment.

On March 8, 2011, Defendant filed and served a motion for reconsideration of the Order to Dismiss.  The motion for reconsideration does not cite to any legal authority.  Rather, it argues that Plaintiff's claim for injunctive relief is moot in light of the Order Vacating Abandonment, and that the claim for declaratory relief fails to state a claim upon which can be granted, because the court lacks subject matter jurisdiction over the state-court actions and personal jurisdiction over Debtor's father, Cheuk Tin Yan.

**DISCUSSION**

After an order is final, the order can be reconsidered only in the limited circumstances provided by Rule 60(b).[1]  <u>Espinosa v. U.S. Aid Funds, Inc.</u>, 553 F.3d 1193, 1199 (9th Cir. 2008), *aff'd* 130 S.Ct. 1367 (2010).  Rule 60(b) provides in relevant part as follows:

> On motion and just terms, the court may relieve a party . . . from a final . . . order . . . for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] Federal Rule of Bankruptcy Procedure 9024 incorporates by reference Federal Rule of Civil Procedure 60(b).  The court construes Defendant's motion as a motion for reconsideration under Rule 60(b), because the motion was filed more than 14 days after entry of the Order to Dismiss thus is not timely as a motion to alter or amend under Fed. R. Civ. Proc. 59 (incorporated by reference via Fed. R. Bankr. Proc. 9023).

-2-

```
        (2) newly discovered evidence that, with reasonable
   diligence, could not have been discovered in time to move
   for a new trial under Rule 59(b);
        (3) fraud (whether previously called intrinsic or
   extrinsic), misrepresentation, or misconduct by an
   opposing party;
        (4) the judgment is void;
        (5) the judgment has been satisfied, released, or
   discharged; it is based on an earlier judgment that has
   been reversed or vacated; or applying it prospectively is
   no longer equitable; or
        (6) any other reason that justifies relief.
```

Rule 60(b) does not permit review of issues that should have been raised on direct appeal from the order at issue. In re Nichols, 300 Fed. Appx. 513, 514 (9th Cir. 2008).

Defendant's motion for reconsideration must be denied, because Defendant has not established any cognizable basis for reconsideration of the Order to Dismiss.

For the reasons stated in the court's memorandum decision filed in this proceeding on February 18, 2011: (1) the court has subject matter jurisdiction over Lei's claims for injunctive and declaratory relief; and (2) Lei's claims for injunctive and declaratory relief state a claim upon which relief can be granted. The Order Vacating Abandonment does not render Lei's claim for injunctive relief moot, because there remains a justiciable controversy regarding whether the state-court actions specified in Lei's complaint are prepetition claims that belong to the estate. The court does not need personal jurisdiction over Debtor's father, Cheuk Yan, to determine whether causes of action are prepetition claims that belong to the bankruptcy estate.

**\*\*END OF MEMORANDUM\*\***

-3-